**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00152-PAB-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY, and
4.    ROGER BORN AUSTIN

      Defendants.

---

**DEFENDANTS' JOINT UNOPPOSED MOTION FOR A DESIGNATION OF COMPLEXITY AND AN ENDS OF JUSTICE EXCLUSION OF 180 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) and (B)(i), (ii) and (iv)**

---

Defendants Jayson Penn, Mikell Fries, Scott Brady, and Roger Austin, by and through their respective counsel, respectfully move this Court for an Order: (1) designating the above-captioned case as "complex" pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii); (2) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (3) excluding 180 days from the speedy trial calculation pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(i) – (iv).  In support of said Motion, Defendants state as follows:

## LEGAL AND FACTUAL GROUNDS FOR MOTION

1.    Title 18 U.S.C. § 3161(h), provides in relevant part:

"The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:"

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on

1

the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

2.  The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"

3.  For a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. First, the Court must consider the following factors listed in § 3161(h)(7)(B)(i) - (iv):

(i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]; . . .

(iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4.     The Court must then set forth, on the record, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

5.     Defense counsel respectfully suggest to the Court that the above-referenced case is complex, under Title 18, United States Code, Section 3161(h)(7)(B)(ii) and (iv), due to the amount of documentary material and other evidence subject to pretrial disclosure or discovery, as well as the fact that much of the evidence consists of voluminous records which Defendants and their counsel will need to analyze, perhaps with the assistance of experts. In addition, the subject matter and scope of this case, i.e. alleged price fixing in the commercial wholesale chicken business over the course of five years, is itself complex in that in order to defend against a charge of illegal restraint of trade in violation of Title 15, U.S.C., Section 1, defense counsel must analyze, *inter alia*, all aspects of the production, pricing and marketing of chicken to various large-scale commercial customers, and the relationships of those customers with various chicken producers, including those employing defendants, between 2012 and 2017.

6.     Under the circumstances, Defendants and their counsel believe that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by the defense, within the normal time limits established by Title 18, United States Code, Section 3161. Accordingly, Defendants request the Court to make an "ends of justice" finding contemplated by Section 3161(h)(7)(A), exclude 180 days from the speedy trial calculation, and reset the trial and related dates for dates mutually convenient to the Court and the parties. In further support of this Motion, Defendants state the following:

7.	Defendants are charged in a Grand Jury indictment dated June 2, 2020 with committing violations of Conspiracy to Restrain Trade, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

8.	On June 4, 2020, Defendants Jayson Penn, Scott Brady, and Roger Austin appeared for Initial Appearance, Arraignment, Discovery and Detention Hearings, at which time each of the Defendants entered a plea of not guilty to the indictment.  On June 8, 2020, Defendant Mikell Fries also entered a plea of not guilty.

9.	A 10-day jury trial is scheduled for August 10, 2020 at 8:00 a.m. before Chief Judge Brimmer.  The 10-day trial is the Government's estimate just for its case in chief, and does not account for the defense case portion of the trial.  A Final Trial Preparation Conference is scheduled for July 17, 2020 at 10:00 a.m.

10.	Undersigned counsel have not yet received discovery and the grand jury materials in this case.  In a conference call on June 10, 2020, among counsel for the government and defense counsel, government counsel stated that it will produce <u>12.5 million</u> documents to the defense, comprising 19 terabytes of data, that it intends to produce this discovery in multiple "tranches," and that the production will not be completed until early August, per the deadlines set forth in the various Discovery Conference Memorandum and Orders applicable to each Defendant.  Defendants will need to organize and analyze these millions of pages of documents, a challenge that is exacerbated due to the logistics staff limitations occasioned by the COVID-19 outbreak.

11.	In addition, given the nature of the allegations in this case, significant legal analysis, perhaps including the assistance of yet-to-be retained experts, may be necessary.  Moreover, necessary defense investigation, including witness interviews and in-person meetings between defense counsel and their respective clients, is, at least presently, extremely difficult, if not

4

impossible, due to health concerns about travel, and inconsistent and contradictory guidance from public health officials, including the Centers for Disease Control.  From the perspective of the defense, the current COVID-19 pandemic poses significant and unique challenges to representation, including the inability, for the foreseeable future, to meet with defendants in person, to conduct in-person interviews with potential witnesses, to engage in the active investigation of the case from any location other than counsel's homes and/or offices in a limited capacity, and to do other everyday tasks common to basic lawyering of criminal cases. Accordingly, actively investigating this case is, at present, greatly hampered by the pandemic.

12.     Indeed, the present COVID-19 pandemic presents Defendants and their counsel with unique and unprecedented challenges.  This Court has recognized the extraordinary nature of the pandemic, and its attendant exigent circumstances.  In a series of General Orders, this Court has recognized, *inter alia*, that the President of the United States has declared a state of emergency, that COVID-19 is highly contagious, and that public health concerns mitigate against gatherings of people.  See General Orders 2020-1, 2020-3, 2020-5, 2020-6, 2020-7, 2020-8 and 2020-9 applicable to the United States District Court for the District of Colorado.  In these Orders, the Court has addressed, *inter alia,* logistics, procedures, access to the courthouse, appointment of counsel in compassionate release matters, and delays to jury trials.

