IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No.: 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMSE BRADY,**
4. **ROGER BORN AUSTIN,**

    Defendants.

## GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C § 3771(d)(2)

The United States of America, by and through its counsel, Heather Call and Michael Koenig, hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for an order authorizing reasonable alternative notification procedures for notifying thousands of potential victims in the above captioned case, on the grounds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a) of the Crime Victims' Rights Act ("The CVRA"). Specifically, the United States seeks an order authorizing notification by (1) publishing information about the case on the Department of Justice's publicly accessible website, and (2) providing written notice to counsel for plaintiffs in a parallel civil action that is pending in the Northern District of Illinois. *See In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (N.D. Ill.) ("*In re Broilers*").

The CVRA, codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. 18 U.S.C. § 3771.  Among the rights provided by the CVRA are a victim's right to "reasonable, accurate, and timely notice" of public court proceedings, and a right "to confer with the attorney for the Government in the case." *See id.* § 3771(a). The CVRA further provides that agencies of the United States "shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)." *Id.* § 3771(c)(1).  The CVRA defines a crime victim as a "person directly and proximately harmed as a result of the commission of a Federal offense . . . ."  *Id.* § 3771(e)(2)(A).  Importantly, the CVRA recognizes that for crimes involving numerous victims, the Court has discretion to adopt procedures that will not unduly interfere with the criminal proceedings.  Thus 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

*Id.* § 3771(d)(2). The CVRA places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id.*

In this case, the defendants are charged with participating in a multi-year "conspiracy to suppress and eliminate competition by rigging bids and fixing prices and other price-related terms for broiler chicken products sold in the United States." (Indictment ¶ 1, ECF No. 1).  The indictment specifies several nationwide restaurant franchises whose supply of chicken was corrupted by the defendants' scheme.  To date, the government's investigation has revealed thousands of potential victims who purchased broiler chicken products that were the subject of the conspiracy. Additionally, a consolidated civil class action pending before the court in the Northern

District of Illinois is seeking damages for a conspiracy to fix, raise, maintain, and stabilize the price of broiler chickens.  *In Re Broilers*, Case No. 1:16-cv-08637 (N.D. Ill.).  While the allegations of the class action do not mirror the allegations contained in the indictment in this case, there is a degree of overlap between the allegations that could be indicative of shared potential victims.

The United States submits that this case fits well within the "multiple crime victims" exception to the CVRA and believes it would be "impracticable" under Section 3771(d)(2) to provide personal notification by mail to the thousands of potential victims.  Specifically, the United States requests permission to use the following two-tracked notification procedure:

First, the United States will send written notice to liaison counsel for the direct, indirect, and end-user purchaser plaintiffs as well as the direct-action plaintiffs in the parallel civil action pending in the Northern District of Illinois.  The letter will provide information concerning victims' rights, the next scheduled hearing, and the Victim Witness Coordinator's contact information.

Second, for other potential crime victims that have yet to be identified, the United States will post a notice to both the Department of Justice's website for large cases and the public website of the Antitrust Division.  In addition to providing a summary of the case and charge, the information on the Department's large cases page will direct actual and potential victims to the Antitrust Division webpage described above, containing a summary of the charges, information concerning victims' rights and services, the next scheduled hearing, the Victim Witness Coordinator's contact

information, and case-related updates.

Notice by website postings and letters to plaintiffs' counsel in the parallel class action is a reasonable procedure that will give effect to the CVRA and will not unduly complicate or prolong the public court proceedings.

The rights enumerated in the Act may only be asserted by crime victims, their counsel, and government counsel. As a result, the defendants' positions on this motion are not required for the Court to make a determination of whether this procedure is reasonable. *See* 18 U.S.C. § 3771(d)(1).

WHEREFORE, based on the foregoing, the government requests that the Court grant this motion for alternative victim notification procedure.

Respectfully submitted this 6th day of July, 2020.

By:   */s/ Heather D. Call*
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Email: heather.call@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I electronically filed the **GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record in the above-captioned matter.

*s/ Heather D. Call*
Heather D. Call
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Heather.Call@usdoj.gov