IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    MIKELL REEVE FRIES,

    Defendant.

**RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANT MIKELL FRIES' MOTION TO MODIFY BOND CONDITIONS TO ALLOW FOR INTERNATIONAL TRAVEL**

    Defendant Mikell Fries, by and through counsel Richard K. Kornfeld and David M. Beller of Recht Kornfeld, P.C., provides the following response to clarify the record as it relates to the timing of Mr. Fries' request to travel internationally, and to highlight that the purpose of bail is to reasonably assure a defendant's continued appearance; it is not intended to punish those cloaked in constitutional protections such as the presumption of innocence. In support of said Response, counsel adds the following:

    The Government improperly characterizes Mr. Fries' request to travel as one that flies in the face of prior Court orders and the conditions of his pre-trial release. However, the issue was raised with Pretrial Services by Claxton's corporate counsel prior to undersigned counsel entering this case. In addition, Mr. Murphy, one of Claxton's corporate counsel, stated to the Court, during the initial appearance on June , 2020, that Mr. Fries "sometimes..does take an occasional trip out of the district or out of the country to go on hunts." See Transcript of June 4th telephonic hearing, at page 17, attached hereto as Exhibit A. Therefore, Mr. Fries' attempt to solidify his trip logistics,

1

knowing that his counsel planned to talk to the government about the trip (which counsel did) in advance of filing a motion seeking explicit permission to travel, while his counsel maintained custody of his passport, was not an example of Mr. Fries thumbing his nose at the Court, much less ignoring prior Court orders.  Additionally, at Mr. Fries' detention hearing on June 4, 2020, when the Court required the surrender of Mr. Fries passport. Mr. Murphy clarified with the Court "….to the extent he has any international travel, he would apply to the Court for that —" (Id. at Pg. 23, Lines 15-16), to which the Court replied, "That's right" (Id. at  Line 17). The Court will also recall that Mr. Penn's counsel, who addressed the Court prior to Mr. Murphy, also raised the possibility of his client traveling outside the district in the future.  Thus, the issue was at least flagged to the Court, by both Mr. Murphy and also counsel for at least one co-Defendant, as something to be addressed later if necessary.  The salient point is that it was clear, most importantly to Mr. Fries, that should he desire to travel in the future, he would have to raise that request with the Court well in advance of any travel, which is exactly what he did through the filing of a request to travel. When Mr. Fries filed his paperwork to obtain a visa ahead of time for this pre-planned trip, he did so knowing his lawyers were going to raise the issue again with Pretrial Services, with the Government, and, ultimately, with the Court. Mr. Fries was not disrespecting Court Orders;he was taking the necessary steps to ensure that he could travel in the event his request was granted by the Court.

The Government's allegation that Mr. Fries deliberately planned a trip during the time the trial was originally scheduled is false and not based on any evidence before the Court. The trip has its origin in 2018 when Mr. Fries initially started making payments with the safari company to secure his permits for 2020. Further, Mr. Fries was aware, based on his conversations with counsel that the August 2020 trial date was unlikely to occur for several reasons: 1) the Government did

2

not object to the Defense's Motion to Continue; 2) the Government was, and continues to be, in the process of producing more than 12.5 million documents, the production of which is not scheduled to conclude before August 4, 2020; and 3) the country is in the middle of the COVID-19 pandemic, which significantly affects court operations, jury summonses, trial dates, and the ability to prepare for trial. To state the obvious, if the jury trial remained set to commence on August 10, 2020, Mr. Fries would not be asking for permission to leave the country and instead would be preparing to travel to Denver for his trial. Any suggestion that Mr. Fries intended to travel during his trial is a red herring at best, and disingenuous at worse.

      The Government's dismissal of Mr Fries' familial, financial, and business ties to the United States is without support or substance. Those factors are directly relevant to consideration of Mr. Fries' Motion, yet the Government presents no evidence to suggest he has financial resources, or other resources, at his disposal abroad. Further, the Government's argument ignores the fact that Mr. Fries has a wife and children in the United State,s and provides no argument or support for the proposition that he would blithely abandon his family and business to avoid trial. There is nothing in the record, or in Mr. Fries' background, to suggest that he would flee the jurisdiction of the United States and, in the process, abandon his family and his business, to avoid trial. Instead, the Government spends the majority of its Opposition taking issue with Mr. Fries'characterization of the trip as "once-in-a-lifetime" and that the purpose of the trip is "in pursuit of big-game trophies".[1] The Government's apparent moral objection to Mr. Fries' tri, and/or to hunting, does not serve as a basis in law for this Court to deny his request. "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law…."

---

[1] For the purpose of clarity, at no point in his Motion did Mr. Fries assert that the upcoming trip to Africa would be his first safari. The Government's comparison of Mr. Fries 2015 trip to South Africa with his current request to travel to Tanzania is, frankly, not appropriate or relevant.

3

*Dawson v. Bd. Of County Comm'rs*, 732 Fed. Appx. 624, 630 (10th Cir. 2018) (quoting *Bell v. Wolfish*, 441 U.S. 520, 536 (1979)). In evaluating the constitutionality of conditions or restrictions of pretrial detention, "A court must decide where the disability [imposed by the government] is imposed for the purpose of punishment of whether it is but an incident of some other legitimate governmental purpose." *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).

The only argument made by the Government that comes close to articulating a legitimate governmental purpose for denying Mr. Fries' Motion is that the extradition process between the United States and Tanzania is expensive, and that Mr. Fries failed to offer waivers for the other countries he plans to pass through during his time abroad. To provide the Government and the Court with additional reassurance that Mr. Fries intends to return to the United States, he is willing to provide a Waiver of Extradition for Ethiopia (or any additional country the Government feels necessary) and to temporarily post a cash bond while he is abroad.

As this Court is aware, bond is not intended to punish a defendant awaiting trial. The Government scoffs at Mr. Fries forfeiting $37,000 and suggests that this is small price to pay in comparison to some of the hardships faced by people all over the United States due to the pandemic. The fact remains that such a sum is meaningful to Mr. Fries, as it would be to most people, and the losses faced by other Americans are simply not relevant to the Court's analysis. Mr. Fries should not be punished for having the means to pay for such a trip; nor should he be required to throw that money away just because the government is worried, without providing any evidence directly pertinent to Mr. Fries, that he is a flight risk.

WHEREFORE, Defendant Mikell Fries, by and through counsel, respectfully reiterates its request that the Court issue an Order modifying the conditions of his bond to allow for international travel.

Respectfully submitted this 21st day of July 2020,

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
rick@rklawpc.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2020, I electronically filed the foregoing **RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANT MIKELL FRIES' MOTION TO MODIFY BOND CONDITIONS TO ALLOW FOR INTERNATIONAL TRAVEL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Erin Holweger*
Erin Holweger

5