**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS'
MOTION FOR A STATUS CONFERENCE**

---

The government submits this response to Defendants' Motion for a Status Conference, ECF No. 235, pursuant to the Court's order of February 9, 2021, ECF No. 238, to state and explain the government's disagreement with the defendants' desire for a final discovery deadline, which would apply to discovery of newly received evidence, and to offer the government's perspective on the estimated length of trial.

*Final Discovery Deadline.* The Court should decline to set a final discovery deadline. The Court set two initial discovery deadlines in this case—August 11, 2020,[1] and December 1, 2020[2]—both of which the government met by producing in excess of 12.5 million documents the government had received and processed at the time the indictments were returned. The government also produced and will continue to produce dozens of interview reports that largely reveal the government's focus for trial. However, the government's investigation into the broiler chicken industry continues and several other individuals and corporations remain subjects of that investigation. As such, the government continues to receive documents in its ongoing investigation, and expects to receive additional documents and other evidence as it actively develops leads and pursues new avenues of inquiry as to uncharged subjects. As it is received and processed, such evidence is produced to the defendants as required by Rule 16(c) and this Court's orders: "If additional material subject to the disclosure obligations of Rule 16 come into the possession of the attorney for the government, the attorney for the government shall promptly disclose the material to the defendant."

The defendants incorrectly claim that they are prejudiced in their ability to prepare for pretrial motions. The defendants do not need additional discovery to make almost any Rule 12 motion. For example, a motion to dismiss under Rule 12(b)(3)(B)(v) is based on the legal sufficiency of the charging instrument, in this case the Superseding Indictment, and does not relate to discovery at all. The same is true of

---

[1] ECF No. 94, modifying ECF Nos. 28-30, 45.
[2] ECF No. 201, modifying ECF Nos. 138, 141, 144, 147, 150, 153.

Rules 12(b)(3)(A)(ii)-(iv) (preindictment delay, speedy trial, selective prosecution), 12(b)(3)(B)(i)-(iv) (duplicity, multiplicity, lack of specificity, improper joinder), and 12(b)(3)(D) (severance). If any defendants with standing wish to file a Rule 12(b)(3)(C) motion to suppress seized materials, they have the search warrants and supporting affidavits to challenge probable cause. The defendants also have sufficient evidence to challenge venue under Rule 12(b)(3)(A)(i) and, by virtue of the government's production of the grand jury transcripts and exhibits, to challenge grand jury proceedings under Rule 12(b)(3)(A)(v). For any other Rule 12 motions, such as a motion for additional discovery under Rule 12(b)(3)(E), that may ripen after the deadline, the government will not oppose on timeliness grounds. Thus, the government submits that as a practical matter—though recognizing the Court is the final arbiter of "good cause" under Rule 12(c)(3)—the defendants are not prejudiced in their ability to file pretrial motions by April 12 in the absence of a final discovery deadline.

Furthermore, a final discovery deadline would be inconsistent with the government's disclosure obligations and practices, including the government's ongoing disclosure obligations and practices under *Brady*/*Giglio* and Jencks. A final discovery deadline would also impinge upon the government's ongoing duty to detect and prosecute criminal conduct because, after any such deadline passes, the government could not receive new evidence without risking a violation of either the Court-ordered deadline (if the government produces newly received evidence), or Rule 16(c) and the Court's prior orders requiring continuing production (if the government does not produce newly received evidence). Given the importance of continuing the investigation—which

3

deals with anticompetitive conduct in the sale of a ubiquitous food staple—the Court should decline to impose a final discovery deadline.

*Trial Length.* The government estimates that trial, without accounting for any defense cases, will take approximately 15 days. The government's estimate for its case-in-chief, which includes cross examination, is approximately 70 hours—35 hours for direct examination of witnesses and 35 hours for cross-examination of those witnesses by defendants. Assuming a 7-hour trial day (8:30 a.m. to 5:00 p.m., with 1 hour for lunch and two 15-minute breaks), that is 10 days for the government witnesses' testimony. The government also estimates 5 additional days for openings, summations, and rebuttals, any additional cross examination of government witnesses by defense counsel the Court may permit, as well as unforeseen issues that inevitably arise.

The government offers its perspective on the defendants' estimate that trial will require 35 to 45 days. Their estimate assumes each defendant will require 2-3 days to present his defense. ECF No. 235 at 2. While 2-3 days for a defense case sounds reasonable in isolation, each defendant is charged with the same crime, in the same industry, and during the same time period,[3] meaning they may choose to avail themselves of opportunities to streamline their individual evidentiary presentations to avoid duplication. As is evident from their jointly filed motions, the defendants are already working collaboratively in defending themselves in this case, so it seems likely that they will be able to do the same at trial. The government also anticipates motions *in*

---

[3] The one exception is Mr. Little, who is also charged with false statement and obstruction.

*limine* and other motions before trial may pare the issues down further. Therefore, if the Court, which is entitled to ensure economic use of its own resources, were to allow, say, 5 days for streamlined evidentiary presentations and an additional day per defendant to present any further evidence, including his own testimony, that would add 15 days to the government's estimate. The overall estimate, then, would be 15 to 30 days, with the former assuming no defense cases and the latter assuming the defendants use all 15 days.

Respectfully submitted this 15th day of February, 2021.

By: <u>s/ Michael T. Koenig</u>
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th of February 2021, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR A STATUS CONFERENCE** with the Clerk of the Court using CM/ECF, which will send notification of such filing to counsel of record in the above-captioned matter.

        s/ Michael T. Koenig
        Michael T. Koenig
        Trial Attorney
        Antitrust Division
        U.S. Department of Justice
        Washington Criminal II Office
        450 Fifth Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 616-2165
        Email: michael.koenig@usdoj.gov

        Attorney for the United States