IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

      Defendants.

## DEFENDANTS' SECOND JOINT MOTION FOR ADDITIONAL DISCOVERY

Defendants Jayson Penn, Mikell Fries, Scott Brady, Roger Austin, Timothy Mulrenin, William Kantola, Jimmie Little, William Lovette, Gary Roberts and Rickie Blake, by and through their respective counsel, respectfully move for additional discovery, and in support of said Motion, state as follows:

### BACKGROUND

On January 5, 2021, defendants filed a first joint motion for additional discovery after the government produced heavily redacted "White Papers" it received from outside counsel for chicken producers George's, Koch, Pilgrim's Pride and Claxton, all of which either employed, or continue to employ, defendants in this criminal case. (Dkt No. 231). The defendants sought

1

judicial intervention only after the government refused both to produce non-redacted White Papers and explain its basis to withhold discovery that quite clearly constitutes *Brady*/*Giglio* material. That motion remains pending and has not been set for a hearing.

In the nearly six months since defendants filed their motion, the government has continued to produce voluminous business records, phone records and discovery now totaling over 14 million documents. On May 24, 2021, the government produced a January 14, 2021 PowerPoint presentation from Sanderson Farms titled, "Context Regarding Paragraphs 113-116 of the October 7, 2020 Superseding Indictment" (hereinafter referred to as the "Presentation").[1] As with the White Papers, the government redacted the vast majority of the fifty-two (52) slides in the Presentation. It is clear from the title of the Presentation and what little text remains unredacted that counsel for Sanderson Farms argued that the company and its employees, did not violate the law, i.e., did not commit criminal violations of the Sherman Antitrust Act. It has now been more than five months since Sanderson Farms made that presentation and the government has not indicted the company. A reasonable conclusion is that Sanderson Farms successfully pled its theory of innocence and escaped prosecution.

In producing the redacted Presentation, the government appears to have decided that it is, in fact, discoverable, whether because it constitutes *Brady*/*Giglio* materials, is responsive to Fed.R.Crim.P. 16, and/or is responsive to Section I(A)(7) of the Discovery Conference Memoranda and Orders governing this case. These materials also are subject to the Amended Protective Order (Dkt No. 100) entered by this Court on October 13, 2020.

It is unsettling and prejudicial that the government continues to produce significant amounts of redundant and seemingly irrelevant discovery without edits, yet heavily redacts the

---

[1] It took the government over four months to disclose the Presentation. Defendants once again object to the untimely and incomplete nature of the government's productions.

discovery that contains *Brady/Giglio* material. Defendants make this second request for additional discovery and ask that the Court order the government to turn over the non-redacted Presentation now. It is important that the government provide the non-redacted Presentation now so that defendants have sufficient time to review the Presentation and conduct any necessary investigation and trial preparation.

## RELEVANT LAW

In the interest of judicial economy, defendants respectfully incorporate by reference, pursuant to Local C.R. 12.1(b), the legal authorities outlined in Defendants Joint Motion for Additional Discovery filed on January 5, 2021. (Dkt No. 231)

## ARGUMENT

Despite the government's heavy redactions of the Presentation, it is clear from the title alone that company counsel for Sanderson Farms made arguments to the government about why the company and/or its employees did not join the alleged conspiracy outlined in the Superseding Indictment. That the government apparently has decided not to charge Sanderson Farms suggests that the government relied on the information contained in the Presentation when reaching its charging decision. Put differently, the Presentation is not just zealous advocacy by company counsel in the face of an impending threat of indictment, but rather material and potentially exculpatory evidence that the defendants need to review and investigate to properly prepare for a thirty-two (32) day trial that is only four months away.

The government's contention that the redacted information is immaterial to the defense fails for several reasons. First and as discussed, the government has not charged Sanderson Farms in the four months following the Presentation (though it did file charges against another

3

chicken supplier, Norman W. Fries, Inc., d/b/a Claxton Poultry Farms)[2], rendering its contents material and potentially exculpatory. Second, the government is attempting to cast itself in a role it is ill equipped to play: the arbiter of what facts are relevant to the defense of this case. But the government is unfamiliar with the intricacies of the defendants' legal theories and defenses, Finally, defense counsel are not engaged in a "fishing expedition" through which they are speculating about the importance of the Presentation. The contents of the presentation, including the facts, arguments and potential witnesses named by Sanderson Farms, were apparently so sufficiently persuasive that the government did not charge the company.

The governments' unchecked and continuous efforts to keep material information from the defendants, while dumping millions of irrelevant documents primarily from the civil case, requires this Court's intervention to ensure defendants have access to material and exculpatory information. Although the defendants do not believe an *in camera* review of the Presentation by this Court is necessary, they have no objection to such an *in camera* review before the Presentation is provided to defendants.

WHEREFORE, for the reasons set forth herein, defendants respectfully request that this Court order the production of the non-redacted Sanderson Farms presentation, or in the alternative, conduct an *in camera* review of the non-redacted Sanderson Farms presentation to determine whether they are material to any defense of this case and, as such, are discoverable by the defendants.

Respectfully submitted this 25th day of June 2021,

---

[2] The allegations addressed by Sanderson Farms in the Presentation were not included in the May 19, 2021 indictment of Claxton further suggesting that there was evidence in the Presentation that swayed the government's charging decision.

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LLP
Attorney for Defendant Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Defendant Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8876
mtubach@omm.com

*s/ Bryan B. Lavine*
Bryan B. Lavine
Troutman Pepper Hamilton Sanders LLP
Attorney for Defendant Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
Latham & Watkins LLP
Attorney for Defendant Timothy R. Mulrenin
555 11th Street, N.W., Suite 1000
Washington, DC 20004-1304
(202) 637-2200
Elizabeth.Prewitt@lw.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for Defendant William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
Byrne & Nixon LLP
Attorney for Defendant Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ John Anderson Fagg, Jr.*
John Anderson Fagg, Jr.
Moore & Van Allen PLLC
Attorney for Defendant William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
Gillen Withers & Lake, LLC
Attorney for Defendant Gary Brian Roberts
400 Galleria Parkway
Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Defendant Rickie Patterson Blake
Robbins Russell Englert Orseck Untereiner
& Sauber LLP
2000 K Street N.W.
4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of June, 2021, I electronically filed the foregoing **DEFENDANTS' SECOND JOINT MOTION FOR ADDITIONAL DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.


*s/ Erin Holweger*
Erin Holweger