IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Defendants' Motion Pursuant to Rule 17(c) for Court Order Authorizing Subpoenas Duces Tecum for Supply Management Services, Inc. and Restaurant Supply Chain Solutions, LLC to Produce Documentary Evidence in Advance of Trial [Docket No. 248].

Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" and states that the court "may direct the witness to produce the designated items in court before trial." Fed. R. Crim. P. 17(c)(1). Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by

providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).  The party requesting the subpoena must satisfy each of these requirements.  *United States v. Boender*, 2010 WL 1912425, at *2 (N.D. Ill. May 12, 2010); *cf. United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (failure to show one of *Nixon* requirements precludes reversal of order denying Rule 17(c) motion).

"*Nixon* mandates that the party requesting the information identify the item sought and what the item contains, among other things."  *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).  The defendant in *Morris* requested a Rule 17(c) subpoena for all documents collected by the FBI during the course of its investigation.  *Id*. at 988.  The Tenth Circuit noted that, "[n]ot only is Mr. Morris unable to specify what the items he requests contain, he is also unable to verify whether the requested material even exists."  *Id*. at 991.  In light of this lack of specificity, the court stated:

> Courts have held that requests for an entire file are evidence of an impermissible fishing expedition.  *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984); *United States v. Hughes*, 931 F.2d 63, 1991 WL 59383, at *1 (10th Cir. 1991).  It appears that defense counsel attempted to use the Rule 17(c) subpoena for impermissible discovery purposes. Mr. Morris' Rule 17(c) subpoena did not overcome the hurdle of specificity as required by *Nixon*.

*Id.*; *see also United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (Rule 17(c) allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence).

**Supply Management Services, Inc.** -- The Court finds that certain requests in defendants' motion related to Supply Management Services, Inc. do not comply with the requirements of Federal Rule of Criminal Procedure 17(c).  Requests 1, 3, and 5-10 are broadly worded requests that do not seek specific documents, but rather seek types of documents.  As the court noted in *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991), "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." The level of generality in these requests indicates that they are intended for an improper fishing expedition.  *See United States v. Castro-Motta*, 11-cr-00033-REB, 2012 WL 3400828, at *3 (D. Colo. Aug. 15, 2012) ("Far from requesting specifically identified documents, the subpoenas here rely on the broadest and most general of terms, e.g ., "any," "all," and "other documents.").  Thus, these requests fail the specificity requirement of *Nixon* and will be denied.  Requests 2 and 4, however, are sufficiently specific and otherwise satisfy the *Nixon* requirements.

**Restaurant Supply Chain Solutions** -- With the exception of Request 6, these requests are fishing expeditions and will be denied.   The requests do not describe what the documents contain, *see Morris*, 287 F.3d at 991, but rather seeking general categories or types of documents that the attorneys can presumably review to hunt for relevant information.  Moreover, the large date ranges reflect an improper discovery

3

purpose. However, the Court has determined that Request 6 meets the *Nixon* standard.

Wherefore, it is

ORDERED that Defendants' Motion Pursuant to Rule 17(c) for Court Order Authorizing Subpoenas Duces Tecum for Supply Management Services, Inc. and Restaurant Supply Chain Solutions, LLC to Produce Documentary Evidence in Advance of Trial [Docket No. 248] is granted in part and denied in part. It is further

ORDERED that Requests 2 and 4 as to Supply Management Services, Inc. are allowed. Requests 1, 3, and 5-10 are denied. It is further

ORDERED that Request 6 as to Restaurant Supply Chain Solutions, LLC is allowed. Requests 1-5 and 7 are denied. It is further

ORDERED that the Clerk's Office shall issue to defendants the signed and sealed subpoenas attached to Docket No. 248, under Fed. R. Crim. P. 17. The documents sought by the subpoenas shall be produced before Nick Richards in the United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, on or before August 19, 2021.

DATED July 29, 2021.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge