# Exhibit A



U.S. Department of Justice

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

July 17, 2021

VIA EMAIL

Daniel J. Fetterman
Kenneth David
Gavin D. Schryver
1633 Broadway
New York, NY 10019
DFetterman@kasowitz.com
KDavid@kasowitz.com
GShryver@kasowitz.com

Re:   *United States v. Pilgrim's Pride Corporation*, 20-cr-00330 (D. Colo.)

Dear Counsel:

We write to address the operative language in paragraph 22 of the Plea Agreement between Pilgrim's Pride Corporation (Pilgrim's Pride) and the Antitrust Division, which concerns "Public Statements by the Defendant." That paragraph reads:

### PUBLIC STATEMENTS BY THE DEFENDANT

22. The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts contained in the Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution as set forth in Paragraphs 20 – 21 of this Plea Agreement. The decision whether any public statement by any such person contradicting the facts contained in the Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts the facts contained in the Factual Basis section of this Plea Agreement, the United States shall so notify the defendant, and the defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s) within five (5) business days after notification. The defendant will be permitted to raise defenses and to assert

affirmative claims in other proceedings relating to the matters set forth in the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, the facts contained in the Factual Basis section of this Plea Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant. This paragraph does not affect the obligation of any person, who is providing cooperation pursuant to Paragraph 14 of this Plea Agreement, to respond fully and truthfully to all inquiries of the United States without falsely implicating any person or intentionally withholding information and to testify fully and truthfully as required by Paragraph 14 of this Plea Agreement.

*United States v. Pilgrim's Pride*, 21-cr-330, ECF No. 58 (D. Colo. Feb. 23, 2021).

As we have discussed, this paragraph is intended to address only public statements by individuals when they are speaking on behalf of or representing the company. This provision does not apply to statements by individuals in their personal capacity, regardless of content, whether those statements are made in public (e.g., to a court), or in private (e.g., to a lawyer—whether their own or that hired by another). In our view, employees are free to speak to whomever they choose, provided that those communications are consistent with court orders.

Needless to say, nothing in paragraph 22 or any other provision of the Plea Agreement is intended, or should be construed, to encourage anything but truthfulness. Indeed, paragraph 14(b) requires Pilgrim's Pride to use its best efforts to secure the truthful cooperation of its current and former employees in any litigation arising from the government's investigation.

This letter also memorializes our conversation of yesterday in which we advised you of the government's understanding of the provisions of the Plea Agreement discussed in this letter. You confirmed that the government's interpretation of these provisions are consistent with Pilgrim Pride's understanding of the same, and that Pilgrim's Pride agrees to abide by the government's interpretation.

Sincerely,

Carolyn M. Sweeney
Trial Attorney