IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 20-CR-152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS,
10.    RICKIE PATTERSON BLAKE,

    Defendants.

## NON-PARTY PILGRIM'S PRIDE CORPORATION'S
## (1) OPPOSITION TO DEFENDANTS' MOTION TO RESTRICT AND
## (2) MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF ITS
## MOTION TO QUASH AND/OR MODIFY SUBPOENA

Non-Party Pilgrim's Pride Corporation ("PPC") respectfully submits this (1) opposition to Defendants' Motion to Restrict Access to Joint Response to Pilgrim's Pride Corporation's Motion to Quash and/or Modify Subpoena (ECF No. 372-73, the "Motion to Restrict"), and (2) motion for leave to file a reply in further support of PPC's Motion to Quash and/or Modify Subpoena (ECF No. 357, the "Motion to Quash"), in which PPC requested an order quashing and/or modifying the Rule 17(c) subpoena that Defendants served on PPC in this action.

On August 23, 2021, Defendants filed (i) their opposition to the Motion to Quash (ECF No. 374, the "Joint Response"), and (ii) a motion to restrict access to the Joint Response (the Motion to Restrict). In the Motion to Restrict, Defendants sought to restrict the entirety of their Joint Response from the public and PPC, such that PPC would not be permitted to review and respond to their arguments. However, Defendants failed to correctly file the Joint Response under seal and, as a result, it was available on the public docket overnight. Accordingly, PPC submits that Defendants have waived any confidentiality interests applicable to the Joint Response by filing it publicly.

PPC further respectfully submits that it is unfair for Defendants to submit a response to a motion to quash and/or modify a subpoena directed to PPC that does not permit PPC to review and respond to any misleading, inaccurate and/or incomplete arguments, or any new material or positions raised for the first time, that may be contained therein. As detailed in the affirmation of Kimberly Pryor, PPC's General Counsel, PPC could be severely prejudiced by being forced to expend many millions of dollars and many months trying to comply with Defendants' subpoena. Consequently, PPC will be deprived of its due process and other rights if it is not permitted to see and respond to the Joint Response.

PPC is only seeking the opportunity for it to receive a copy of the Joint Response for purposes of preparing and filing a reply; it is not advocating for public access to the Joint Response. If there are selected portions of the response that contain highly sensitive strategic information or defenses, such information can undoubtedly be redacted. However, those portions of the Joint Response that respond to PPC's arguments, make factual assertions about the breadth, scope or burden of what Defendants are requesting (or what they already have received), or attempt to

2

further modify the Rule 17(c) subpoena, must be fair game so that PPC can alert the Court if – as their original motion did – Defendants' Joint Response contains inaccurate, incomplete and/or misleading arguments or factual assertions.  Any other approach deprives PPC of due process.

PPC therefore objects to Defendants' motion to restrict and requests that the Court allow it to immediately review and respond to the unredacted Joint Response.  In the alternative, the Court could require Defendants to immediately serve a redacted version that redacts only a sufficient portion of the Joint Response to protect Defendants' strategy and defenses, while permitting PPC to review and respond to all of Defendants' responsive arguments, legal authority and factual assertions about the breadth, scope or burden of what Defendants are requesting (or what they already have received) as well as any attempts by Defendants to further narrow their improper Rule 17(c) subpoena.

PPC also respectfully submits that good cause exists to allow it to file a reply in further support of its Motion to Quash, particularly given the real potential for extreme burden and cost and interference with fundamental rights such as its attorney-client privilege and work product protections.  PPC is prepared to file any such reply by no later than August 30, 2021.

Dated: New York, New York
August 24, 2021

Respectfully submitted,

*/s/ Daniel J. Fetterman*

Marc E. Kasowitz
Daniel J. Fetterman
Kenneth R. David
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
E-mail:  DFetterman@kasowitz.com

*Attorney for Non-Party Pilgrim's Pride Corporation*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of August, 2021, I electronically filed the foregoing **NON-PARTY PILGRIM'S PRIDE CORPORATION'S (1) OPPOSITION TO DEFENDANTS' MOTION TO RESTRICT AND (2) MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH AND/OR MODIFY SUBPOENA** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

                                            */s/ Daniel J. Fetterman*
                                                  Name