IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

This matter comes before the Court on the Defendants' Joint Motion for the Setting of Discovery Deadlines [Docket No. 274], Defendants' Joint Supplemental Motion for the Setting of Discovery Deadlines [Docket No. 291], and Defendants' Joint Motion for Identification of Evidence which the Government Intends to use in its Case-in-Chief at Trial [Docket No. 301].

The superseding indictment charges each of the defendants in Count One with restraining trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and charges defendant Jimmie Lee Little in counts two and three with making false statements in violation of 18 U.S.C. § 1001 and obstructing justice in violation of 18

U.S.C. § 1512(c)(2).  *See* Docket No. 101.  Discovery in this case has been voluminous, with roughly 12.7 million documents produced by the Court's December 1, 2020 Rule 16 discovery date.  *See* Docket No. 274 at 2; *see also* Docket Nos. 199, 201.  However, discovery has continued since that deadline.  In their first motion, defendants represent that another 239,880 documents were produced.  *See* Docket No. 274 at 2.  In their second motion, defendants represent that an additional 200,000 documents were produced.  *See* Docket No. 291 at 2.  Defendants claim that the government is purposely producing key evidence, such as witness interviews, on a delayed basis.  *See id.* at 2-4.  As relief, they ask the Court to set a date by which the government must produce all its evidence.  The Court will deny that request.

Defendants cite no authority for setting a production deadline like the one they suggest.[1]  Rather, as the government notes, it has a continuing obligation to disclose information as it receives it.  *See* Docket No. 361 at 4.  Specifically, under Federal Rule of Criminal Procedure 16, the government must disclose any oral statements of the defendants, any written statements, or recorded statements, among others.  *See* Fed. R. Crim. P. 16.  Additionally, the government has a duty to disclose any potentially exculpatory materials pursuant to *Brady*.  The government states that the investigation into the conspiracy is on-going, with several new indictments this year.  *See* Docket No. 361 at 2 n.2.  New information results from that investigation.  Defendants fail to explain

---

[1] Defendants' citation to *Williams v. Florida*, 399 U.S. 78 (1970), *see* Docket No. 291 at 3, is inapposite.  *Williams* involved a state notice-of-alibi rule and whether that rule violated various constitutional protections.  See *Williams*, 399 U.S. at 86-103.  While defendants' quotation from *Williams* that trial is not a "poker game" may have rhetorical flourish, it does nothing to assist defendants with the issue at hand.  *See* Docket No. 291 at 3.

how the Court could set such a deadline without the government violating its duty to disclose new evidence under either Rule 16 or *Brady*. The government would have no choice but to disclose the material – as it is doing now – regardless of any previously set deadline. Obviously, if any new *Brady* material comes into the possession of the government, it shall promptly disclose such material.

Defendants ask that the Court order the government to "identify the specific evidence which it intends to use in its case-in-chief." *See* Docket No. 301 at 1. Defendants argue that Federal Rule of Criminal Procedure 16(a)(1)(E) justifies their request. *See id.* at 3-5. Rule 16(a)(1)(E), however, does not require the government to provide an itemized list of all evidence it intends to use at trial. Accordingly, that request will be denied.

It is therefore

**ORDERED** that Defendants' Joint Motion for the Setting of Discovery Deadlines [Docket No. 274] is **DENIED**. It is further

**ORDERED** that Defendants' Joint Supplemental Motion for the Setting of Discovery Deadlines [Docket No. 291] is **DENIED**. It is further

**ORDERED** that Defendants' Joint Motion for Identification of Evidence which the Government Intends to use in its Case-in-Chief at Trial [Docket No. 301] is **DENIED.**

DATED September 14, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge