IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 20-cr-00152-PAB

UNITED STATES OF AMERICA

      Plaintiff,

v.

1.    JAYSON JEFFREY PENN
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY,
4.    ROGER BORN AUSTIN
5.    TIMOTHY R. MULRENIN,
6.    WILLIAM VINCENT KANTOLA,
7.    JIMMIE LEE LITTLE,
8.    WILLIAM WADE LOVETTE,
9.    GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

      Defendants.

**DEFENDANTS' MOTION FOR A CASE-SPECIFIC JURY QUESTIONNAIRE**

Defendants, through their counsel, respectfully seek from the Court a case-specific jury questionnaire in the form of Exhibit A.  A juror questionnaire tailored to the specific needs of this case is critical.  Trial will concern a variety of highly-charged, widely publicized topics.  It will be lengthy.  It will be complex, involving ten co-defendants, each with his own unique issues.  And it is taking place during a pandemic.  Defendants' proposed questionnaire is five pages long and takes approximately 15 minutes to fill out.[1]  Permitting the jurors to answer this limited set of questions outside the courtroom will help the Court more efficiently and safely

---

[1] Defense counsel and staff members have taken the questionnaire and determined that it takes approximately 15 minutes to complete.

manage the jury selection process.  It will also serve justice by better permitting the defendants to select a fair and impartial jury.

One of the undersigned counsel conferred with opposing counsel by email on September 25, 2021.  Opposing counsel indicated by email on September 29 that he opposes the relief requested.

**I.      LEGAL STANDARD**

The Court has broad discretion in setting a procedure for the jury selection process. *United States v. Sandoval*, No. CR 04-02362 JB, 2006 U.S. Dist. LEXIS 29130, at *8-9 (D.N.M. Feb. 1, 2006).  "Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." *Gardner v. Galetka*, 568 F.3d 862, 890 (10th Cir. 2009) (quoting *Mu'Min v. Virginia,* 500 U.S. 415, 431 (1991)). Indeed, a defendant "cannot exercise sensitive and intelligent peremptory challenges"—which are imperative in ensuring a fair and impartial jury—without a meaningful opportunity for voir dire examination.  *United States v. Baker*, 638 F.2d 198, 200 (10th Cir. 1980).

Case-specific juror questionnaires assist "the Court and the parties in more effectively determining the existence and substance of challenges for cause, and in exercising those challenges, as well as assisting the parties in determining and exercising peremptory challenges." *Sandoval*, 2006 U.S. Dist. LEXIS 29130, at *4.  This is especially so where lengthy voir dire may be necessary, many jurors are likely to be ineligible, pretrial publicity carries a serious risk of prejudicing potential jurors, or the case implicates sensitive or moral issues.  *United States v. 1. Joseph P. Nacchio*, No. 05-cr-00545-EWN, 2007 U.S. Dist. LEXIS 115687, at *3 (D. Colo. Jan. 25, 2007).  Juror questionnaires, coupled with the "opportunity to gauge demeanor and

credibility" of prospective jurors during voir dire, may provide a "sturdy foundation to assess fitness for jury service." *Skilling v. United States*, 561 U.S. 358, 395 (2010).

## II.     ARGUMENT

This is exactly the type of case where a case-specific jury questionnaire is needed. It involves ten co-defendants and many non-parties, including a national corporation headquartered in Colorado. It involves corporate executives and a complex industry. It involves a staple food people regularly purchase and consume. The charges have garnered significant media attention state- and nationwide. Trial is set over a three-month period during a pandemic. Despite what is at stake, the defendants have a limited number of preemptory challenges—by rule[2] only one per defendant—given the number of defendants being tried in the same trial. Fed. R. Crim. P. 24. Under these conditions, a jury questionnaire is a critical tool to assist the Court in conducting and managing an efficient, constitutionally valid, and fair voir dire.

