IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>1.　　JAYSON JEFFREY PENN,<br>2.　　MIKELL REEVE FRIES,<br>3.　　SCOTT JAMES BRADY,<br>4.　　ROGER BORN AUSTIN,<br>5.　　TIMOTHY R. MULRENIN,<br>6.　　WILLIAM VINCENT KANTOLA,<br>7.　　JIMMIE LEE LITTLE,<br>8.　　WILLIAM WADE LOVETTE,<br>9.　　GARY BRIAN ROBERTS, and<br>10.　RICKIE PATTERSON BLAKE,<br><br>　　　　Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT MOTION IN LIMINE TO PROHIBIT THE SUPERSEDING INDICTMENT FROM GOING TO THE JURY**

　　　　Defendants, by and through undersigned counsel, respectfully submit this Joint Motion in Limine to Prohibit the Superseding Indictment from Going to the Jury.

### INTRODUCTION

　　　　On October 6, 2020, the government filed a superseding indictment, charging Defendants with one count of violating Section 1 of the Sherman Act, 15 U.S.C. § 1. Doc. 101.[1] The superseding indictment runs forty-eight pages and is made up of argumentative narrative allegations. It includes concepts found nowhere else in Sherman Act jurisprudence, internal inconsistencies, and a disjointed recounting of ordinary and lawful business conduct to which the

---

[1] The superseding indictment charges two additional counts against Defendant Jimmie Little— False Statements and Obstruction of Justice. Doc. 101 ¶¶ 146-151.

1

government attributes illegality. The superseding indictment is not evidence, and providing the jury with a copy of this confusing and one-sided document during its deliberations—when Defendants will be unable to counter its flawed claims with evidence or jury instructions—would cause immense and irreparable prejudice. The Court should instead instruct the jury regarding the charge and the elements of the offense.

## ARGUMENT

While courts have discretion to send an indictment to the jury, "the practice is hardly mandatory." *United States v. Esso*, 684 F.3d 347, 352 n.5 (2d Cir. 2012); *see United States v. Skolek*, 474 F.2d 582, 586 (10th Cir. 1973) (discussing discretionary nature). Courts most often find it appropriate when an indictment will "provide the jury the framework . . . to weigh and analyze the evidence." *United States v. Daniels*, 159 F. Supp. 2d 1285, 1299 (D. Kan. 2001). Absent that need, courts routinely decline to send a charging instrument to the jury if its content goes beyond "merely stat[ing] the statutory charges against the defendant" and instead "contains a running narrative of the government's version of the facts of the case." *Esso*, 684 F.3d at 352 n.5.[2] Courts are especially hesitant to send an indictment to the jury when it is "particularly argumentative." *United States v. Reulet*, No. 14-40005-DDC, 2016 WL 126355, at *7 (D. Kan. Jan. 11, 2016) (declining to send indictment to the jury).

When confronted with a speaking indictment, courts tend to instruct the jury "regarding

---

[2] A charging document of this nature is colloquially known as a "speaking" indictment. *United States v. Le*, No. 13-cr-0295-WJM, 2014 WL 1882111, at *1 (D. Colo. May 12, 2014); *see United States v. Tuzman*, 301 F. Supp. 3d 430, 454 (S.D.N.Y. 2017) (noting it is not the "Court's practice to give 'speaking' indictments . . . to the jury"); *United States v. Cadden*, No. 14-cr-10363-RGS, 2016 WL 1948832, at *8 (D. Mass. May 3, 2016) ("as is its practice in the case of 'speaking' indictments, the court will not have the indictment read to the jurors, nor will the jury be given a copy for its perusal during their deliberations").

the issues to be addressed . . . and the elements of the offense charged" rather than providing them with the charging instrument. *Esso*, 684 F.3d at 352 n.5. This procedure "more than suffice[s] to apprise the jury of the charges before them," *id*., and provides the necessary framework to weigh the evidence, *Daniels*, 159 F. Supp. 2d at 1299; *see United States v. Watts*, 934 F. Supp. 2d 451, 491-92 (E.D.N.Y. 2013) (court summarized the indictment's four counts because the indictment's length—thirteen pages—and "fair amount of narrative drafted by the government" made it inappropriate to give to the jury).

In this case, there is no need to provide the jury with the superseding indictment. The government charges nine of the ten Defendants with a single count, and the Court can easily apprise the jury about the charge before them and the elements of a Sherman Act offense. Providing the jury the 48-page, 157-paragraph indictment, in contrast, would be unfairly prejudicial. The superseding indictment is a paradigm of argumentative pleading. The government begins nearly every factual allegation in the superseding indictment—no matter how innocuous on its face—with "[i]t was further part of the conspiracy that . . . ." *See, e.g.*, Doc. 101 ¶¶ 47-50. This repetitive and argumentative approach turns the superseding indictment into a running summary of the government's theories and is inappropriate to give to the jury. *United States v. Radetsky*, 535 F.2d 556, 565 (10th Cir. 1976), *abrogated on other grounds*, *United States v. Daily*, 921 F.2d 994 (10th Cir. 1990) (agreeing that it is "undesirable" to "give the jury a written summary of the prosecution's case, which the defendant could not do in his behalf").

As Defendants have made clear in other briefs filed in this case, the allegations to which the government points reflect facially innocuous and legal behavior—allegations of occasional information exchanges, and a few purported instances of parallel conduct—that the government

3

mischaracterizes in the superseding indictment and to which Defendants must have an opportunity to respond. *In re Text Messaging Antitrust Litig.*, 782 F.3d 867, 879 (7th Cir. 2015) (courts can "without suspecting illegal collusion, expect competing firms to keep close track of each other's pricing and other market behavior and often to find it in their self-interest to imitate that behavior rather than try to undermine it"); Final Jury Instructions, at 22, *United States v. Lischewski*, 18-cr-203 (N.D. Cal. Nov. 27, 2019), ECF No. 621 (instructing the jury it "is not illegal for a competitor to obtain, rely upon, and act on pricing and other information received from" "others involved in the production and sale of [their product]").

Separately, it is possible that the government may not actually introduce evidence about each of the allegations in the superseding indictment. In that situation, the provision of the speaking indictment and any unsupported allegations to the jury would deprive Defendants of an opportunity to test and rebut those otherwise unsupported allegations.

In light of these factors, the Court should prohibit the superseding indictment from going to the jury and should instead instruct the jury regarding the charge and the elements of the offense.

## CONCLUSION

For the reasons discussed, the Court should prohibit the superseding indictment from going to the jury.

Dated: October 1, 2021                           Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach