IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

Criminal Case No. 20-cr-00152-PAB

**DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE GOVERNMENT EVIDENCE ABOUT OR REFERENCES TO JUDICIAL PROCEEDINGS NOT BEFORE THE JURY AND CORPORATE PLEA AGREEMENTS**

Defendants, by and through undersigned counsel, respectfully submit this Joint Motion in Limine to Exclude Government Evidence About or References to Judicial Proceedings Not Before the Jury and Corporate Plea Agreements.

**INTRODUCTION AND BACKGROUND**

In addition to the current proceedings, both the government[1] and private plaintiffs[2] have

---

[1] *United States v. Pilgrim's Pride Corp.*, 20-cr-00330-RM (D. Colo.); *United States v. Norman W. Fries, Inc.*, 21-cr-00168-RM (D. Colo.); *United States v. McGuire*, Case No. 21-cr-246-DDD (D. Colo.).

[2] *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill.) (ECF No. 1) (class action); *In re Broiler Chicken Grower Antitrust Litig.*, Nos. 20-cv-00033, 20-md-2977 (E.D. Okla.).

1

filed other suits regarding broiler chickens, including against Defendants' current or former employers. These proceedings have resulted in a corporate guilty plea[3] and several civil settlements.[4] The Court should exclude from the government's case references to or evidence about these proceedings, the civil settlements, and the plea agreement. First, Federal Rules of Evidence 401 and 403 preclude the evidence because it is irrelevant and would cause unfair prejudice to Defendants. Second, Federal Rule of Evidence 408 bars any reference to the corporate civil settlements. Third, plea colloquies and any resulting agreements are inadmissible hearsay. Finally, the Confrontation Clause of the Constitution prevents admission of the corporate guilty plea.

## LEGAL STANDARD

Evidence is relevant only when it "make[s] a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence "if its probative value is substantially outweighed

---

(chicken grower's class action); *United Food and Com. Workers Int'l Union Local 464A v. Pilgrim's Pride Corp.*, No. 20-cv-01966-RM-MEH (D. Colo.) (ECF No. 1) (investor class action); *Hogan v. Pilgrim's Pride Corp.*, No. 16-cv-02611-RBJ (D. Colo.) (class action securities fraud; dismissed for lack of standing); *Jien v. Purdue Farms, Inc.*, No. 1:19-cv-2521(D. Md.) (wage-fixing class action).

[3] *United States of America v. Pilgrim's Pride Corp.*, 20-cr-00330-RM (D. Colo.) (ECF No. 58, ¶ 9) (plea agreement with Pilgrim's Pride). No defendant in the instant case has pleaded guilty.

[4] *In re Broiler Chicken Grower Antitrust Litigation*, 20-md-2977 (E.D. Okla.) (ECF No. 94) (notice of settlement with Tyson); *In re Broiler Chicken Antitrust Litigation*, 16-cv-8637 (N.D. Ill.) (ECF Nos. 1414, 3944, 3945, 4451, 4789, 4961, 5042) (order approving settlement with Fieldale Farms; amended order approving settlements with George's and Peco Foods; amended order approving settlement with Amick Farms; preliminary order approving settlement with Tyson, George's, Peco Foods, and Fieldale Farms; order approving settlement with Pilgrim's Pride and Tyson; notice of settlement with Mar-Jac; notice of Settlement with Harrison Poultry); *In re Broiler Chicken Grower Antitrust Litig.*, No. 20-md-2977 (E.D. Okla.) (ECF No. 107) (notice of settlement with Perdue Foods).

2

by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "Unfair prejudice" under Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's note). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id*. The Court "has not only the discretion but also the duty to exclude evidence of little or no relevance or probative value which might have a prejudicial effect." *Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971).

