IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

 Defendants.

_____

**ORDER**
_____

 This matter comes before the Court on the United States' *James* Brief, [Docket No. 358], and the *James* hearings on September 2, 2021 and September 8, 2021.  *See* Docket Nos. 440, 490.  The United States has filed a *James* log, [Docket No. 358-2], as modified on August 25, 2021.  Docket No. 380-1.

**A.  The Existence of a Conspiracy and its Membership**

 "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Lewis*, 594 F.3d 1270, 1282 (10th Cir. 2010) (quoting Fed. R. Evid. 801(c)).  "Although hearsay statements are generally not admissible at trial, *see* Fed. R.

Evid. 802, 'a statement by a coconspirator of a party during the course and in furtherance of the conspiracy' is not hearsay, and is therefore admissible as substantive evidence against the party." *United States v. Hall*, 473 F.3d 1295, 1302-03 (10th Cir. 2007) (quoting Fed. R. Evid. 801(d)(2)(E)).  For a statement to be admissible under Fed. R. Evid. 801(d)(2)(E), the district court must first find the following elements by a preponderance of the evidence: "(1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy."  *Id.*

Under Tenth Circuit law, the district court makes these factual determinations regarding the admissibility of co-conspirator statements under Fed. R. Evid. 801(d)(2)(E) by using one of two procedures: "(1) it may hold a 'James hearing'" – a preliminary hearing outside the presence of the jury expressly for the purpose of making such determinations, *see generally*, *United States v. James*, 590 F.2d 575 (5th Cir. 1979), or "(2) it may provisionally admit the evidence with the caveat that the evidence must 'connect up' during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence."  *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).  The Tenth Circuit has expressed its "strong preference for *James* proceedings."  *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) *(*quoting *United States v. Gonzalez–Montoya*, 161 F.3d 643, 648 (10th Cir. 1998)).  "The reason for this preference is that if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'"  *United States*

2

*v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994) (citations and quotations omitted). Regardless of which procedure is followed by the district court, the same facts must be proven by a preponderance of the evidence in order for the statements to be admissible.  *Townley*, 472 F.3d at 1273; *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996).

In determining whether a conspiracy exists, "the court may consider the hearsay statement sought to be admitted, along with independent evidence tending to establish the conspiracy."  *Lopez-Gutierrez*, 83 F.3d at 1242.  The existence of a conspiracy may be "inferred from a unity of purpose or common design and understanding among conspirators to accomplish the objects of the conspiracy."  *United States v. Thompson*, 518 F.3d 832, 853 (10th Cir. 2008) (quotations and citations omitted).  It may also be inferred "from the acts of the parties and other circumstantial evidence indicating concert of action for the accomplishment of a common purpose."  *United States v. Scull*, 321 F.3d 1270, 1282 (10th Cir. 2003).  However, the inference of an agreement must be more than mere speculation or conjecture.  *United States v. Delgado-Uribe*, 363 F.3d 1077, 1083 (10th Cir. 2004).  For its preliminary determination under Fed. R. Evid. 801(d)(2)(E), it is not necessary for the government to prove that the conspiracy was for unlawful purposes.  *United States v. Martinez*, 825 F.2d 1451, 1452 (10th Cir. 1987).

Evidence showing a defendant's involvement in a conspiracy may include the co-conspirator statements themselves, but there must also be some independent evidence beyond those statements that links the defendant to the conspiracy.  *See Lopez-Gutierrez*, 83 F.3d at 1242.  The independent evidence may be sufficient even if it is not substantial.  *Id*.  It may be presumed "that a defendant acting in furtherance of a

3

conspiracy is a knowing participant therein." *Delgado-Uribe*, 363 F.3d at 1083.  "[A]

conspiracy, once instituted, continues to exist until it is abandoned, succeeds, or is

otherwise terminated by some affirmative act, such as withdrawal by the defendant."

*United States v. Russell*, 963 F.2d 1320, 1322 (10th Cir. 1992).

Statements by a conspirator are in furtherance of the conspiracy when they are

"intended to promote the conspiratorial objectives."  *Townley*, 472 F.3d at 1273 (quoting

*United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986)).  Promotion may occur

through "statements that explain events of importance to the conspiracy in order to

facilitate its operation, statements between coconspirators which provide reassurance,

which serve to maintain trust and cohesiveness among them, or which inform each

other of the current status of the conspiracy, and statements of a coconspirator

identifying a fellow coconspirator."  *Id.* (citations omitted).  They may also include

statements which identify the defendant as "a member of the conspiracy, and describ[e]

his function in assisting the organization in avoiding detection by law enforcement."

*United States v. Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995).  "A court may

conclude that the statements are in furtherance of a conspiracy even though the

statements are susceptible of alternative interpretations."  *United States v. Marin*, 7 F.3d

679, 690 (7th Cir. 1993).  "[P]revious statements made by co-conspirators are

admissible against a defendant who subsequently joins the conspiracy."  *United States

v. Brown*,  943 F.2d 1246, 1255 (10th Cir. 1991).

"[I]n deciding whether the offering party has satisfied its burden at a *James*

hearing, the district court has the discretion to consider any evidence not subject to a

privilege, including both the coconspirator statements the government seeks to

introduce at trial and any other hearsay evidence, whether or not that evidence would be admissible at trial." *Owens*, 70 F.3d at 1124.  "The co-conspirator hearsay exception contains no requirement that the declarant be a defendant, only that she be a member of the conspiracy." *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1081 n. 5 (10th Cir. 2006) (citations omitted).  "[T]here is no requirement that a district court make findings on the record *before* the nonhearsay is admitted.  The court must only resolve the preliminary Rule 801 questions and 'be satisfied that the statement actually falls within the definition of the Rule.'" *United States v. Merrick*, 299 F. App'x 820, 823 (10th Cir. 2008) (quoting *Bourjaily v. United States*, 483 U.S. 171, 185 (1987)).

While recognizing these general principles, defendants make several arguments around price sharing that they claim precludes a finding that there was a conspiracy or that there is independent evidence of the conspiracy.  *See* Docket No. 395 at 5-12. Defendants are correct that the mere exchange of price information does not necessarily demonstrate that there was a conspiracy to rig prices.  *See Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 859 (10th Cir. 1999).  The Supreme Court has cautioned against making impermissible inferences in antitrust cases, partly because rational economic behavior can be misinterpreted as a conspiracy without careful attention.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 759-765 (1984); *see also Llaxua v. Western Range Assoc.*, 930 F.3d 1161, 1179-81 (10th Cir. 2019).  But sharing of prices may sometimes demonstrate the existence of a conspiracy.  If there is an unlawful agreement as part of that information exchange, the exchange is no longer innocuous, but demonstrative of a

5

conspiracy. *Mitchael*, 179 F.3d at 859 (citations omitted). For example, in *Mitchael*, the plaintiffs provided no information regarding the alleged conspirators' motives, and plaintiffs' theory made "little economic sense" because it would actually raise costs. *Id.* By contrast here the government's theory is that, by concertedly raising prices when costs did not necessarily dictate it, defendants' companies would realize more profit.

Rational, competitive, and parallel follow-the-leader type pricing is common in many industries and does not necessarily point to a conspiracy. *See In re Text Messaging Antitrust Litigation*, 782 F.3d 867, 874 (7th Cir. 2015). "Competitors in concentrated markets watch each other like hawks," and, as a result, one raising its prices might lead to another raising its prices. *See id.* at 874-875. There is nothing illegal about such behavior. In *In re Text Messaging,* the only evidence demonstrating a conspiracy was that the competitors knew each other's pricing and, while costs were not increasing, prices were going up. *Id.* at 872. That was insufficient because there was no evidence demonstrating that the defendants' knowledge of each other's prices had any corresponding connection to an agreement to raise prices. *Id.* But, if there is evidence that a company agreed to change its prices, and in order to facilitate that, shared pricing information with its competitor, there is no longer a case of simple follow-the-leader economics.

The Tenth Circuit has stated that "[a] defendant who acts in furtherance of the object of the conspiracy may be presumed to be a knowing participant." *See United State v. Tranakos*, 911 F.3d at 1430; *see also Beatrice Foods Co. v. United States*, 312 F.3d 29, 43 (finding the evidence sufficient in a milk industry conspiracy case given that the bid patterns before the conspiracy and after evidenced a dramatic rise in prices

even though the milk industry was homogenous and highly standardized).  And the connection to the conspiracy need not be substantial.  *See id.*  So while defendants are correct that price sharing is not in itself illegal, if that price sharing is done with attending circumstances that demonstrate defendants were acting "in furtherance of the object" of the conspiracy to collusively fix prices, a court can infer an agreement.  *See Tranakos*, 911 F.3d at 1430.

With these principles in mind, and based upon the government's *James* submissions, the defendants' exhibits, the testimony at the September 2, 2021 and September 8, 2021 *James* hearings, the Court makes the following findings by a preponderance of the evidence:

1.      The government has shown that a conspiracy to rig bids and fix prices for broiler chicken products in the United States did exist and that such conspiracy operated between at least August 2011 and early 2019.

2.      The government has shown, and the Court finds, that the conspiracy included the following members:

    a.    Defendants:

        1.  Jayson Penn,

        2.  Mikell Fries,

        3.  Scott Brady,

        4.  Roger Austin,

        5.  Timothy Mulrenin,

        6.  William Kantola,

        7.  Jimmie Little,

7

8.  William Lovette,

9.  Gary Roberts, and

10.  Rickie Blake.

b.    Others:

1.  Jason McGuire

2.  Tim Stiller

3.  Justin Gay

4.  Scott Tucker

5.  Robbie Bryant

6.  Tommy Lane

7.  Larry Pate

8.  Brenda Ray

9.  Walter Cooper

10.  Carl Pepper

11.  Kevin Ilardi

12.  Searcy Wildes

13.  Mitch Mitchell

14.  Joe Grendys

15.  Bruce MacKenzie

16.  Chris Sharp

17.  Tommy Francis

18.  Kevin Grindle

19.  Peter Martin

20.  Greg Tench

21.  Tim Stiller

The government called one witness at the hearing, Federal Bureau of

Investigation Special Agent LaNard Taylor.  Special Agent Taylor testified that the main

focal point of the investigation was between 2012 and 2019.  He said that it was difficult

to determine the exact date that the conspiracy started.  However, he testified that

documents showed that the conspiracy began as early as 2011.  Special Agent Taylor

stated that the conspiracy operated through suppliers communicating with one another

so that their prices would be aligned, even if not identical. Thus, although suppliers did

not submit identical bids, their bids were typically coordinated.  However, not every bid

was necessarily collusive.  The suppliers tapped into the conspiracy network as needed.

To determine whether someone was a member, Special Agent Taylor would look at the

communications between various members believed to be in the conspiracy and any

pattern of behavior surrounding setting a price, such as sharing pricing information and

ensuring that competitors were staying at the prices they shared.  He testified that the

detailed nature of the pricing information was indicative that the suppliers were working

in concert when submitting their bids.

Furthermore, the investigation focused on those who had oversight or control

over the bids.  Thus, it was the communications between decisionmakers that

supported that a particular price was the result of collusive behavior.  In analyzing

whether price sharing between the suppliers was part of a conspiracy to rig prices,

Special Agent Taylor noticed a pattern of language and behavior.  For example, before

bids were due, there would often be telephone calls, text messages, and emails

9

between suppliers. Those communications would be in search of "intel," information on a competitor's price, and what they called "due diligence," or research into what another's pricing formula was for a particular potential sale. During certain of these communications, suppliers would share their detailed pricing plans and then ensure that people were "holding firm," which meant staying at a certain price, or "following suit," which meant following the lead bidders' pricing range. These sort of communications and information sharing schemes increased leading up to a bid.

In particular, Special Agent Taylor testified about the Kentucky Fried Chicken ("KFC") eight-piece chicken on the bone ("COB") bidding process. KFC asked its suppliers about pricing for 2014. A KFC representative would send a "request for proposal" to suppliers, and a supplier would respond with pricing and volume for that particular product. Sometimes, the bidding process consisted of multiple rounds. Pilgrim's Pride Corporation ("PPC"), one of the suppliers, proposed historic price increases. Conspirators met during the bidding process to talk about the increases, which increases KFC had initially declined. But PPC stuck with its strategy and informed suppliers of its plan, which Special Agent Taylor testified was an effort to artificially raise the prices for the eight-piece COB. A day before the bids were due, competitors engaged in a series of telephone calls. Additionally, before any price had been submitted, these competitors shared detailed pricing information and gathered intel on what sort of price increase each competitor was going to offer to KFC. The flurry of communications, the increase of prices rather than undercutting of prices, and the detailed sharing of price information all demonstrate by a preponderance of the evidence that there was a conspiracy.

10

In August 2011, Jayson Penn and William Lovette, both employees of PPC, discussed a customer's request to switch to "fixed" or flat pricing, as opposed to variable pricing, for 2012.  Mr. Penn and Mr. Lovette had information regarding Claxton's intention to switch to a fixed pricing model.  Additionally, in December 2011, Mr. Penn informed Mr. Lovette how he obtained his price information through a group that enabled him to pick up the telephone and call members of the group when he needed price information about competitors.  In an interview with the FBI and others, Robbie Bryant of PPC indicated that Mr. Penn was involved in efforts to set prices in August 2014.  Special Agent Taylor testified that the network operated by means of the conspirators knowing who to call to gain information in an effort to submit collusive bids. Accordingly, the possession of the inside information and Special Agent Taylor's testimony demonstrate that Mr. Penn and Mr. Lovette had joined the conspiracy as of August 2011.

On November 21, 2011, Mr. Penn and Mr. Lovette discussed why the price of hot wings had come down, indicating that Roger Austin explained it was part of a "group" consensus.  Special Agent Taylor testified that, based on his review of the documents, this meant that the price adjusted because the various competitors agreed that the price should be lower that year.  As a result, Special Agent Taylor testified that Mr. Austin was a part of the conspiracy as of this date.  There are other examples that demonstrate that Mr. Austin had joined the conspiracy and was acting in furtherance of it.  Mr. Bryant's interview also indicated that Mr. Austin was a part of discussions to gather competitor price information in August 2014.  On November 28, 2012, Mr. Austin had in his possession detailed pricing information regarding his competitors.  He was

11

planning to use that information to see where other competitors were and whether they were holding firm on price.  Based on that information, Mr. Austin believed he could stay at a higher price, even though the buyer wanted him to go lower.  The possession of detailed pricing and strategy information about his competitors, along with Mr. Austin's desire to stay at a higher price as a result, shows that Mr. Austin was part of the conspiracy as of November 28, 2012.

Emails sent between Mr. Penn, Jimmie Little, and Scott Brady of PPC in December 2011 discuss the pricing of chicken products regarding a particular supplier. The emails show that Mr. Little possessed pricing information regarding Koch Foods and discussed whether PPC would be "in agreement with them" in 2012 in terms of price.  The Court finds that Mr. Brady and Mr. Little joined the conspiracy as of December 2011.

On August 31, 2012, Brenda Ray of PPC had a telephone call with a "friendly competitor," who said that it was going to follow suit, as were other competitors, with PPC's effort to raise prices.  Ms. Ray shared with Larry Pate of PPC that she received this information from a competitor.  Mr. Penn then forwarded this email to Jason McGuire of PPC, alerting him not to forward the email because it was "not exactly a legal conversation."  Special Agent Taylor testified that, based on his investigation, these people were part of the conspiracy: Ms. Ray because she had independent pricing information and was sharing it with competitors who were following PPC's strategy to raise prices, and Mr. Pate for being involved in determining competitor strategy.  Mr. Pate's participation is further evidenced by his possession of pricing information on November 7, 2012, telling Mr. McGuire that a competitor and PPC were

12

both going to hold firm at their prices in regard to a particular supplier.  For Ms. Ray, Mr. Pate, and Mr. McGuire, the possession of such confidential information and the utilization of it to align prices evidences that they were a part of the conspiracy as of August 31, 2012.

Special Agent Taylor testified that Tim Stiller, who worked for PPC, joined the conspiracy as of September 19, 2014 based on Mr. Stiller stating to Ms. Ray and Mr. McGuire that Boston Market would be offered price increases similar to other buyers. Special Agent Taylor testified that these price increases were the historic increases that PPC had been previously seeking.  He received this information from an interview with Mr. Bryant.  Special Agent Taylor stated that Mr. Stiller's knowledge of the strategy and knowledge that more price increases were to come was evidence that he was involved with the conspiracy as of this date.  Special Agent Taylor's interview with Mr. Bryant is independent evidence that Mr. Stiller joined the conspiracy as of September 19, 2014. Further independent evidence consists of Mr. Stiller's possession of various competitors's pricing information on that same day, stating that he could get competitors' pricing information.

In November 2012, Mr. Austin told Justin Gay and Scott Tucker of PPC that he was checking other suppliers' prices and seeing where they wanted to set their prices. After a series of phone calls, Mr. Austin told them that he had more information and would call them.  The next day, Mr. Austin called Mr. Tucker, and then Mr. Tucker forwarded Mr. Austin a detailed spreadsheet with competitors' pricing information.  The possession of this pricing information, knowing that Mr. Austin was checking around, is independent evidence that Mr. Tucker joined the conspiracy in November 2012.

13

Special Agent Taylor testified that this was evidence of Mr. Gay's involvement in the conspiracy. However, this document is the co-conspirator hearsay document itself and Mr. Gay was only a recipient of the email. Although Special Agent Taylor testified that only those within the conspiracy received such information – in other words, a conspirator would not send this confidential strategy to someone outside the circle – it is insufficient on its own to show Mr. Gay joined the conspiracy on this date. However, on May 9, 2014, Mr. Gay had information regarding competitors' agreement on receiving higher prices for small chickens. This, combined with the sharing of confidential information earlier, demonstrates that Mr. Gay had joined the conspiracy as of November 2012.

On December 24, 2013, Mr. Little sent to Mr. Bryant information regarding a competitor's pricing information, which Special Agent Taylor testified evidenced that Mr. Bryant was a part of the conspiracy as of this date. However, this, on its own, is insufficient. But there is other independent evidence that demonstrates that Mr. Bryant had joined the conspiracy. During a later episode surrounding a 2017 KFC bid, Mr. Bryant made calls regarding pricing and sought to gain information regarding other bids so that PPC could be the second highest bidder. That Mr. Bryant was able to tap into a network to obtain detailed information – and that he did not wish for PPC to be the lowest bidder – demonstrates that he was a part of the conspiracy by December 24, 2013.

On February 6, 2013, Thomas Lane of PPC sent a detailed cost spreadsheet of his competitors to Mr. Lovette. Special Agent Taylor testified that it was abnormal to have such detailed information unless the supplier received it from a competitor.

Otherwise, a buyer would provide the supplier only general indications regarding whether that particular supplier was too high or out of line with other suppliers. Customers would generally not give competing suppliers such specific information. Mr. Lane's possession of this information demonstrates that he was part of the conspiracy as of February 6, 2013.

During bids in November 2012, Mikell Fries of Claxton was involved in a series of telephone calls or text messages exchanging detailed price information about competitors. After receiving the competitor's information, he expressed that he, too, was trying to raise Claxton's prices. The ability to gather detailed competitor information and the use of that information to try to raise his prices demonstrates Mr. Fries was part of the conspiracy as of November 2012.

On December 26, 2011, Mr. Brady of PPC possessed information regarding a competitor's price for a Church's bid. Special Agent Taylor testified that, not only did Mr. Brady have this information, but Mr. Brady was using this information to set PPC's prices. The possession of such information and its discussion with other conspirators, combined with the intent to raise the price accordingly, is independent evidence that Mr. Brady joined the conspiracy as of December 26, 2011.

Special Agent Taylor testified that Walter Cooper, an employee of Claxton, was one of the people responsible for pricing at Claxton. In an exchange between Jason McGuire and Mr. Pate, Mr. Pate noted that Mr. Cooper had shared negotiating positions with Mr. Pate and that Mr. Cooper was staying at a certain level. Special Agent Taylor testified that, based on his investigation, this demonstrated that Mr. Cooper was involved in the conspiracy by sharing his negotiating position with PPC and utilizing that

15

to coordinate Claxton's prices.  Thus, Mr. Cooper was a member of the conspiracy as of November 2012.

On May 31, 2013, Carl Pepper of Tyson Foods made several calls to William Kantola of Koch Foods and Mr. Little of PPC.  Based on those calls, Mr. Pepper received information regarding competitors' pricing for the next year and shared that information with Gary Roberts and Timothy Mulrenin.  During an interview with the FBI and others, Mr. Bryant stated that Mr. Pepper gathered information about competitor pricing and that Mr. Austin "generally got all his information from Carl Pepper."  Mr. Pepper's possession of this information and the Bryant interview demonstrate that Mr. Pepper was a part of the conspiracy by May 31, 2013.  Additionally, the fact that Mr. Pepper was the assigned gatherer of this information and shared it with Mr. Roberts and Mr. Mulrenin, who were responsible for setting prices, demonstrates that Mr. Roberts and Mr. Mulrenin joined the conspiracy as of at least May 31, 2013 as well.

On August 29, 2014, Peter Martin of Mar-Jac Poultry spoke with competitors at Tyson Foods and Claxton Poultry.  Mr. Martin additionally spoke with Mitch Mitchell of Case Farms, who informed Mr. Martin of Case Farms' pricing and strategy.  Special Agent Taylor testified that he knows these calls took place around the time of submitting bids to KFC because he interviewed the person responsible for navigating the bidding process for KFC; additionally, Special Agent Taylor testified that his investigation revealed that Case Farms was involved in the bidding.  Based on these phone calls and Special Agent Taylor's investigation, the Court finds Mr. Mitchell joined the conspiracy by August 29, 2014.

In November 2012, Bruce MacKenzie and Joe Grendys, both of Koch Foods, were in possession of detailed pricing information, including the prices of their lowest competitor, regarding bids for YUM! brands.  Mr. MacKenzie informed Mr. Grendys on November 5, 2012 that Mr. Kantola would be getting them further pricing information with respect to KFC.  Special Agent Taylor testified that this demonstrated an awareness of how to tap into the network to gather more information when certain price points were missing.  This shows that Mr. MacKenzie and Mr. Grendys joined the conspiracy as of November 2, 2012.

In December 2011, Mr. Kantola provided Koch's pricing information to Mr. Brady and Mr. Little of PPC.  Special Agent Taylor testified that Mr. Kantola was tapping into the network to share Koch's pricing information.  Moreover, that Mr. Kantola's bid frequently went up is independent evidence that he joined the conspiracy.  Further evidence is an email Mr. Kantola sent in January 2013, wherein Mr. Kantola discussed the fact that Mr. Lovette was searching for detailed information on his competitors so that prices which were too low could be renegotiated as a result of that information search.  The Court finds that Mr. Kantola joined the conspiracy by December 26, 2011.

On May 7, 2013, Tommy Francis of Mar-Jac Poultry emailed Mr. Roberts, who worked at Tyson Foods, asking whether he had "everyone's Popeye's price."  Special Agent Taylor testified that, based on his investigation, "everyone" meant other competitors.  He testified that this term was frequently used in other instances when gathering "intel" or other information on competitor's pricing.  Special Agent Taylor's investigation and the context of this email, which occurred when supplies were

17

attempting to set a price, is independent evidence that Mr. Francis joined the conspiracy by this date.

On February 14, 2014, Kevin Grindle of Mar-Jac Poultry responded to an email from Mr. Brady, who now worked at Claxton Poultry. Mr. Brady provided Mr. Grindle with his pricing for KFC, and Mr. Grindle responded that he would provide Mr. Brady his "number" as soon as he had it. That Mr. Grindle would respond to Mr. Brady, who was a part of the conspiracy, with his company's pricing plans for that bid demonstrates that Mr. Grindle had joined the conspiracy as of that date.

Special Agent Taylor testified that Mr. Martin had joined the conspiracy at least as of January 27, 2013 due to an email from Mr. Penn to Mr. Lovette, which stated that Mr. Martin thanked Mr. Penn for making Pilgrim's a "better competitor." In the context of his investigation, Special Agent Taylor found that the term "better competitor" and "stronger competitor" took on the same meaning as "friendly competitor." Statements about everyone being on the same page is a reference to suppliers seeking higher prices. Special Agent Taylor's testimony demonstrates that Mr. Martin had joined the conspiracy as of January 27, 2013.

Special Agent Taylor testified that Greg Tench of Mar-Jac Poultry joined the conspiracy on August 19, 2014 based on phone calls from Mr. Fries to Mr. Tench, after which Mr. Fries had Mr. Tench's pricing information. Mr. Tench informed Mr. Fries that he was not agreeing to anything, but rather listening. There is insufficient evidence to determine that Mr. Tench joined the conspiracy at this point. While this communication may show that Mr. Fries was attempting to get Mr. Tench on board with the pricing plans, the only information Special Agent Taylor testified about was that Mr. Tench

18

provided some pricing information, which was not as detailed as other episodes. However, by October of 2014, Mr. Tench was in possession of more detailed pricing information regarding his competitors. While Mr. Tench initially proposed lower prices, Special Agent Taylor testified prices then went up to match PPC and Claxton Poultry through a staired, or gradual, pricing model. This independent evidence is sufficient to demonstrate that Mr. Tench joined the conspiracy by October 2014.

On April 1, 2014, Searcy Wildes of Perdue Farms was involved in a flurry of phone calls with competitors. After those phone calls, Mr. Wildes told Kevin Ilardi, also of Perdue Farms, that PPC would be increasing prices on one of its products and that Claxton Poultry would be doing the same. Mr. Wildes included a detailed chart comparing pricing information among Perdue Farms, Claxton Poultry, and PPC. Mr. Ilardi responded that Mr. Wildes had gathered great information. Special Agent Taylor testified that the phone calls and gathering of information was consistent with the network and operation of the conspiracy. The phones calls and Special Agent Taylor's testimony that this practice was consistent with the operation of the conspiracy demonstrate that both Mr. Wildes and Mr. Ilardi had joined the conspiracy by April 1, 2014.

On October 27, 2014, Mr. Tench emailed Chris Sharp of Kelly's Foods the staired pricing bid for Mar-Jac Poultry. Special Agent Taylor testified that this demonstrates that Mr. Sharp had joined the conspiracy. But Mr. Sharp worked for a distributor and is not a competitor or supplier. Special Agent Taylor testified that Mr. Sharp was facilitating Mar-Jac Poultry get new business with customer Pollo Tropical, but there is no evidence that a distributor who assists in securing a new contract is

independent evidence of joining the conspiracy.  Moreover, that Mr. Tench proposed

prices that were consistent with his competitors' does not mean that Mr. Sharp knew

that those prices were developed through the conspiracy network, at least by this point.

However, in October 2016, Mr. Sharp provided Rickie Blake of George's Inc. with

detailed information for all of the competitors.  Special Agent Taylor testified that

distributors and customers did not usually provide detailed information, but only general

ballpark information.  That Mr. Sharp was willing to share this detailed information about

competitor price information is independent evidence that he joined the conspiracy as of

October 2016.  Mr. Blake responded, "Thanks," to Mr. Sharp's email, indicating that he

received and was in possession of pricing information for George's competitors.  The

Court finds that Mr. Blake had joined the conspiracy by October 24, 2016.

**B.  Preliminary Determination of Admissibility Under Fed. R. Evid. 801(d)(2)(E)**

The Court makes the following preliminary determinations of admissibility as to

each of the statements listed in the government's James log pursuant to Rule

801(d)(2)(E):

| Number | Declarants | Ruling |
|--------|-----------|--------|
| 1 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy, although before the charged dates, and in furtherance of the conspiracy. |
| 2 | Rickie Blake; Jimmie Little; William Kantola | The government fails to show that this statement was in furtherance of the conspiracy. |
| 3 | Jimmie Little | The government fails to show that this statement was in furtherance of the conspiracy. |

| 4 | Jimmie Little; Rickie Blake | The government fails to show that this statement was in furtherance of the conspiracy. |
|---|---|---|
| 5 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 6 | William Lovette; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy, although before the charged dates, and in furtherance of the conspiracy. |
| 7 | William Lovette; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy, although before the charged dates, and in furtherance of the conspiracy. |
| 8 | Jimmie Little; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy, although before the charged dates, and in furtherance of the conspiracy. |
| 9 | Scott Brady; Jimmie Little; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 10 | Scott Brady; Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy, although before the charged dates, and in furtherance of the conspiracy. |
| 11 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 12 | Carl Pepper | The government fails to show that this statement was in furtherance of the conspiracy. |
| 13 | Larry Pate; Brenda Ray | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 14 | Jayson Penn; Brenda Ray | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 15 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|----|---------------|------------------------------------------------------------------|
| 16 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 17 | Brian Roberts | Entry withdrawn by the government. |
| 18 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 19 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 20 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 21 | Roger Austin | Entry withdrawn by the government. |
| 22 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 23 | Bruce MacKenzie; Joe Grendys | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 24 | Bruce MacKenzie | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 25 | Scott Brady; Roger Austin | Entry withdrawn by the government. |
| 26 | Larry Pate; Jason McGuire | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 27 | Scott Brady; Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|----|----|----|
| 28 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 29 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 30 | Roger Austin; Jayson Penn | Entry withdrawn by the government. |
| 31 | Roger Austin | Entry withdrawn by the government. |
| 32 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 33 | Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 34 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 35 | Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 36 | Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 37 | Bruce MacKenzie | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 38 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 38A | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 39 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 40 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 41 | Tommy Lane | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 42 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 43 | Scotty Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 44 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 45 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 46 | Tommy Francis | Entry withdrawn by the government. |
| 47 | Carl Pepper | Entry withdrawn by the government. |
| 48 | Carl Pepper | The government fails to show that this statement was in furtherance of the conspiracy. |
| 49 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 50 | Carl Pepper | The government fails to show that this statement was in furtherance of the conspiracy. |

| 51 | Jimmie Little | The government fails to show that this statement was in furtherance of the conspiracy. |
| 52 | Jimmie Little | The government fails to show that this statement was in furtherance of the conspiracy. |
| 53 | Brian Roberts; Carl Pepper; Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 54 | Carl Pepper | Entry withdrawn by the government. |
| 55 | Carl Pepper | Entry withdrawn by the government. |
| 56 | Carl Pepper; Tim Mulrenin; Brian Roberts | The government fails to show that this statement was in furtherance of the conspiracy. |
| 57 | Carl Pepper | The government fails to show that this statement was in furtherance of the conspiracy. |
| 58 | Scott Brady; Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 59 | Scott Brady; Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 60 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 61 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 62 | William Kantola | Entry withdrawn by the government. |
| 63 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 64 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 65 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 66 | Pete Martin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 66A | Bill Lovette; Joe Grendys | The government fails to show that this statement was in furtherance of the conspiracy. |
| 67 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 68 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 69 | Justin Gay | The government fails to show that this statement was in furtherance of the conspiracy. |
| 70 | Searcy Wildes; Scott Brady | Entry withdrawn by the government. |
| 71 | Jimmie Little | Entry withdrawn by the government. |
| 72 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 73 | Scott Brady | The government fails to show that this statement was in furtherance of the conspiracy. |
| 74 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 75 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 76 | Greg Tench | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 77 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|----|----------------|-----------------------------------------------------------|
| 78 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 79 | Carl Pepper; Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 80 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 81 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 82 | Justin Gay | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 83 | Brian Roberts | The government fails to show that this statement was in furtherance of the conspiracy. |
| 84 | Tim Mulrenin | The government fails to show that this statement was in furtherance of the conspiracy. |
| 85 | Roger Austin; Jayson Penn | The government fails to show that this statement was in furtherance of the conspiracy. |
| 86 | Kevin Grindle | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 87 | Justin Gay | The government fails to show that this statement was in furtherance of the conspiracy. |
| 88 | Kevin Ilardi; Searcy Wildes | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 89 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 90 | Kevin Ilardi; Searcy Wildes | The government fails to show that this statement was in furtherance of the conspiracy. |
| 91 | Scott Brady; Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 92 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 93 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 94 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 95 | Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 96 | Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 97 | Justin Gay | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 98 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 99 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 100 | Scott Brady; Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|-----|---------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------|
| 101 | Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 102 | Searcy Wildes | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 103 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 104 | Roger Austin | The government fails to show that this statement was in furtherance of the conspiracy. |
| 105 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 106 | Jason McGuire; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 107 | Jason McGuire | Entry withdrawn by the government. |
| 108 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 109 | Scott Brady | Entry withdrawn by the government. |
| 110 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 111 | Jason McGuire | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 112 | Jimmie Little | Entry withdrawn by the government. |

| 113 | Jimmie Little; Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|-----|------|------|
| 114 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 115 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 116 | Jason McGuire; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 117 | Jason McGuire; Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 118 | Jason Mcguire; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 119 | Jason McGuire; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 120 | Jason Mcguire; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 121 | William Kantola | The government fails to show that this statement was in furtherance of the conspiracy. |
| 122 | Greg Tench | The government fails to show that this statement was in furtherance of the conspiracy. |
| 123 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 124 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 125 | Roger Austin; Jason McGuire | Entry withdrawn by the government. |
|-----|------------------------------|-----------------------------------|
| 126 | Roger Austin; Jason McGuire; Robbie Bryant | The government has shown, by a preponderance of the evidence, that the statements attributed to Mr. Austin and Jason McGuire were made during the conspiracy and in furtherance of the conspiracy. |
| 127 | Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 128 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 129 | Brian Roberts | Entry withdrawn by the government |
| 130 | Roger Austin; Jayson Penn | Entry withdrawn by the government. |
| 131 | Roger Austin; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 132 | Scott Brady; Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 133 | Scott Brady; Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 134 | Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 135 | Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 136 | Pete Martin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 137 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 138 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 139 | Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 140 | Steven Cullen | Entry withdrawn by the government |
| 141 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 142 | Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 143 | Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 144 | Scott Tucker; Justin Gay | Entry withdrawn by the government. |
| 145 | Scott Tucker; Justin Gay | The government fails to show that this statement was in furtherance of the conspiracy. |
| 146 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 147 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 148 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 149 | Jason McGuire | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| --- | --- | --- |
| 150 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 151 | Jimmie Little; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 152 | Jimmie Little | The government fails to show that this statement was in furtherance of the conspiracy. |
| 153 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 154 | Tim Stiller; Jason McGuire; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 155 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 156 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 157 | Jimmie Little; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 158 | Kevin Grindle | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 159 | Tim Stiller; Scott Tucker | Entry withdrawn by the government. |
| 160 | Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 161 | Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 162 | Jimmie Little; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 163 | Walter Cooper; Mikell Fries | The government fails to show that this statement was in furtherance of the conspiracy. |
| 164 | Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 165 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 166 | Jimmie Little | Entry withdrawn by the government. |
| 167 | Jimmie Little; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 168 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 169 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 170 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 171 | William Lovette | Entry withdrawn by the government. |
| 172 | Jimmie Little | Entry withdrawn by the government. |
| 173 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 174 | Tim Stiller; Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|-----|---------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------|
| 175 | Greg Tench | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 176 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 177 | Tim Stiller; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 178 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 179 | Kevin Grindle | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 180 | Charles George | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 181 | Greg Tench | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 182 | Greg Tench; Chris Sharp | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 183 | Pete Martin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 184 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 185 | Kevin Grindle | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|-----|---------------|------------------------------------------------------------------------------------------------------------------------------------------------------|
| 186 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 187 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 188 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 189 | Scott Tucker; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 190 | Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 191 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 192 | Tim Stiller; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 193 | Jayson Penn; Bill Lovette | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 194 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 195 | Jayson Penn; William Lovette | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 196 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|-----|-----------------|------|
| 197 | Greg Tench | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 198 | Mitch Mitchell | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 199 | William Kantola | The government fails to show that this statement was in furtherance of the conspiracy. |
| 200 | Jimmie Little; Justin Gay; Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 201 | Carl Pepper; Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 202 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 203 | Rickie Blake | The government fails to show that this statement was in furtherance of the conspiracy. |
| 204 | Scott Brady | Entry withdrawn by the government |
| 205 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 206 | Carl Pepper; Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 207 | Tim Stiller; Justin Gay | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 208 | Tim Stiller; Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|---|---|---|
| 209 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 210 | William Lovette | Entry withdrawn by the government. |
| 211 | Jimmie Little; Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 212 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 213 | Chris Sharp; Mikell Fries | The government fails to show that this statement was in furtherance of the conspiracy. |
| 214 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 215 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 216 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 217 | Tim Stiller; Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 218 | Carl Pepper; Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 219 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 220 | Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 221 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 222 | Justin Gay | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 223 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 224 | William Lovette; Joe Grendys | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 225 | Joe Grendys | Entry withdrawn by the government |
| 226 | Tim Stiller; Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 227 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 228 | Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 229 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 230 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 231 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 232 | Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|-----|--------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------|
| 233 | Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 234 | Greg Tench | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 235 | Rickie Blake; Chris Sharp | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 236 | Roger Austin; Robbie Bryant | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 237 | Tim Mulrenin; Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 238 | Roger Austin | The government fails to show that this statement was in furtherance of the conspiracy. |
| 239 | Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 240 | Scott Brady | The government fails to show that this statement was in furtherance of the conspiracy. |
| 241 | Tim Stiller; Tommy Lane | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 242 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 243 | Tim Stiller; Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 244 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 245 | Tim Stiller; Robbie Bryant | Entry withdrawn by the government. |
| 246 | Robbie Bryant | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 247 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 248 | Roger Austin | Entry withdrawn by the government. |
| 249 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 250 | Roger Austin | Entry withdrawn by the government. |
| 251 | Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 252 | Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 253 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 254 | Roger Austin; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 255 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 256 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|---|---|---|
| 257 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 258 | Justin Gay; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 259 | Robbie Bryant | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 260 | Robbie Bryant; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 261 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 262 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 263 | Tim Stiller | Entry withdrawn by the government. |
| 264 | William Kantola | Entry withdrawn by the government. |
| 265 | William Kantola | The government fails to show that this statement was in furtherance of the conspiracy. |
| 266 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 267 | Tim Stiller; Justin Gay | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 268 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|---|---|---|
| 269 | Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 270 | Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 271 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 272 | Robbie Bryant; Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 273 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 274 | Carl Pepper; William Kantola | The government fails to show that this statement was in furtherance of the conspiracy. |
| 275 | Roger Austin | Entry withdrawn by the government. |
| 276 | Roger Austin; Tim Stiller | Entry withdrawn by the government. |
| 277 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 278 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 279 | Roger Austin | Entry withdrawn by the government. |
| 280 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 281 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 282 | Chris Sharp | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 283 | Chris Sharp; Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 284 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 285 | Justin Gay; Robbie Bryant | The government fails to show that this statement was in furtherance of the conspiracy. |
| 286 | Carl Pepper; Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 287 | Roger Austin; Jayson Penn | The government fails to show that this statement was in furtherance of the conspiracy. |
| 288 | Carl Pepper; Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 289 | Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 290 | Chris Sharp; Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 291 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 292 | Chris Sharp | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 293 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|-----|-------------|------------------------------------------------------------------------------------------------------------------------------------------------------|
| 294 | Justin Gay | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 295 | Tommy Francis | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 296 | Carl pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 297 | Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 298 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 299 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 300 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 301 | Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 302 | Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 303 | Rickie Blake | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 304 | Rickie Blake | Entry withdrawn by the government. |

| 305 | Rickie Blake; Chris Sharp | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|---|---|---|
| 306 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 307 | Tim Mulrenin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 308 | Carl Pepper | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 309 | Scott Brady; Mikell Fries | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 310 | Mikell Fries | Entry withdrawn by the government. |
| 311 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 312 | Scott Brady | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 313 | Jayson Penn; William Lovette | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 314 | William Kantola | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 315 | Jimmie Little; Robbie Bryant | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 316 | Tim Stiller; Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 317 | Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 318 | Tim Stiller | The government fails to show that this statement was in furtherance of the conspiracy. |
| 319 | Scott Tucker | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 320 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 321 | Jimmie Little | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 322 | Rickie Blake; Brian Roberts | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 323 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 324 | Jason McGuire; Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 325 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 326 | Jayson Penn | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 327 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

| 327A | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
|------|-------------|----------------------------------------------------------------------------------------------------------------------------------------------------------|
| 327B | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 327C | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 327D | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 328 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 329 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 330 | Justin Gay | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 331 | Tim Stiller | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 332 | Roger Austin | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |
| 333 | Scott Tucker; Robbie Bryant | The government has shown, by a preponderance of the evidence, that this statement was made during the conspiracy and in furtherance of the conspiracy. |

DATED October 5, 2021.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge