IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
5.  TIMOTHY R. MULRENIN,
6.  WILLIAM VINCENT KANTOLA,
7.  JIMMIE LEE LITTLE,
8.  WILLIAM WADE LOVETTE,
9.  GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

        Defendants.

---

**ORDER**

---

This matter comes before the Court on the United States' Omnibus Motions *In Limine* [Docket No. 543[1]], which is divided into individual motions *in limine*. The Court addresses each in turn.

---

[1] The government has filed three version of its omnibus motion *in limine*. *See* Docket Nos. 542, 543, 567. Docket Nos. 542 and 543 are both restricted, while Docket No. 567 is a public, redacted version of the motion. Docket No. 542 and Docket No. 543 are substantively the same, though Docket No. 542 contains portions of text that are highlighted. *See, e.g.*, Docket No. 542 at 7. Accordingly, the Court will refer to Docket No. 543 throughout this order.

## I. Motion 1

The government asks the Court to exclude evidence and argument that the charged conspiracy was justified by procompetitive motives or did not result in harmful effects.  Docket No. 543 at 1.  The defendants do not disagree.  Docket No. 560 at 3 ("To the extent the government is arguing only that defendants should not be allowed to offer justifications for price-fixing in a case governed by the current *per se* standard, Defendants agree.").  However, defendants emphasize that they are not admitting to the existence of an agreement to fix prices, but rather intend to introduce evidence that defendants did not enter into any such agreement.  *Id.*  The Court agrees with the government that, given the superseding indictment charges a *per se* price fixing case, defendants cannot introduce evidence that, if the defendants did have an agreement to fix prices, such an agreement is justifiable because it either did not cause economic harm or increased competition.  However, that does not preclude the defendants from introducing evidence that the prices were not fixed as a result of an agreement or from introducing evidence that a lack of harm suggests that defendants did not have an agreement to fix prices.  Whether or not evidence of this nature is admissible may depend on the purpose for which the evidence is offered.  Accordingly, the Court will grant the portion of the motion seeking to exclude evidence and argument that a conspiracy was justified by procompetitive motives or did not result in harmful effects.

The government also asks the Court to exclude evidence from defendants' economic expert, Professor Edward Snyder, and defendants' market expert, Paul Sinowitz.  The government argues that Professor Snyder should be precluded from

testifying on the procompetitive aspects of information exchanges and the lack of anticompetitive harm, "whether from 'observed price increases,' lack of 'supracompetitive pricing,' or otherwise."  Docket No. 543 at 3.  The government raised the same arguments in its motion to exclude certain expert testimony, and the Court will rule on these issues in its order on the government's motion to exclude.  *See* Docket No. 299 at 7-8 (arguing that the Court should exclude Professor Snyder from testifying on the procompetitive aspects of information exchanges and that the economic outcomes were not consistent with what economists would expect in the presence of price fixing or bid-rigging).  The government also seeks to preclude Mr. Sinowitz from testifying on procompetitive justifications and that "Claxton was not a true competitor" of other chicken suppliers.  Docket No. 543 at 4.  The government does not identify any procompetitive justification Mr. Sinowitz is expected to testify about, *see id.* (citing Docket No. 299 at 5, which is Professor Snyder's opinions), and has moved to exclude Mr. Sinowitz's opinion about Claxton not being a true competitor in its motion to exclude certain of defendants' experts.  *See* Docket No. 299 at 12.  The Court will rule separately on the admissibility of Professor Snyder's and Mr. Sinowitz's testimony in its order on the government's motion to exclude certain defense experts' opinions, and accordingly will deny this portion of the motion as moot.

## II.  Motion 2

The government asks the Court to exclude testimony from Mr. Sinowitz based on his lack of personal knowledge.  Docket No. 543 at 4.  Defendants have disclosed that Mr. Sinowitz is expected to testify about contracts he helped to develop while employed at Restaurant Supply Chain Solutions, LLC ("RSCS"), the purchasing cooperative for

3

Kentucky Fried Chicken Corporation ("KFC").  Docket No. 543 at 4.  The government

argues that this testimony is irrelevant because Mr. Sinowitz stopped working at RSCS

in 2003, well before the commencement of the charged conspiracy.  *Id.*  Defendants

respond that, during the charged conspiracy, the terms of the contract in question were

"substantially in effect."  Docket No. 560 at 5.  The Court is unable to rule on this motion

until Mr. Sinowitz testifies and will therefore deny it without prejudice.

### III.  Motion 3

The government seeks to preclude the defendants from justifying an agreement

to fix prices based on the defendants being well-intentioned, for instance, by arguing

that raising prices would ensure that broiler chicken suppliers would continue to

produce "small bird" chickens.  Docket No. 543 at 5; *United States v. Topco Assocs.,*

*Inc.*, 405 U.S. 596, 610 (1972) ("[T]he Court has consistently rejected the notion that

naked restraints of trade are to be tolerated because they are well intended.").

Defendants do not disagree, but once again focus on the fact that they intend to

introduce evidence challenging the existence of a conspiracy.  *See* Docket No. 560 at

5-6.  The admissibility of "intention" evidence may depend on the purpose it is offered

for, which must be resolved at trial.  The Court will deny this motion without prejudice.

### IV.  Motion 4

The government seeks to preclude the defendants from introducing evidence

that they are "generous, charitable, patriotic, family-oriented, religious, or community

participants," Docket No. 543 at 6, on the grounds that such evidence is admissible only

when the trait is "pertinent" to the offense charged.  The defendants acknowledge that

"any character evidence must meet the requirements of Rule 404 and Rule 405."

Docket No. 560 at 6.  The Court is unable to rule on the motion until a defendant attempts to present evidence of a character trait, and will therefore deny it without prejudice.

## V.  Motion 5

The Court has ruled on motion five in a separate order.

## VI.  Motion 6

The government seeks to admit evidence of defendants' compensation and pay scale.  Docket No. 543 at 8.  The Court has ruled on this motion in an earlier order, *see* Docket No. 603 at 4-5, and therefore denies this motion as moot.

## VII.  Motion 7

The government asks the Court to permit it to introduce summary exhibits and testimony under Fed. R. Evid. 1006.  Docket No. 543 at 9-10.  The government argues that it should be permitted to summarize "a large number of phone records and business documents such as chicken supply contracts, business-related correspondence, and emails and text messages over the span of several years maintained by the defendants' employers, their customers, and phone utility providers to facilitate the efficient presentation of trial evidence."  *Id.* at 9.

Defendants have filed two responses to this motion: one in their omnibus response, *see* Docket No. 560 at 10-12, and one filed as a separate document.  Docket No. 564.  Defendants argue that admitting summary evidence would constitute an impermissible interpretation of the underlying evidence, would be significantly prejudicial, and would contravene defendants' right to confront witnesses against them. *Id.* at 5-8.  Defendants also argue that the Court cannot declare undisclosed summaries

admissible without seeing the summaries and determining if they contain hearsay and essentially offers the government multiple closing arguments. Docket No. 560 at 10-12.

In order to be admissible in summary form, the underlying evidence itself must be admissible. *United States v. Channon*, 881 F.3d 806, 810 (10th Cir. 2018). The government has not tendered the summary exhibits in question. The Court is therefore not able to rule on the motion. Instead, this issue must wait for trial. The motion will therefore be denied without prejudice.

## VIII. Motion 8

The government asks the Court to admit Pilgrims Pride's plea agreement if defendants call into question the credibility of Robbie Bryant. Docket No. 543 at 11. The Court ruled on this motion in an earlier order, *see* Docket No. 603 at 9-10, and therefore the motion will be denied as moot.

## IX. Motion 9

The government seeks to preclude the defendants from attempting to admit evidence or from informing the jury about the potential penalties or consequences that the defendants face if convicted. Docket No. 543 at 11. The defendants do not respond to this motion other than to say that they will propose a jury instruction about the irrelevance of potential penalties. *See* Docket No. 560 at 13. The Court will grant the government's motion.

## X. Motion 10

The government asks the Court to exclude argument and evidence suggesting that complicity by customers or their representatives excuse the conspiracy. Docket No. 543 at 12. The government argues the evidence is irrelevant. *Id.* at 12-13.

Defendants respond that they do not intend to introduce evidence that customers or their representatives were complicit in the charged conspiracy.  Docket No. 560 at 13. However, defendants do intend to introduce evidence of customer behavior, specifically, evidence that customers routinely shared pricing information with suppliers and, in certain circumstances, instructed suppliers to align prices so that customers could provide consistent prices to their franchises and affiliates.  *Id.*  Defendants state that such evidence is relevant to whether an agreement to fix prices existed.  *Id.*

The admissibility issue turns on the purpose for which the evidence is introduced.  The Court believes that the evidence the defendants mention in their response is relevant to whether defendants had an agreement to fix prices.  Moreover, the defendants do not intend to introduce evidence that customers were complicit in a conspiracy to fix prices.  Thus, this motion is moot and the Court will deny it.

## XI.  Motion 11

The government asks the Court to exclude references to the government's deliberative process privilege and charging decisions, including references to the Antitrust Division's Leniency Program.  Docket No. 543 at 13.  The Court ruled on this motion in an earlier order, *see* Docket No. 604 at 1-2, and denies this motion as moot.

## XII.  Motion 12

The government seeks to exclude the opinions of Mark Chambers.  The government has also moved to exclude Dr. Chambers' testimony in its motion to exclude expert witness testimony.  *See* Docket No. 299 at 14-16.  The Court will rule on the admissibility of Dr. Chambers' testimony in its order on the government's motion to

exclude certain defense experts' opinions, and accordingly will deny this motion as moot.

## XIII.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 1 [Docket No. 543 at 1-4] is **GRANTED in part** and **DENIED as moot in part**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 2 [Docket No. 543 at 4] is **DENIED without prejudice**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 3 [Docket No. 543 at 5-6] is **DENIED without prejudice**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 4 [Docket No. 543 at 6] is **DENIED without prejudice**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 6 [Docket No. 543 at 8-9] is **DENIED as moot**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 7 [Docket No. 543 at 9-11] is **DENIED without prejudice**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 8 [Docket No. 543 at 11] is **DENIED as moot**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 9 [Docket No. 543 at 11-12] is **GRANTED**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 10 [Docket No. 543 at 12-13] is **DENIED as moot**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 11 [Docket No. 543 at 13] is **DENIED as moot**.  It is further

**ORDERED** that the United States' Omnibus Motion *In Limine*, motion 12 [Docket No. 543 at 14] is **DENIED as moot**.

DATED October 14, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge