### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAYSON JEFFREY PENN, et al.**, <br><br> *Defendants.* | Case No. 1:20-cr-00152-PAB |

### MOTION FOR AN ORDER COMPELLING DISCLOSURE OF WITNESS STATEMENTS AND UNDERLYING MATERIALS
### <u>UNDER THE JENCKS ACT AND RULE 26.2</u>

With trial set to begin in less than one week, the Government continues to make voluminous productions and has represented that it will continue to make additional productions throughout trial. The Government has previously voluntarily produced witness statements, including by moving this Court for orders permitting it to produce grand jury testimony. *See* Dkts. 87, 196. *See also* Gov't Opp., Dkt. 361 at 7. These productions, however, have not always been timely. The Defendants move the Court for an order requiring the Government to produce all *Jencks*/Rule 26.2 material related to each of its trial witnesses presently in their possession and

promptly to produce new statements as taken, to permit adequate defense preparation for trial—but in no event later than Rule 26.2(a) requires.[1]

## BACKGROUND

On November 20, 2020, the Court entered discovery orders requiring the Government to produce Rule 16 discovery materials by December 1, 2020. Dkts. 199, 201. At that time, the Government had produced more than 12.7 million documents. Dkt. 199 ¶ 2. Because the Government continued to make voluminous productions, the Defendants wrote the Government seeking a date certain for final production and seeking the production of reports for all witness interviews conducted to date. *See* Dkt. 274-1 at 1-2. The Government refused to provide a date certain for production or immediately to produce witness reports, but recommitted itself to "provid[ing] [interview] reports as they become available." Dkt. 274-2 at 2 n.1; *see id.* at 2.

The Defendants then filed a motion asking the Court to impose production deadlines for, among other things, witness statements and underlying documents. Dkt. 274 at 1. On September 14, 2021, the Court denied the Defendants' motion, reasoning that the Government's investigation was ongoing and that a production deadline was inconsistent with the Government's continuing Rule 16 and *Brady* obligations. Dkt. 483 at 2-3. "Obviously," the Court noted, "if any new *Brady* material comes into the possession of the government, it shall promptly disclose such material." *Id.* at 3. *Giglio* material is, of course, a subset of *Brady* material. *Giglio v. United States*, 405 U.S.

---

[1] If the Court declines to order production before the time required under Rule 26.2, the Defendants alternatively move the Court to enter an order prior to trial compelling production upon completion of the direct examination of each Government witness. Otherwise, the Defendants will need to renew their motion upon completion of the direct examination of each Government witness, risking substantial and needless delay. *See United States v. Wright*, 506 F.3d 1293, 1301 (10th Cir. 2007).

2

150, 154 (1972) (since the "reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general [Brady] rule" (citation omitted)); *United States v. McVeigh*, 923 F. Supp. 1310, 1315 (D. Colo. 1996) ("*Brady* obligations are not altered or modified by the fact that the information is contained in witness statements or grand jury testimony.").

Following the conclusion of the *James* hearing, the Government for the first time disclosed testimony by Agent Taylor from a grand jury appearance that occurred well before the *James* hearing began. The Defendants moved to strike his testimony under Rule 26.2(e). Dkt. 536. In denying that motion, the Court noted that the Government's belated production did not violate an order of this Court and imposed no sanction for the untimely production of Agent Taylor's prior statement. Dkt. 558 at 3-4.

## ARGUMENT

The Jencks Act requires the government to produce prior statements by its witnesses on the same subject matter as their testimony. This obligation is restated by Rule 26.2. *See* Charles A. Wright & Arthur R. Miller, Fed. Prac. and Proc. § 436. While Rule 26.2(a) does not require the government to produce witness statements until the witness has testified on direct, "in cases where there are many statements or where the bulk of witness statements is large, the government will agree, or it may even be ordered, to deliver material at an earlier time so as to avoid lengthy delays before the beginning of cross-examination." *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983). Such practices and orders heed the Jencks Act requirement that defendants have a "reasonable opportunity to examine [witness statements] and prepare for [their] use in the trial." *Id.* (discussing 18 U.S.C. § 3500(c)); *see United States v. Mavrokordatos*, 933 F.2d 843, 847 (10th

3

Cir. 1991) ("Jencks Act disclosures before trial greatly facilitate the trial proceedings. Agreements for pretrial disclosures are common and encouraged."); *United States v. Mathews*, No. 16-CR-129-WJM, 2017 WL 11490394, at *1 (D. Colo. Mar. 29, 2017) (ordering the government to "produce any Jencks material within its possession, custody, or control at a time reasonably in advance of trial").

Indeed, the Defendants' constitutional rights to due process, confrontation, and effective assistance of counsel depend on production of Jencks material in sufficient time to analyze it and make use of it on cross. In a case like this, with "many statements," it is appropriate to order production in advance of when Rule 26.2(a) requires, to ensure the Defendants have a reasonable opportunity to examine and analyze the statements while avoiding "lengthy delays before the beginning of cross-examination." *Holmes*, 722 F.2d at 40; *see also United States v. Poindexter*, 727 F. Supp. 1470, 1484 (D.D.C. 1989) ("in a case as complex as this, and involving as many witnesses, delay of production of these materials until the time of the witness' testimony would be likely to cause extensive trial delays, since production after the witness has testified on direct might, in fairness, require the Court in many instances to recess so as to permit defense counsel to consider the impact of the documents prior to cross examination.").

## CONCLUSION

For the reasons set forth above, the Defendants request an order compelling the Government immediately to produce all witness statements and other Jencks/Rule 26.2 material in its possession and promptly to produce new statements as they are taken, to permit adequate defense preparation and to avoid unnecessary delays at trial. If the Court declines to order

production sooner, the Defendants alternatively request an order compelling such production after each witness has testified on direct.

Date:  October 20, 2021                                      Respectfully submitted,

| | |
|---|---|
| *s/ John A. Fagg, Jr.*<br>John A. Fagg, Jr.<br>MOORE & VAN ALLEN PLLC<br>Attorney for William Wade Lovette<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28202<br>(704) 331-3622<br>johnfagg@mvalaw.com | */s/ Barry J. Pollack*<br>Barry J. Pollack<br>ROBBINS, RUSSELL, ENGLERT,<br>ORSECK & UNTEREINER LLP<br>2000 K Street N.W., 4th Floor<br>Washington, D.C.  20006<br>(202) 775-4500<br>bpollack@robbinsrussell.com |
| *s/ Richard K. Kornfeld*<br>Richard K. Kornfeld<br>RECHT KORNFELD, P.C.<br>Attorney for Mikell Reeve Fries<br>1600 Stout Street, Suite 1400<br>Denver, CO 80202<br>(303) 573-1900<br>rick@rklawpc.com | *s/ Michael F. Tubach*<br>Michael F. Tubach<br>O'MELVENY & MYERS LLP<br>Attorney for Jayson Jeffrey Penn<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California 94111-3823<br>(415) 984-8700<br>mtubach@omm.com |
| *s/ Bryan Lavine*<br>Bryan Lavine<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>Attorney for Scott James Brady<br>600 Peachtree St. NE, Suite 3000<br>Atlanta, GA 30308<br>(404) 885-3170<br>Bryan.lavine@troutman.com | *s/ Michael S. Feldberg*<br>Michael S. Feldberg<br>REICHMAN JORGENSEN LEHMAN & FELDBERG LLP<br>Attorney for Roger Born Austin<br>750 Third Avenue, Suite 2400<br>New York, NY 10017<br>(212) 381-1965<br>mfeldberg@reichmanjorgensen.com |
| *s/ James A. Backstrom*<br>James A. Backstrom, Counsellor at Law<br>Attorney for William Vincent Kantola<br>1515 Market Street, Suite 1200<br>Philadelphia, PA 19102-1932<br>(215) 864-7797<br>jabber@backstromlaw.com | *s/ Elizabeth Prewitt*<br>Elizabeth B. Prewitt<br>LATHAM & WATKINS LLP-DC<br>Attorney for Timothy R. Mulrenin<br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 906-1200<br>elizabeth.prewitt@lw.com |

*s/ Craig Allen Gillen*  
Craig Allen Gillen  
GILLEN, WITHERS & LAKE, LLC  
Attorney for Gary Brian Roberts  
400 Galleria Parkway, Ste. 1920  
Atlanta, GA 30339  
(404) 842-9700  
cgillen@gwllawfirm.com  

*s/ Mark A. Byrne*  
Mark A. Byrne  
BYRNE & NIXON LLP  
Attorney for Jimmie Lee Little  
888 West Sixth St, Suite 1100  
Los Angeles, CA 90017  
(213) 620-8003  
markbyrne@byrnenixon.com  

6

**CERTIFICATE OF SERVICE**

On this 20th day of October, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack

*Counsel for Mr. Blake*