IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

      Defendants.

## DEFENDANTS' JOINT RESPONSE TO THE GOVERNMENT'S MOTION TO LEAD CERTAIN RECORDS CUSTODIAN WITNESSES ON DIRECT EXAMINATION AT TRIAL AND TO AUTHENTICATE BY OTHER MEANS

This case is scheduled for trial tomorrow, October 25, 2021. Yesterday evening, the government filed a Motion to Lead Certain Records Custodian Witnesses on Direct Examination at Trial and to Authenticate by Other Means. (ECF 720). In part, the government requests the Court's permission, in advance of hearing testimony from any of those witnesses, to ask leading questions on direct examination of Claxton's records custodian (and Koch and Mar-Jac) during the trial. (*Id.* at 3-4). This request is premature and should be denied.

Regarding Claxton, the government reasons that Claxton "refuse[s] to make their [sic] witnesses available for pre-trial interviews with the government" (*id.* at 2), and that therefore, "[Claxton's] witnesses are hostile to the government and leading questions should be permitted to expedite authentication and business-record testimony." (*Id.* at 3). The government makes essentially the same arguments concerning Koch Foods, notwithstanding the fact that Koch Foods (and Claxton Poultry) have identified its document custodian from the outset of the case, and have accepted service of all trial subpoenas.

The government's request is both factually inaccurate and premature. The government has not shown that the witnesses are hostile. The government should not be permitted to ask leading questions until it demonstrates hostility *in fact* at the trial of this matter. *See* Advisory Committee Note to Rule 611(c) ("The final sentence of subsection (c) was amended by the House for the purpose of clarifying the fact that a "hostile witness"—that is *a witness who is hostile in fact*—could be subject to interrogation by leading questions."); *See Romero v. City of Albuquerque*, 190 F. App'x 597, 606 (10th Cir. 2006) (holding that the trial court's refusal to allow counsel to lead the witness was not error when the witness was not adverse to answering counsel's questions to the point she should have been considered hostile); *see United States v. Wiley*, 846 F.2d 150, 156 (2d Cir. 1988) (finding that when a witness was unresponsive and deviated from previous statements at trial, the prosecution could be treated as a hostile witness on the basis of surprise pursuant to Fed. R. Evid. 611(c)); *see United States v. Cisneros–Gutierrez,* 517 F.3d 751, 762 (5th Cir.2008) (affirming a district court's decision to treat a witness as hostile at trial given the extent of the witnesses memory problems, which appeared to be

2

feigned, and the witnesses hostility"); *see Sec. & Exch. Comm'n v. Goldstone*, 317 F.R.D. 147, 164 (D.N.M. 2016) (ruling that the court would defer making a final decision on whether a party may lead the witnesses until it heard the witnesses answers at trial); *see S.E.C. v. World Info. Tech., Inc.*, 250 F.R.D. 149, 151 (S.D.N.Y. 2008) (declaring witness hostile prior to trial was premature where the SEC had not presented any evidence of the witness's lack of cooperation); *accord Jackson v. City of White Plains*, No. 05-CV-0491 (NSR), 2016 WL 234855, at *7 (S.D.N.Y. Jan. 19, 2016) ("Rather than rule now, without the benefit of observing each witness' testimony at trial, the Court will permit Plaintiff to renew his application [to declare the witness hostile] each time a witness testifies, should that witness' testimony evidence the need to treat him or her as hostile.").

This is especially the case where the witness is someone who will speak to the record-keeping and other administrative matters—not a witness to disputed events. The government has subpoenaed the Claxton, Koch and Mar-Jac witnesses to respond to questions regarding authentication, and there is little room to be hostile in response to an examination for that purpose.

The government's request conflates "hostility" under Rule 611 with the mere *potential for bias*, but has not yet shown either. Claxton's, Koch's and Mar-Jac's records custodians that the government will examine are not hostile merely based on the identify of their employer.  Hostility is a showing yet to be made, if it can, while a particular witness is on the stand during direct examination.  The government's averments in its Motion, regarding anticipated hostility, have no basis in fact.  Further, the issue is not yet ripe.

The government also misstates that the Claxton witness would not meet with the government. But that is beside the point.   Even if Claxton's witness had refused—which

he did not—a witness is under no obligation to meet with either party before taking the stand to provide information. *See United States v. Binh Tang Vo*, 78 F.Supp.3d 171, 178-79 (D.D.C. 2015) ("'Rule 17 governs the issuance of subpoenas in criminal cases.' Charles Alan Wright, et al., Federal Practice and Procedure, § 271 (4th ed.2014). Parties are therefore bound to follow—and not exceed—its authorization of subpoena power. The Rule, moreover, 'is not intended as a discovery rule.' *United States v. Carter*, 15 F.R.D. 367, 369 (D.D.C.1954)." No witness, therefore, is required voluntarily to be interviewed by the government. The government cites no case finding that the mere fact that a third-party witness declines to do so, as is his or her right, makes that witness "hostile." Nor is a third-party witness's refusal to meet with the government before trial sufficient to be declared a hostile witness, and the government cites no case that it is.

The government has also disclosed Simeon Morbey as a witness, but he would have no personal knowledge of any matters material to this trial. He is a civil plaintiffs' lawyer in the parallel *In re Broilers Antitrust Litigation* and he would offer no competent testimony in this criminal matter. Indeed, this Court has previously ruled that there could be no references to the pending civil litigation in this trial. (ECF 603 at 9-10). Yet the government still plans to use Mr. Morbey and/or others associated with the civil litigation to get civil litigation documents into evidence. This is concerning because references to the civil litigation may be unavoidable with attorneys from the civil litigation being examined on how they came to receive Claxton documents in the civil litigation. Claxton requests that Mr. Morbey not be permitted to testify that he represents class action plaintiffs in a matter adverse to Claxton or any other chicken producer. Nor should he be able to suggest in any way that he is involved in the *In re Broilers Antitrust Litigation*, what

the matter is about, or that Claxton or any other chicken producer is a defendant in the action. And, perhaps most importantly, Mr. Morbey should not be able to disclose, characterize, testify about, or summarize any deposition transcripts from *In re Broilers Antitrust Litigation*.

## **CONCLUSION**

Accordingly, Defendants respectfully request that the government's motion that it be permitted to ask leading questions of records custodians be denied. Defendants also request that Mr. Morbey not be allowed to testify about the civil litigation, including that he represents class action plaintiffs in a matter adverse to any chicken producer at issue in this case, or that any chicken producers involved in this case have been sued in a civil action, that the producers in any way are involved in the *In re Broilers Antitrust Litigation*, or that any other chicken producer involved in this case is a defendant in the civil action. Finally, Mr. Morbey should not be able to disclose, characterize, testify about, or summarize any deposition transcripts from the *In re Broilers Antitrust Litigation*.

Dated: October 24, 2021                              Respectfully submitted,

Dated:  October 24, 2021                                  Respectfully submitted,

s/ John A. Fagg, Jr.
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

s/ Richard K. Kornfeld
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

s/ Bryan Lavine
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

s/ James A. Backstrom
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

s/ Michael F. Tubach
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

s/ Michael S. Feldberg
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

s/ Elizabeth Prewitt
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

s/ Mark A. Byrne
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

6

| | |
|---|---|
| *s/ Craig Allen Gillen* | *s/ Barry J. Pollack* |
| Craig Allen Gillen | Barry J. Pollack |
| GILLEN, WITHERS & LAKE, LLC | Attorney for Rickie Patterson Blake |
| Attorney for Gary Brian Roberts | ROBBINS, RUSSELL, ENGLERT, |
| 400 Galleria Parkway, Ste. 1920 | ORSECK, & UNTEREINER LLP |
| Atlanta, GA 30339 | 2000 K Street N.W., 4th Floor |
| (404) 842-9700 | Washington, DC 20006 |
| | (202) 775-4514 |
| cgillen@gwllawfirm.com | bpollack@robbinsrussell.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2021, I electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter.

s/ *Erin Holweger*
Erin Holweger