IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
5.  TIMOTHY R. MULRENIN,
6.  WILLIAM VINCENT KANTOLA,
7.  JIMMIE LEE LITTLE,
8.  WILLIAM WADE LOVETTE,
9.  GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

      Defendants.

---

## ORDER

---

      This matter comes before the Court on Defendants' Joint Motion to Exclude the Government's Proposed Summary Exhibits [Docket No. 715].  The government responded.  Docket Nos. 722, 723.[1]

      The government attached ten summary exhibits to its trial brief, which it filed on Monday, October 18, 2021.[2]  *See* Docket No. 670.  Defendants move the Court to

---

[1] Docket No. 723 is a restricted version of Docket No. 722.  However, because Docket No. 722 does not have any redacted material in it, the Court will cite to Docket No. 722, the public version of the government's response.

[2] The government had earlier moved the Court to admit its summary exhibits pursuant to Fed. R. Evid. 1006 in its motions in limine, Docket No. 543 at 9-10, but the Court denied the motion without prejudice because the government had not supplied

exclude them.  Docket No. 715 at 1.  Defendants generally argue that the exhibits do not summarize admissible evidence, violate the Confrontation Clause, and are impermissible under Rule 611(a).  *Id.* at 3-5, 13-14.  Defendants also make arguments specific to each exhibit.  *Id.* at 5-13.

Fed. R. Evid. 1006 states that "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  The Tenth Circuit has approved of the use of summary charts in tax cases, so long as an appropriate limiting instruction is given.  *See United States v. Thompson*, 518 F.3d 832, 838-39 (10th Cir. 2008) (collecting cases).  This is because tax cases often require the presentation of substantial and complex documentation, and the technical analyses of the materials by tax experts.  *Id*.  In *United States v. Ray*, 370 F.3d 1039 (10th Cir.2004), *vacated on other grounds*, 543 U.S. 1109, the Tenth Circuit addressed the issue of summary testimony and charts in a drug conspiracy case.  "We held [in *Ray*] that the district court must look at two factors when determining whether to admit summary testimony and accompanying charts: (1) the testimony's or chart's potential to 'aid [ ] the jury in ascertaining the truth,' . . . ; and (2) 'the possible prejudice that may result to the defendant in allowing such evidence.'"  *United States v. Brooks*, 736 F.3d 921, 931 (10th Cir. 2013) (quoting *Ray*, 370 F.3d at 1046-47 (internal citations omitted)).

In *United States v. Renteria*, 720 F.3d 1245, 1252 (10th Cir. 2013), the Tenth Circuit explained the interaction between Rule 1006 and Rule 611(a).  The defendants

---

the summary exhibits to the Court for review.  Docket No. 642 at 5-6.

were found guilty of various drug conspiracy counts in a five-week trial that included the

testimony of thirty witnesses. *Id.* at 1249. The district court admitted summary exhibits

of UPS shipping records and Western Union and Money Gram transactions. *Id.* at

1252. On appeal, defendants argued that the charts were an impermissible summary

of testimony, rather than documents, because the special agent added dates to the

transactions that came from testimony rather than the documents themselves. *Id.* Rule

611(a) states:

> The court should exercise reasonable control over the mode and order of
> examining witnesses and presenting evidence so as to:
> (1) make those procedures effective for determining the truth;
> (2) avoid wasting time; and
> (3) protect witnesses from harassment or undue embarrassment.

Fed. R. Evid. 611(a). In "determin[ing] whether summarized exhibits relying on previous

testimony are admissible under Rule 611(a)," the court considered the two part test of

*Ray. Renteria*, 720 F.3d at 1253. "Relevant factors [under the first prong] include the

length of trial, the complexity of case, and the possible confusion generated by a large

number of exhibits. . . . Second, the court considers any resulting prejudice, looking at

whether, for example, the preparer was available for cross examination and whether the

court gave any limiting instructions."[3] *Id.* The Tenth Circuit upheld the district court's

admission of the summary exhibits because of the length and complexity of the trial, the

_____

[3] The government proposes the following limiting instruction, which comes from
the Comments to Tenth Circuit Pattern Instruction 1.41:

> Summaries or charts are not themselves evidence, but are summaries,
> the accuracy and reliability of which are to be determined by the testimony
> and exhibits admitted into evidence.

Docket No. 722 at 14.

fact that the preparer was available for cross-examination, and that the charts were almost entirely a summary of record exhibits and quantities that were admissible under Rule 1006.[4]  *Id.*  With the above principles in mind, the Court considers the admissibility of each summary exhibit.

**I. Exhibit A1[5]**

Exhibit A1 is a table of names and associated phone numbers.  Docket No. 723-1.  Defendants argue that the header "minimum time period" is "misleading and argumentative," several dates provided by the government are not found in the underlying documents, the government engages in "misleading rounding," and the underlying records do not include information tying the phone number to an individual or company.  Docket No. 715 at 5-6.

The government responds that it updated the caption to "Minimum Time Period (By Year)" and corrected the dates identified by defendants.  Docket No. 722 at 8-9. The toll records are voluminous records that a summary exhibit will help the jury understand.  Accordingly, the Court will deny defendants' motion.

**II.  Exhibit A2**

Exhibit A2 is a chart showing time zone conversions.  Docket No. 723-2.  The Court already took judicial notice of these facts.  *See* Docket No. 614.  The government

---

[4] The district court had not given a limiting instruction, but none was requested. *Renteria*, 720 F.3d at 1253.

[5] In referencing the exhibits, the Court cites to the updated versions attached to Docket No. 723.

corrected the errors identified by defendants in their motion.  Docket No. 722 at 9.  The Court will deny defendants' motion.

## III.  Exhibit A3

Exhibit A3 is a chart a case agent will use as a demonstrative to assist in testifying as to the process to convert the time zones for specific records in Exhibit A4. Docket No. 722 at 9.  Because Exhibit A3 is a demonstrative, not summary exhibit, defendants' motion is moot, and the Court will deny it.

## IV.  Exhibit A4

Exhibit A4 is a chart compiling emails, text messages, and phone calls between individuals.  *See generally* Docket No. 723-4.  Defendants argue that (1) the title "Supplier Discussions," is biased, (2) the government creates a narrative through selective presentation of the evidence, (3) many of the underlying documents cited are irrelevant, and (4) the exhibit omits crucial underlying information, such as the duration of phone call and time zones.  Docket No. 715 at 7-9.

The government removed the moniker "Supplier Discussions," corrected a discussion improperly labeled a text when it was an email, and converted time zones only where the time zone of the document was apparent on its face.  Docket No. 722 at 10-11.  Although the government is selective in its summary, that alone does not preclude its admission.  *See United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2011) ("A summary may include only evidence favoring one party, so long as the witness does not represent to the jury that he is summarizing all the evidence in the case.").  A summary by definition will omit certain information.  Additionally, the underlying evidence is voluminous and cannot be conveniently examined in court.  *See* Fed. R.

Evid. 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.").  Defendants will be able to cross-examine the case agents about the summary and any inconsistencies.  The Court will deny defendants' motion.

## V.  Exhibit A5

Exhibit A5 is a compilation of text messages between individuals with their accompanying pictures.  *See generally* Docket No. 723-5.  Defendants argue that the nine text messages come from a small number of documents and there is therefore no voluminous information being summarized.  Docket No. 715 at 9.  The government argues that Exhibit A5 will assist the jury's understanding of the identities of individuals and order of various communications because many of the text messages only partially identify the participants.  Docket No. 722 at 11.  The exhibit does not summarize voluminous material, but rather consists of a small number of text messages.  The text messages are superimposed inside of a graphic depiction of a cellular telephone.  The photographs of these defendants are placed to the side of their text messages.  The Court finds the exhibit, which is in the nature of a closing argument graphic, to be argumentative and will grant defendants' motion.

## VI.  Exhibit A6

Exhibit A6 is a ten page document consisting of various charts with arrows connecting defendants, phone calls, and excerpts from exhibits.  *See generally* Docket No. 723-6.  It is not properly considered a summary of voluminous exhibits.  It contains impermissible editorializing by emphasizing certain portions of exhibits in large letters and overlaying exhibits on top of each.  Exhibit A6 goes beyond summarizing the

6

underlying information to include opinion and is in the nature of a closing argument graphic. *See United States v. Miller*, 2010 WL 235034, at *3 (D. Kan. Jan. 15, 2010) ("[S]ummaries shall not include any testimonial, interpretive, or inferential statements drawn from the content of the underlying documents."). The Court will grant defendants' motion to exclude it.

## VII.  Exhibit A7

Exhibit A7 is a chart of RSCS contract prices and margins. Docket No. 723-7. Defendants claim the summary is misleading, adds information, omits other information, and involves "cherry-pick[ing]." Docket No. 715 at 11-12. The government states that it will admit this exhibit into evidence through a fact witness with personal knowledge of the source material. Docket No. 722 at 12. This exhibit properly summarizes voluminous pricing information, and the Court will deny defendants' motion.

## VIII.  Exhibit A8

Exhibit A8 is a chart of appointments and emails. *See generally* Docket No. 723-8. Defendants argue it omits essential information. Docket No. 715 at 12. Exhibit A8 is a proper summary chart of voluminous material that cannot be conveniently examined in Court, and the Court will deny defendants' motion.

## IX.  Exhibit A9

Exhibit A9 is a chart showing the number of phone calls between Jimmie Little and various individuals during the "Review Period." Docket No. 723-9. Defendants argue that the calls are stripped of duration and timestamp information, as well as that they are prejudicial because they took place before the date the Court found Mr. Blake had joined the conspiracy in its *James* order. Docket No. 715 at 12. The summary

7

does not purport to contain information on duration and timestamps and defendants do not question its accuracy.  Additionally, as the Court has noted, "previous statements made by co-conspirators are admissible against a defendant who subsequently joins the conspiracy."  Docket No. 559 at 4 (quoting *United States v. Brown*, 943 F.2d 1246, 1255 (10th Cir. 1991)).  The underlying records are voluminous toll records that cannot be examined conveniently in Court.  The Court will deny defendants' motion.

## X.  Exhibit A10

Exhibit A10 is a demonstrative exhibit that will not be offered into evidence. Docket No. 722 at 13.  Accordingly, the defendants' motion is moot, and Court will deny it.

## XI.  Admissibility of Evidence

Defendants generally argue that the exhibits do not summarize admissible evidence.  Docket No. 715 at 3-4.  The government states that, with the exception of toll records,[6] it intends to offer all the evidence underlying its summary exhibits at trial. Docket No. 723 at 4.  By admitting the underlying evidence before the summaries are offered into evidence, the government will cure the issue defendants raise. Accordingly, the Court finds that this is not a basis to preclude the summary exhibits.

## XII.  Confrontation Clause

Defendants argue that the summary exhibits violate their rights under the Confrontation Clause.  Docket No. 715 at 13.  "Summary evidence [ ] is not testimonial if the evidence underlying the summary is not testimonial."  *United States v. Naranjo*,

---

[6] Defendants did not object to certifications for authentication of evidence provided by the government with respect to toll records.  Docket No. 566 at 2 n.1.

634 F.3d 1198, 1214 (11th Cir. 2011) (citing *United States v. Jamieson*, 427 F.3d 394, 411-12 (6th Cir. 2005)).  Defendants have not shown that the underlying evidence is testimonial.  Accordingly, the Court rejects this argument.

## XIII.  Conclusion

For the foregoing reasons, it is

**ORDERED** that Defendants' Joint Motion to Exclude the Government's Proposed Summary Exhibits [Docket No. 715] is **GRANTED in part** and **DENIED in part**.

DATED October 27, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge