IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' RESPONSE TO DEFENDANTS' JOINT MOTION TO EXCLUDE ANY MENTION OF NON-DEFENDANT TIMOTHY STILLER'S ALLEGED "OBSTRUCTION" CONDUCT

Over 11 weeks after the Government put Defendants on notice of its intent to use statements regarding obstructive conduct by conspirator Tim Stiller through its *James* submission, Defendants—on the eve of the testimony of a cooperating witness—moved to exclude testimony of such conduct. *Compare* ECF No. 358-2 (James log entries 327, 329, 331), ECF No. 380-4 (supplemental James log entries 327A—D), *and* ECF No. 559 (preliminary finding such statements in furtherance of the conspiracy), *with* ECF No. 763 (moving to exclude "allegedly obstructive conduct by non-defendant Timothy

1

Stiller"). Defendants motion should be denied as untimely, moot, and unsupported by law.

In Count One of the Superseding Indictment, the Defendants are charged with conspiring to rig bids and fix prices and price-related terms for broiler chicken products. The statements at issue relate to a conspirator Timothy Stiller, who is charged in a separate case for his participation in the same conspiracy charged here. *See United States v. McGuire et al.*, No. 21-cr-246-DDD (D. Colo 2021) (indictment returned July 28, 2021).

The anticipated testimony regarding obstruction has already been put before and favorably ruled on by the Court in the government's *James* log regarding the admissibility of such statements under Federal Rule of Evidence 801(d)(2)(E), although many also constitute non-hearsay for additional reasons. ECF No. 358.2 rows 327, 329, 331; 380-4 329A–D. These out of court statements were made by a conspirator, Tim Stiller, to his then-colleague Robert Bryant, whom the government anticipates calling as a witness at trial as early as the afternoon of this filing—within 13 hours of defendants' filing. Among other things, the government anticipates that Mr. Bryant may testify that Stiller stated words to the effect of the following:

1) Stiller told the witness that DOJ did not have evidence against him, and when referring to a particular text message appearing in an indictment, told the witness it was fine because he could spin the term "industry" in the message to mean customers, not competitors;
2) Stiller stated "I can't fucking believe she texted me that" in response to a text message from his wife and asked the witness if he would text something like that if he saw phones in water;

    3) Stiller told the witness he owned the KFC 2018 contract referenced in the indictment, and reminded the witness that he had immunity;
    4) during document collection for another matter, Stiller suggested that the witness might want to scroll through hard copy documents before giving them to counsel.

Testimony regarding actual and contemplated obstructive conduct and witness tampering are admissible and extremely relevant to an element of the charged conspiracy—the existence of the price fixing and bid rigging conspiracy. Because the statements are non-hearsay evidence offered not for the truth of the matter asserted, but as non-assertive statements of intent, directions, and for some, to in fact show their falsity, these statements are admissible and should be allowed as relevant evidence of the existence of the underlying conspiracy—a key element at issue in this trial. Each are addressed below:

    a. *The Statements Are Admissible as Non-Hearsay*

First, the government anticipates offering the testimony regarding the term "industry" as a false statement by Stiller that is non-hearsay for that reason, but also as a statement of his intent, which is an exception to the rule against hearsay under Federal Rule of Evidence 803(3). Such false exculpatory statements are not hearsay—particularly when they are offered to show their falsity—and the Tenth Circuit has repeatedly reaffirmed this principle. *United States v. Tager*, 481 F.2d 97, 100 (10th Cir. 1973); *see also, e.g.*, *United States v. Figueroa-Cruz*, 500 Fed. App'x 759, 763 (10th Cir. 2012); *United States v. Lewis*, 594 F.3d 1270, 1284 (10th Cir. 2010); *United States v. Cesareo-Ayala*, 576 F.3d 1120, 1127-28 (10th Cir. 2009).

As to the other potential testimony, such statements are admissible because they would all be offered not for the truth of the matter asserted in the statement but rather as evidence of the charged conspiracy, which can be inferred from the fact that conspirators later actually or attempted to tampered with witnesses and obstructed justice. First, many of the statements offered are simply not hearsay at all because they are directions and questions, rather than statements intended to assert a fact. *See* Fed. R. Evid. 801. Such "statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay." *United States v. Ballou*, 59 F. Supp. 3d 1038, 1060 (D.N.M. 2013) (quoting *United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999); *United States v. White*, 639 F.3d 331, 337 (7th Cir.2011) (noting that "a command is not hearsay because it is not an assertion of fact"). Similarly, questions have frequently found to not constitute hearsay where the declarant did not intend to make an assertion. *See United States v. Jackson*, 88 F.3d 845, 848 (10th Cir. 1996) (holding that the question "is this Kenny?" was not hearsay because such a declaration could not "reasonably be construed to be an assertion, either express or implied").

The fact that the government may introduce these statements as evidence of the conspiracy makes clear the non-hearsay purpose of their introduction—not one of these statements includes an assertion that a price-fixing conspiracy existed. *Lewis*, 594 F.3d at 1282 ("It is essential to understand that "the matter asserted" is the fact being asserted by the declarant in uttering the statement. That is not necessarily the matter that the party offering the statement into evidence is trying to prove with the statement").

### b. *The Statements are Relevant as Evidence of the Existence of the Charged Conspiracy*

Because the proffered statements relating to false statements, destruction of evidence, and witness tampering are non-hearsay, they are admissible under the "quite generous" standard of Rule 401 due to their relevance as evidence of the existence of the charged conspiracy. *United States v. Oldbear*, 568 F.3d 814, 820 (10th Cir. 2009); Fed. R. Evid. 401 and 3.

The Supreme Court in *Lutwak v. United States* established that actions of one conspirator can be admitted against others to prove the existence of a conspiracy, even if the actions took place after the conspiracy ended. 344 U.S. 604, 618 (1953); *see also Clune v. United States*, 159 U.S. 590, 593 (1895) (evidence of non-defendant co-conspirators admissible). To introduce evidence of the actions of non-defendant co-conspirators, the prosecution must simply lay the foundation that the defendant was a member of the conspiracy himself. *United States v. Krohn*, 573 F.2d 1382, 1387 (10th Cir. 1978); *see also United States v. Andrews*, 585 F.2d 961, 966 (10th Cir. 1978).

In *United States v. Anderson*, the Supreme Court in similar circumstances recognized the admissibility of false exculpatory statements against co-conspirators to prove the existence of the conspiracy itself. 417 U.S. 211, 221 (1974). There, multiple government officials participated in a conspiracy to commit election fraud. *Id.* at 216. After the election, two of the conspirators gave sworn testimony during litigation surrounding the election, during which they made false exculpatory statements. *Id.* The Supreme Court held that because the statements were not hearsay, "the jury did not

have to make a preliminary finding that the conspiracy…was still in progress before it could consider them as evidence against the other defendants. The prior testimony was accordingly admissible simply if relevant in some way to prove the conspiracy charged." *Id.* at 221. Under *Anderson,* the proffered statements are admissible regardless of whether they were made during and in furtherance of the conspiracy. *Id.* at 219 (the ongoing conspiracy requirement described in *Lutwak*, 344 U.S. at 618, "is therefore inapplicable to evidence…which would not otherwise be hearsay.").

Under *Anderson*, Circuit Courts have consistently upheld the admission of co-conspirator statements relating to post-conspiracy obstructive conduct and false statements. *See, e.g.*, *United States v. Ayala*, 601 F.3d 256, 272 (4th Cir. 2010) (admitting evidence in VICAR murder conspiracy trial of conspirators' perjury denying knowledge of the murder); *United States v. Sherlin*, 67 F.3d 1208, 1216 (6th Cir. 1995) (admitting evidence of conspirators' false grand jury testimony in conspiracy to commit arson case); *United States v. Hackett*, 638 F.2d 1179, 1187 (9th Cir. 1980) (admitting false statements by conspirator because "*obviously these statements tend to establish the existence of the conspiracy.*") (emphasis added); *United States v. Ogedengbe*, 188 Fed. App'x 572, 574 (9th Cir. 2006) (admitting false exculpatory statements against both defendants because they "showed consciousness of guilt and the existence of the conspiracy."); *United States v. Hinton*, 828 F.2d 18, 1987 WL 44591, at *2 (4th Cir. 1987) (table opn.) (per curiam) (admitting evidence of conspirators "coordinat[ing] their stories" because it "tend[ed] to show that a conspiracy had existed.").

This proposition is alive and well in the Tenth Circuit. In *Cesareo-Ayala*, the Tenth Circuit affirmed the admission of a conspirator's statements as against his co-conspirator. There, the statements were not offered to prove the truth of the matter asserted and were therefore not hearsay. 576 F.3d at 1128. The court therefore declined to apply the "continuing conspiracy" exception described in *Lutwak* and allowed the admission of the statements against the co-conspirator. *Id.*

### c. *Data from Stiller's Phones Have Been Produced and Are Irrelevant to Impeach Bryant*

The government conducted a search warrant at the premises of conspirator Stiller in late July 2021 and seized over a dozen electronic devices. As the government notified the defendants and the Court, a filter team was engaged to review the materials on seized devices. As the government notified defendants, in its recent productions it provided materials outside the scope of the applicable search warrants to ensure defendants had the materials as quickly as possible. To wit—the materials were sent directly from the filter team for copying—and the prosecution team has not yet had the opportunity to review the materials. Regardless, any claim of prejudice based on the disclosure of such materials is unfounded—as defendants appear to have already searched the materials for messages relating to Stiller's obstructive conduct. ECF No. 763 at 3.

With respect to communications between Mr. Stiller and his wife, the government provided all communications identified within the scope of the applicable search

warrants. No relevant text messages—at least none that the government was authorized to search—were withheld.

Lastly, it is unclear how defendants plan to cross-examine Bryant regarding out-of-court statements by Mr. Stiller using Mr. Stiller's devices. Pilgrim's Pride imaged Mr. Stiller's devices years ago, and the messages obtained by the government from such imaging were provided to defendants. The fact that the government now has the actual devices—which have significant structural damage—does not provide additional material for cross-examination of Mr. Bryant regarding Stiller's statements to him.

## CONCLUSION

While some of the proffered statements may be even stronger evidence of consciousness of guilt on the part of Mr. Stiller, who is separately charged, they are properly admissible in this matter against all defendants as proof of the existence of the conspiracy and "the government is entitled to introduce all relevant, probative evidence at its disposal." *United States v. Burgess*, 576 F.3d 1078, 1099 (10th Cir. 2009); *cf. Fitzpatrick v. United States*, 178 U.S. 304, 313 (1900) ("[A]ny act done, whether in Fitzpatrick's presence or not, which had a tendency to connect him with the crime, was proper for the consideration of the jury, and the fact that [the co-conspirator] was not then on trial is immaterial in this connection.").

For the reasons described above, the defendants' motion should be denied.

Dated: November 1, 2021   Respectfully submitted,

8

/s/ *Heather Call*
HEATHER CALL
MICHAEL KOENIG
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-2623
Heather.call@usdoj.gov
Attorneys for the United States