IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

**UNITED STATES' MOTION TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL TEXT MESSAGES AND REFERENCES TO THOSE TEXT MESSAGES IF THE DEFENDANTS CALL THE AGENTS TO TESTIFY**

The government respectfully requests that the Court exclude any evidence related to text messages between Special Agent LaNard Taylor ("SA Taylor") and Special Agent Matt Koppenhaver ("SA Koppenhaver"). As this Court has already found, the text messages are not relevant (ECF No. 832 at 3), and the introduction of them would result in unfair prejudice under Rule 403. Furthermore, with respect to SA Koppenhaver, they are outside the scope of his requested testimony under the Touhy regulations and authorization letter. For those reasons, the text messages should be

excluded from evidence, and the government respectfully moves the Court to prohibit the defendants from inquiring about the text messages if either agent testifies.

*Not Relevant Under Rule 401*. Under Rule 401, "evidence is relevant 'if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998) (*citing* Fed. R. Evid. 401). In order to be relevant, the fact at issue must be material, which the Tenth Circuit has defined as a fact for which the existence "would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *Id.* (internal citations omitted).

The text messages in question reflect sarcasm between the agents and some frustration with the investigation. They do not contain conclusions about facts that relate to any element of the Sherman Act. Nor do they describe investigative steps that make any material fact in this case more or less likely to be true. As this Court has already found, "the text messages are not relevant to the guilt of any defendants, to the credibility of the case agents, or to punishment . . . ." ECF No. 842 at 3. Because the text messages do not relate to "an issue that is necessary to a verdict," they are not of sufficient probative value to justify the jury receiving them into evidence. *McVeigh*, 153 F.3d at 1190.

*The Text Messages Should be Excluded under Rule 403*. Even if the text messages at issue are relevant under Rule 401, they should nonetheless be excluded as unfairly prejudicial, and they should be excluded because they are likely to confuse

the issues or mislead the jury. Fed. R. Evid. 403. Under Rule 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Seymour*, 598 Fed. App'x 867, 880 (10th Cir. 2015). Rule 403 balances probative value—and there is none—with unfair prejudice arising "from the tendency of proffered evidence to suggest to the jury that it should render its findings 'on an improper basis, commonly, though not necessarily, an emotional one.'" *McVeigh*, 153 F.3d at 1191.

The text messages are unfairly prejudicial to the government because they reflect sarcasm by the agents and could be used by the defendants to denigrate the agents and the prosecutors for no good reason. Indeed, even though the government offered to file the text messages for *in camera* review, ECF No. 759, defendant Lovette subsequently and unilaterally filed them publicly, ECF No. 818, in what appears to be an attempt to inflame sentiment regarding the messages. However, as the Court held and as noted above, the text messages are not relevant to the any finding of fact related to the Sherman Act violations charged here. Without actual evidence of any misconduct, the limited, if any, probative value of these messages is substantially outweighed by the danger of unfair prejudice, and therefore they should be excluded. *Id.*

The text messages also possess the danger to confuse the issues or mislead the jury, a danger which arises "when circumstantial evidence would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *McVeigh*, 153 F.3d at 1191 (*citing United States v. Guardia*, 135 F.3d 1326, 1331-32 (10th Cir. 1998). The only potential issues the text messages relate to

3

are run-of-the-mill investigative steps such as witness interviews, document review, and software training that the agents attended. Any factual disputes about which the text messages would shed light—and the government does not concede that there are any—would be "only tangentially related to the facts at issue in the current case" and therefore they should be excluded. *Id*.

*Outside the Scope of SA Koppenhaver's Authorized Testimony*. Under 15 C.F.R. § 15.14(b), a Department of Commerce employee "may not give testimony, produce documents, or answer inquiries from a person not employed by the Department regarding testimony or documents subject to a demand or potential demand" without the approval of Department officials. SA Koppenhaver's authorization letter to testify in this case under 15 C.F.R. § 15.14(b) is explicitly limited to testimony related to alleged statements, if any, made in the presence of defendant Brian Roberts. None of the messages at issue are related to statements that either agent made in the presence of defendant Brian Roberts. Testimony related to text messages between himself and SA Taylor would, therefore, fall squarely outside of the subject matter about which SA Koppenhaver is authorized to testify, and should thus be excluded.

## Conclusion

For the aforementioned reasons, this court should exclude the messages at issue and prohibit the defendants from asking questions about the messages on direct examination of both SA Taylor and SA Koppenhaver.

4

Dated: November 20, 2021  Respectfully,

By:  /s/ Michael T. Koenig
    Michael T. Koenig
    Heather D. Call
    Carolyn M. Sweeney
    Paul J. Torzilli
    Trial Attorneys
    Antitrust Division
    U.S. Department of Justice
    Washington Criminal II Office
    450 Fifth Street, N.W.
    Washington, D.C. 20530
    Tel: (202) 616-2165
    michael.koenig@usdoj.gov
    Attorneys for the United States