IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. **GARY BRIAN ROBERTS,**
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

**UNITED STATES' RESPONSE TO DEFENDANT ROBERTS' MOTION PURSUANT TO RULE 17(C) FOR COURT ORDER AUTHORIZING SUBPOENAS TO TESTIFY A HEARING OR TRIAL IN A CRIMINAL CASE TO GOVERNMENT EMPLOYEES AND COMMANDING PRODUCTION OF DOCUMENTS OR INFORMATION**

---

The government respectfully requests that the Court deny Defendant Roberts' motion seeking Rule 17(c) subpoenas to government employees commanding the production of documents or information (ECF No. 969). The motion amounts to an inappropriate attempt to circumvent the rules of criminal discovery because the information sought that he seeks is not independently discoverable under Rule 16, and otherwise fails to satisfy the Rule 17(c) standard.

### I. Agent Notes are Not Independently Discoverable

Agent notes are not independently discoverable under Rule 16 and therefore defendant Roberts is not entitled to them. The government has already produced all of the agent interview reports in its possession, and continues to produce additional reports as they are created. The government has reviewed each agent's full set of notes, and to the extent any information was contained in agent notes that was not contained in a final interview report, that information also has already been produced to the defendants. *See United States v. Garcia-Martinez*, 730 Fed. Appx. 665, 676-77 (10th Cir. 2018) (citing the proposition in *United States v. Greatwalker*, 356 F.3d 908, 911-12 (8th Cir. 2004), that a defendant was not prejudiced when the government failed to "provide agents' handwritten notes of witness interviews" but did instead provide typed interview reports, and the defendant "did not indicate how the handwritten notes were *additionally* exculpatory").

Defendant Roberts has not demonstrated any basis to believe that there is some discoverable information contained within the notes that is not contained within an agent interview report and has not otherwise been produced to defendants. Indeed, the government is aware of, and will continue to abide by, its discovery and disclosure obligations. As such, there is no need for him—or any defendant for that matter—to gain access to the agents' notes on top of the interview reports and other discovery the government has provided in this case.[1]

---

[1] The government does not oppose the Defendant Roberts' motion to the extent it seeks trial subpoenas for agent testimony and he will have the ability to cross-examine each agent that the government calls in its case-in-chief.

## II. Defendant Roberts Fails to Satisfy the Standard for Rule 17(c) Motions

Defendant Roberts' request for agent notes also fails to satisfy the standard for Rule 17(c) motions under *United States v. Nixon*, 418 U.S. 683 (1974), which includes four requirements, all of which must be satisfied for a Rule 17(c) subpoena to be authorized. Dkt. 315 at 2 (citing *United States v. Boender*, 2010 WL 1912425, at *2 (N.D. Ill. May 12, 2010); *cf. United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006). Under *Nixon*, the party seeking the subpoena bears the burden of establishing:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

First, the documents that Defendant Roberts seeks—agents interview notes—are not evidentiary. They are hearsay for which there is no exception that would make the notes admissible into evidence. To the extent the notes have evidentiary value in establishing the existence of a prior inconsistent statement, agent notes are not the vehicle to establish the statement. Defendants already have the materials on which to base cross-examination relating to any prior inconsistent statement. If the witness does not admit to the statement, any further evidence of prior statements would require agent testimony. The notes themselves are not admissible.

In addition, Defendant Roberts cannot show, as *Nixon* requires, that he "cannot properly prepare for trial without such production and inspection in advance of trial and

3

that the failure to obtain such inspection may tend unreasonably to delay the trial." *Nixon*, 418 U.S. at 699-700. What Defendant Roberts seeks is duplicative of what he already has in his possession. As stated above, the government has reviewed each agent's full set of notes, and to the extent any information was contained in agent notes that was not contained in a final interview report, that information has already been produced to the defendants. *See* ECF 694, 695.

### III.  Conclusion

For the reasons stated herein, Defendant Roberts' motion for a Rule 17(c) subpoena for agent notes should be denied.

Dated: February 7, 2022   Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States