IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. **TIMOTHY R. MULRENIN,**
6. WILLIAM VINCENT KANTOLA,
7. **JIMMIE LEE LITTLE,**
8. WILLIAM WADE LOVETTE,
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

## UNITED STATES' RESPONSE TO DEFENDANTS' MOTIONS PURSUANT TO RULE 17(C) FOR COURT ORDER AUTHORIZING SUBPOENA DUCES TECUM

The government respectfully requests that the Court deny Defendant Blake's, ECF No. 996, and Defendants Mulrenin's, Roberts', and Little's, ECF No. 972, motions seeking court orders authorizing Rule 17(c) subpoenas to Tyson Foods, Inc., to produce documentary evidence in advance of trial.

Defendant Mulrenin subpoenaed Tyson Foods, Inc. in August 2021, seeking what appears to be the same types of records defendants again wish to subpoena, including documents related to Carl Pepper and Leniency. ECF No. 331. It is unclear

what the defendants want now that is not either covered by the prior subpoena or part of the 14 million documents already produced in discovery. While the government does not oppose the defendants' efforts to obtain information to aid in their defense in general, Defendant Mulrenin's prior subpoena to Tyson was broad and included 13 document requests, requesting in part "all documents reflecting communications" with the government "relating to broiler chicken products, the investigation, the superseding indictment, the leniency application, Timothy Mulrenin or Carl Pepper" and "all documents containing, reporting on, documenting, or reflecting" communications between DOJ and Pepper. *Id*. The defendants are engaged in a fishing expedition, seeking to circumvent the rules of discovery, attempting to undermine the government's investigation, and setting the stage for a delayed trial.

Federal Rule of Criminal Procedure 17(c)(1) enables a party to criminal litigation to obtain "books, papers, documents, data, or other objects" for admission at trial. *See* FED. R. CRIM. P. 17(c)(1). The rule "is 'not intended to provide an additional means of discovery,' but 'to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.'" *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)).

For that reason, to gauge whether a requested Rule 17 subpoena should be permitted, the Supreme Court has set forth a stringent test:

> in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection

in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974). To successfully pass the *Nixon* test, the movant "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700).

With respect to the admissibility hurdle, the movant must demonstrate that the subpoenaed materials are admissible or at a minimum are very likely to be admissible through "a sufficient preliminary showing that each of the subpoenaed [documents] contains evidence admissible with respect to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. As such, the question of admissibility cannot be set aside and determined at trial; as with relevancy, admissibility must be addressed "when the evidence is sought." *United States v. Anderson*, 31 F. Supp. 2d 933, 944 (D. Kan. 1998). While the government is not privy to the defendants' *ex parte* brief in support of their motion, it is not clear that the defendants are able to make "a sufficient preliminary showing that each" of the documents they wish to subpoena "contains evidence admissible with respect to the offenses charged in the indictment." *Nixon*, 418 U.S. at 700. There are likely to be significant hearsay issues, at a minimum.

The defendants also seem to be engaged in an improper fishing expedition aimed at gleaning details about the grand jury investigation to which they are not entitled under Rule 16 or any other authority. *Abdush-Shakur*, 465 F.3d at 467 (explaining that Rule 17(c) subpoenas are not to be used as an additional means of

discovery). To the extent the defendants' purpose for these requests is to fish for impeachment evidence, that also is an inappropriate use of Rule 17(c) subpoenas. *See Nixon*, 418 U.S. at 701; *United States v. Castro-Motta*, 2012 WL 3400828, at *3 (D. Colo. Aug. 15, 2012). The government understands and has fulfilled, and will continue to fulfill, its Rule 16 discovery obligations and its obligations under *Brady*, *Giglio*, and the Jencks Act. Finally, if the defendants seek the production of documents similar to the white papers or other advocacy pieces the defendants unsuccessfully moved to compel from the government, it would be incongruent with the Court's prior ruling to now allow such materials to be obtained through a Rule 17(c) subpoena, ECF No. 316.

For the reasons stated herein, the defendants' motions seeking court orders authorizing Rule 17(c) subpoenas to Tyson Foods, Inc., to produce documentary evidence in advance of trial should be denied.

Dated: February 7, 2022   Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States