13.     Upon receipt of the voluminous discovery, counsel will require sufficient time to review the discovery materials, evaluate the Government's case against Defendants, formulate and execute defense investigation, discuss the case with their respective clients, draft any necessary pretrial motions, and prepare for a potential jury trial.

14.     Depending, of course, on the approach taken by the defense, it is reasonably foreseeable that defense counsel will need at least 180 days to review the discovery material and

5

prepare for pretrial motions or other pretrial matters, including substantive motions. Indeed, it is quite likely that even 180 days will be an insufficient time to review and analyze the voluminous discovery the government intends to produce. Under the circumstances, counsel believe it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by either the defense or the prosecution, within the normal time limits established by Title 18, United States Code, Section 3161.

15. Counsel also anticipate possibly engaging defense experts in this case, who will require adequate time to review and evaluate the discovery materials and consult with counsel regarding their opinions of the case.

16. Accordingly, counsel at this point respectfully request a 180-day continuance of the jury trial and Final Trial Preparation Conference in this case. Counsel further request that the deadlines for filing of pretrial motions, disclosure of experts, and other temporal requirements also be continued for the reasons stated.

17. Consistent with the guidance provided in United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the factors that support the requested continuance pursuant to Title 18 U.S.C. § 3161(h)(1) and (7)(A) are:

**a) Whether a failure to grant the continuance would result in a miscarriage of justice**, *See* 18 U.S.C. § 3161(h)(7)(B)(I). As noted above, counsel anticipate receiving 12.5 million documents of discovery from the Government in due course, comprising approximately 19 terabytes of information. Accordingly, the defense believe a miscarriage of justice would occur if the Defendants were forced to proceed to trial under the current time limitations without adequate time for counsel to properly review all of the discovery and consult with defense experts regarding their opinions.

6

**b) Whether a failure to grant the continuance would deny counsel for the Defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence**, *See* 18 U.S.C. § 3161(h)(1)(A).  Failure to grant a continuance in this case would unreasonably deny counsel for the Defendants the time necessary to review discovery, confer with defense expert witnesses, effectively advise their respective clients as to their options, undersigned counsel's best professional advice regarding the best course of action, and effectively prepare for trial.  As stated earlier, the potential need for defense experts to review the great volume of discovery materials and opine on the same has a direct bearing on the way in which undersigned counsel will advise their respective clients.

18. In further support of this motion, the defendants address the factors articulated in *United States v. West*, 828 F.2d 1468, 1449-70 (10th Cir. 1987).  First, the parties are exercising diligence in collecting, organizing, and producing the evidence in this case.  If this motion is granted, it is likely that the continuance will accomplish the purposes underlying the need for the continuance.  Namely, the defense will have an opportunity to diligently review the voluminous discovery, determine what, if any, defenses their clients may have, conduct any necessary investigation, and file any necessary discovery and/or suppression motions once they have reviewed the discovery.  Second, such a continuance will not inconvenience the parties or witnesses (especially in light of the pandemic), and allowing the defense sufficient time to review and digest the evidence would save judicial resources by allowing the parties the time necessary to prepare for an efficient trial of this matter.  Third, without the requested continuance, the defendants would be prejudiced because proceeding under the normal time limits would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

19.     Defendants and their counsel respectfully assert that the ends of justice will be served by the Court's finding and concluding that this case is complex within the meaning of Title 18, United States Code, Section 3161(h)(7)(B)(ii) and/or that the failure to grant such a continuance in this case, taken as a whole, would deny counsel for the defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to Section 3161(h)(7)(B)(iv).  Defendants believe that at least 180 days of excludable speedy trial time is required at this stage to permit the parties to become familiar with the underlying investigation.

20.     Defense counsel has conferred with the government, and it does not oppose an 180-day exclusion for the ends of justice.  Should this motion be granted, the government respectfully requests that a trial date be set for the end of the 180-day period.

WHEREFORE, Defendants Jayson Penn, Mikell Fries, Scott Brady, and Roger Austin, by and through their respective counsel, respectfully request that the Court issue an Order: (1) vacating the trial and related dates set forth in this Court's prior Order (Doc. 46); (2) designating the above-captioned case as "complex" pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii); (3) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (4) excluding 180 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i) - (iv).

Respectfully submitted this 12th day of June 2020,

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LLP
Attorney for Defendant Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Defendant Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8876
mtubach@omm.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN SANDERS LLP
Attorney for Defendant Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2020, I electronically filed the foregoing **DEFENDANTS' JOINT UNOPPOSED MOTION FOR A DESIGNATION OF COMPLEXITY AND AN ENDS OF JUSTICE EXCLUSION OF 180 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) and (B)(ii) and (iv)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.


*s/ Erin Holweger*
Erin Holweger