A case-specific juror questionnaire is necessary for two reasons. <u>First</u>, it will aid judicial economy by addressing "necessary but more mundane lines of inquiry outside the courtroom," allowing the Court and the parties to use limited voir dire time for "more substantive matters." *Sandoval*, 2006 U.S. Dist. LEXIS 29130, at *8-9. But even for substantive matters (and in this case there are many), a questionnaire will promote efficiency, as it will enable the parties to review relevant juror beliefs without taking additional time during oral voir dire, unless necessary for follow up.

These efficiencies are especially important in light of the health and safety risks posed by the pandemic. A juror questionnaire will permit jurors to answer background and foundational

---

[2] Contemporaneous to this motion, by separate motion, the Defendants are seeking the addition of one preemptory challenge per defendant.

questions outside the confined space of the courtroom, making in-Court voir dire more efficient and safer. The questionnaire could tease out legitimate challenges for cause before jurors are required to gather in the courtroom. Thus, a juror questionnaire is consistent with this Court's COVID-19 safety protocols and its efforts to protect trial participants, the public, and its own court staff.

The proposed questionnaire will not unduly burden the jurors or the Court. The proposed questionnaire is relatively modest—only five pages of substance and takes approximately 15 minutes to fill out. The jurors could do so when they arrive for jury selection the first morning of trial, during time they would otherwise be awaiting instructions from Court staff. Defendants are prepared to assist the Court and its staff in copying and distributing the jurors' completed questionnaires to all parties.

Second, the questionnaire will help to ensure a fair and impartial jury. The proposed questionnaire seeks information directly probative to jurors' ability to be fair and impartial. Based on the government's broad allegations of wrongdoing with respect to a staple food, many of the jurors who compose the venire in this case would potentially be affected by the alleged conduct. This, in addition to the number of defendants—each with their unique theories and strategies—and the high-profile nature of the case, means that a meaningful voir dire will take some time. Neither the Court nor defendants can meaningfully explore juror bias without the foothold provided by answers to a case-specific questionnaire. An initial screen for such biases will permit a fuller exploration by the Court or counsel of the many case-specific issues the proposed questionnaire addresses. *See Nacchio*, 2007 U.S. Dist. LEXIS 115687, at *3 (recognizing that juror questionnaires are appropriate in cases where a lengthy voir dire is needed).

### III. CONCLUSION

For the reasons stated herein, defendants respectfully request that the Court grant this motion and approve the use of the prospective juror questionnaire, attached to this motion as Exhibit A.

Respectfully submitted this 1st day of October, 2021.

*s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

*s/ Wendy L. Johnson*
Wendy L. Johnson
RMP LLP
5519 Hackett St., Suite 300
Springdale, AR 72762
(479) 439-2705
wjohnson@rmp.law

*Attorneys for Ric Blake*

*s/ Chad D. Williams*
Chad D. Williams
Jacqueline V. Roeder
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
(303) 892-9400
chad.williams@dgslaw.com
jackie.roeder@dgslaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
Anna Pletcher
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com
apletcher@omm.com

*Attorneys for Jayson Jeffrey Penn*

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*Attorney for Mikell Reeve Fries*

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*Attorney for William Wade Lovette*

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*Attorney for Gary Brian Roberts*

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*Attorney for Scott James Brady*

*s/ James A. Backstrom*
James A. Backstrom
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*Attorney for William Vincent Kantola*

*s/ Elizabeth B. Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Marci G. LaBranche*
Marci G. LaBranche
STIMSON STANCIL LABRANCHE
HUBBARD LLC
1652 N. Downing Street
Denver, CO 80218
(720) 689-8909
labranche@sslhlaw.com

*Attorneys for Timothy R. Mulrenin*

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*Attorney for Roger Born Austin*

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com
*Attorney for Jimmie Lee Little*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of October 2021, I electronically filed the foregoing *Defendants' Motion For a Case-Specific Jury Questionnaire* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all listed parties.

      *s/ Nancy Hickam*
      Nancy Hickam