## ARGUMENT

**I.     Evidence Regarding Pilgrim's Pride's Plea Agreement Is Irrelevant and Highly Prejudicial.**

1. The Pilgrim's Pride plea agreement, and the court proceedings relating to it, are irrelevant. Mr. Lovette, Mr. Penn, Mr. Austin, and Mr. Little are former Pilgrim's Pride employees, but they are not parties to the Pilgrim's plea agreement.[5] Pilgrim's Pride has never been a defendant in this action, and no Defendant in these proceedings has pleaded guilty. Moreover, the allegations to which Pilgrim's Pride pleaded do not track to the conduct of any specific Pilgrim's employee, and plea agreements are by their nature contracts negotiated between two parties with their own self-interests in mind, not judicial findings of fact. *Evanston Ins. Co. v. Desert State Life Mgmt.*, 484 F. Supp. 3d 987, 1009 n.6 (D.N.M. 2020). Defendants vigorously contest the factual admissions in the Pilgrim's plea agreement. Accordingly, evidence

---

[5] Mr. Brady also worked at Pilgrim's Pride prior to his employment at Claxton Poultry.

about the Pilgrim's plea, and the court proceedings relating to it, would not help the jury decide Defendants' guilt. *See United States v. Hoffman*, No. 5:09-cr-00216, 2010 WL 1416869, at *9 (S.D.W. Va. Apr. 5, 2010) (excluding as irrelevant a corporate plea agreement defendant signed on behalf of his employer to resolve similar, prior allegations); *Rockwell Graphics Sys., Inc. v. Dev Indus., Inc.*, 84 C 6746, 1992 WL 249618, at *3 (N.D. Ill. Sept. 25, 1992) (excluding references to parent company's criminal convictions). Indeed, the Court granted Pilgrim's Pride's motion to modify Defendants' Rule 17 subpoena seeking discovery about the company's plea negotiations and exchanges of information with the government because the Court deemed that information irrelevant. ECF No. 485.

      2. Any evidence or argument from the government about the Pilgrim's plea—including the agreement, plea colloquy, and final judgment—would cause Defendants unfair prejudice. Evidence that the former employer of certain Defendants pleaded guilty raises "serious concerns of unfair prejudice in that the jury may be unable to separate [the corporation] from the individual [corporate] executives on trial." *United States v. Andreas*, 23 F. Supp. 2d 835, 848-49 (N.D. Ill. 1998); *see United States v. Wirtz*, No. 04-cr-18, 2004 WL 2271745, at *2 (D. Minn. Sept. 25, 2004) (excluding plea agreement by defendant's employer). This risk of guilt by association simply is too great for a limiting instruction. *See, e.g.*, *Andreas*, 23 F. Supp. 2d at 848-49; *United States v. Becker*, 502 F.3d 122, 131 (2d Cir. 2007) (finding limiting instruction about guilty plea insufficient because "prejudicial spillover was overwhelming").

      Indeed, because a corporation only acts through its employees, a jury may be tempted to conclude that Pilgrim's pleaded guilty due to the actions of Defendants in this case. But, as discussed, such an assumption would be incorrect. After all, Defendants vigorously contest all

4

factual admissions in the Pilgrim's plea documents and made during the plea colloquy, which are so vague that they could apply to any number of Pilgrim's employees, including those criminally charged in a different proceeding and those not charged.

Separately, any references to the Pilgrim's plea (including the plea colloquy and judgment) in the government's case would cause undue delay and waste the Court's time. If the government is allowed to reference the plea and any related proceedings, Defendants will need, among many other things, to demonstrate the different allegations as well as the many considerations driving (and different penalties resulting from) corporate plea, as well as the incentives of those involved in entering into the agreement. This sideshow would prolong the trial, complicate the issues, and "sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998); *see also Rheinfrank v. Abbott Lab'ys, Inc.*, No. 1:13-cv-144, 2015 WL 5258858, at *4 (S.D. Ohio Sept. 10, 2015) (excluding evidence of a corporate guilty plea because "the jury may assume that [defendant] acted improperly merely because it entered into the plea . . . and paid significant fines").

3. Evidence of or references to the Pilgrim's plea agreement also would be profoundly prejudicial if the government argues companies are co-conspirators. *See, e.g.*, ECF No. 502 at 2 (referencing "co-conspirator George's"). Under those circumstances, reference to the Pilgrim's plea agreement, including during opening argument, would be plain error. *United States v. Handly*, 591 F. 2d 1125, 1128 (5th Cir. 1979); *United States v. Corona*, 551 F. 2d 1386, 1388 (5th Cir. 1977).

4. Finally, argument in opening statements about alleged co-conspirators, whether

indicted or not, would be prejudicial and improper until an evidentiary foundation has been offered at trial. The government contends there are an extraordinary number of alleged co-conspirators. In the course of the *James* hearing, it argued this multitude of co-conspirators exists based upon nothing more than vague references in communications to receipt of market information or other conduct that is simply not illegal, and with no meaningful showing that they acted in furtherance of the alleged conspiracy. References to co-conspirators prior to the Court's finding at trial (or from the *James* hearing) that the government has proved by a preponderance of the evidence that the specific individual or entity was a co-conspirator is unfairly prejudicial and should not be permitted. *See, e.g.*, *United States v. Saneaux*, 365 F. Supp. 2d 493, 503-04 (S.D.N.Y. 2005) (where there is substantial doubt a recorded statement was in furtherance of the conspiracy, the government could not make reference in opening).

## II.     Evidence Regarding Pilgrim's Pride's Plea Agreement Contains Hearsay and Its Admission Would Violate Defendants' Constitutional Rights Under the Confrontation Clause.

1. Both the Pilgrim's plea agreement and the related plea colloquy contain factual narratives that purport to establish Pilgrim's guilt. The government cannot rely on these narratives to suggest that any Defendant, but particularly Defendants who previously worked for Pilgrim's, agreed to conspire or engaged in the conduct charged in the Superseding Indictment. Doing so would violate Federal Rules of Evidence 801 and 802 prohibition on hearsay. *Evanston Ins.*, 484 F. Supp. 3d at 1009 n.6 (plea agreement's "version of events" are inadmissible hearsay). The criminal judgment against Pilgrim's is also inadmissible hearsay. The exception to hearsay for prior criminal judgments applies only when the prior judgment was against the defendant in the current proceedings. Fed. R. Evid. 803(22)(D).

6

In addition, the hearsay statements contained in the Pilgrim's plea agreement and plea colloquy are not admissible under Federal Rule of Evidence 801(d)(2)(E), which defines as non-hearsay statements by a co-conspirator made "during" and "in furtherance" of the conspiracy. The statements in the Pilgrim's plea—which was entered in February 2021, *United States v. Pilgrim's Pride Corp.*, 20-cr-00330-RM (D. Colo.) (ECF Nos. 58, 59, 61, 62)—were not made "during" the conspiracy, which the government contends ended in "early 2019." ECF No. 101 ¶ 1. Similarly, the post-conspiracy statements were not made "in furtherance" of the conspiracy or by an individual who the government has proved was a co-conspirator. Finally, the government did not include any statements from the Pilgrim's plea agreement or plea colloquy in its *James* proffer.

2. Evidence contained in the Pilgrim's plea and plea allocution are also inadmissible testimonial statements. Testimonial statements must satisfy the Confrontation Clause—namely, the witnesses' unavailability and a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004) ("[T]he Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination."); *United States v. Lopez-Medina*, 596 F.3d 716, 734 (10th Cir. 2010) ("plea allocution is testimonial under *Crawford*" (quotation omitted)). If the government seeks to admit evidence about the agreement or colloquy, it would need to call a corporate witness with knowledge of the agreement and its substance, creating a highly prejudicial sideshow as Defendants would need to cross-examine that witness and others about the plea, its context, and its veracity. *United States v. Riggi*, 541 F.3d 94, 102 (2d Cir. 2008) (constitutional error "to admit as substantive evidence a plea allocution" when the pleading party "does not testify at trial" and there was no prior opportunity to cross-examine

7

pleading party).

### III. Evidence Regarding Other Judicial Proceedings Is Irrelevant and Highly Prejudicial.

1. Evidence about unresolved civil or criminal litigation, even if facially related to the current proceedings, is irrelevant because it shows no more than "the existence of an accusation." *Hoffman v. Ford Motor Co.*, No. 07-cv-00081–REB–CBS, 2009 WL 814298, at *1 (D. Colo. Mar. 23, 2009) (excluding as irrelevant evidence of "lawsuits regarding" the matter "at issue in th[e] case," because that evidence concerned only "mere allegations" of such matters, meaning evidence of related lawsuits "demonstrate[d] nothing more than the existence of a *potential*" issue) (citation omitted). This is true of the other chicken-related individual and corporate prosecutions. Defendants are presumed innocent until proven guilty, so the mere fact of an indictment has no probative value.[6] Here, evidence of any ongoing civil suits or other criminal indictments does not make it "more or less probable" that Defendants colluded as charged in the Superseding Indictment.

2. Equally important, any reference to other proceedings would unfairly prejudice Defendants by creating the general impression that they were engaged in widespread wrongdoing, especially since many of the civil proceedings assert different theories of liability.[7]

---

[6] The contents of the indictments are also inadmissible hearsay. *See* Part II *supra*; *see also In re Blech Sec. Litig.*, No. 94-cv-7696, 2003 WL 1610775, at *10-11 (S.D.N.Y. Mar. 26, 2003) ("The statements contained in the amended complaint are inadmissible hearsay, excluded by Rules 801, 802, and 803 of the Federal Rules of Evidence.").

[7] Plaintiffs in the civil cases, for example, allege that Defendants "agree[d] not to solicit or poach one another's Growers," Am. Compl. ¶ 167, *In re Broiler Chicken Grower Antitrust Litig.*, No. 20-md-2977 (E.D. Okla. Feb. 19, 2021) (ECF No. 59), "coordinat[ed] their output and limit[ed] production with the intent and expected result of increasing prices of Broilers in the United

*Crawford v. Muscletech Rsch. & Dev., Inc.*, No. 01-cv-1298, 2002 WL 31852833, at *1 (W.D. Okla. Oct. 10, 2002) (excluding under Rule 403 "evidence of other lawsuits" because such evidence is "more prejudicial than probative"). Put differently, the government cannot reference other proceedings simply to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. This risk is heightened for the criminal indictments of other individuals, given that jurors may be particularly inclined to credit cases initiated by the DOJ, and the government should not be allowed to reference any individual as an "indicted" co-conspirator.

The Court should also exclude references to other proceedings because they will mislead the jury, "confus[e] the issues," cause "undue delay," and waste time. Fed. R. Evid. 403. As noted, while there are civil cases concerning broiler chicken products, those cases assert different theories of liability. References to those proceedings and any related theories of liability "would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *SEC v. Goldstone*, 233 F. Supp. 3d 1149, 1168 (D.N.M. 2017) (quotation omitted).[8]

## IV.  Evidence Regarding Civil Settlements Is Improper.

Federal Rule of Evidence 408 prohibits references to settlements in civil cases. "[T]he risks of prejudice and confusion entailed in receiving settlement evidence are such that often . . . the underlying policy of Rule 408 require[s] exclusion even when a permissible purpose can be

---

States," Fifth Am. Compl. ¶ 1, *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill. Oct. 23, 2020) (ECF No. 3919), and engaged in price fixing through signaling, *id.* ¶ 319.

[8] The government also cannot reference any Defendant's invocation of the Fifth Amendment in related civil litigation. *Griffin v. California*, 380 U.S. 609, 613-14 (1965).

discerned." *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1546 (10th Cir. 1991) ("[W]hen the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." (quotation omitted)); *United States v. Bailey*, 327 F.3d 1131, 1146 (10th Cir. 2003) (Rule 408 is violated by admitting a defendant's settlement in a civil matter into that defendant's criminal trial).

Evidence of civil settlements is also inadmissible under Federal Rules of Evidence 401, 402, and 403. It would risk unfair prejudice to Defendants without any probative value; indeed, no defendant here is a party to any civil settlement, and the settlement terms expressly disclaim any wrongdoing. *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill.) (ECF No. 4377, Ex. D) (Tyson "denies all allegations of wrongdoing"). Under these circumstances, evidence about "settlements with other plaintiffs in similar circumstances to resolve similar claims creates a substantial risk of injecting unfair prejudice into the trial, as the jury may construe such evidence as defendants' acceptance of fault or wrongdoing." *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F. Supp. 3d 1327, 1334-35 (D. Colo. 2020), *reconsideration denied*, No. 16-cv-01301-PAB-GPG, 2021 WL 603053 (D. Colo. Feb. 16, 2021); *see FDIC v. Refco Grp., Ltd.*, 184 F.R.D. 623, 628 (D. Colo.), *as corrected* (Mar. 31, 1999) (similar).

## CONCLUSION

For the reasons discussed, the Court should exclude from the government's case-in-chief references to or evidence about other judicial proceedings, plea agreements, and civil settlements.

Dated:  October 1, 2021

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

Respectfully submitted,

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

<table>
<tr><td>

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700

cgillen@gwllawfirm.com

</td><td>

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514

bpollack@robbinsrussell.com

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach