IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>1.    JAYSON JEFFREY PENN,<br>2.    MIKELL REEVE FRIES,<br>3.    SCOTT JAMES BRADY,<br>4.    ROGER BORN AUSTIN,<br>5.    TIMOTHY R. MULRENIN,<br>6.    WILLIAM VINCENT KANTOLA,<br>7.    JIMMIE LEE LITTLE,<br>8.    WILLIAM WADE LOVETTE,<br>9.    GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>         Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT MOTION TO PRECLUDE THE GOVERNMENT FROM ELICITING EXPERT TESTIMONY ON COMMUNICATIONS OF RECORD**

Professor Edward Snyder will provide expert opinion testimony on various issues summarized in his expert report and the slide presentation provided to the government on March 14, 2022. The Defendants offering his testimony will not ask Professor Snyder to interpret any communications—whether phone calls, text messages, or emails—or to otherwise weigh any of the testimonial evidence in the case, as it is well understood that this is the province of the jury. The government has repeatedly moved to exclude such testimony by Professor Snyder. In two such motions, it argued:

> The defendants' experts also should not be permitted to interpret or opine on co-conspirator or victim/customer communications because they have neither the expertise nor the methodology to do so. Professor Snyder is an economist, and nothing in his experience suggests that his expertise encompasses those types of communications.

1

Doc. 1002 at 8; *see also* Doc. 872 at 8 (same). The Court denied these motions on procedural grounds, Docs. 1040, 904, but not before the Defendants acquiesced in the government's position that such testimony would be inappropriate, *see* Doc. 1011 at 6; Doc. 888 at 5. Though the government has successfully limited expert ***defense*** testimony, it has yet to provide a reciprocal guarantee that it will not attempt to elicit similar testimony from Professor Snyder on cross examination, or in the direct examination of its own economic rebuttal expert, Frank Wolak.

Defendants therefore move that ***all*** economic experts be precluded from testifying as to the meaning of communications in evidence, whether on direct or cross examination.

### ARGUMENT

**I.    Interpreting Documents Is Not Part of an Economist's Expertise**

It is firmly established that economists have no special expertise interpreting communications in the case record. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 490 (S.D.N.Y. 2018) ("To the extent [an economist] offers her interpretation of trader communications to conclude that manipulation in fact occurred, these opinions are not based on [the economist's] 'scientific, technical, or other specialized knowledge' as required by Rule 702(a). While Exchange plaintiffs correctly suggest that an expert's testimony may be permissible, for example, to translate esoteric terminology, the trader communications that [the economist] interprets are clear on their face and address issues of fact that the trier of fact is capable of understanding without the aid of expert testimony.") (internal quotations, citations, and alterations omitted). *See also Mid-State Fertilizer Co. v. Exch. Nat'l Bank of Chi.*, 877 F.2d 1333, 1340 (7th Cir. 1989) ("examin[ing] materials produced in discovery and [drawing] inferences from the record, speaking in legal rather than economic terms" is "no part of the economists'

2

armamentarium"); *In re Processed Egg Antitrust Litig.*, 81 F. Supp. 3d 412, 421 (E.D. Pa. 2015) ("[T]he cases are clear that an economist's testimony is not admissible where he or she simply reads and interprets evidence of collusion as any juror might, or where an economist infers intent to collude from mere documentary evidence, unrelated to his or her economic expertise."); *In re Rail Freight Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 53 (D.C. Cir. 2017) (same); *Kleen Prods. LLC v. Int'l Paper*, Civ. No. 10-5711, 2017 WL 2362567, at *15 (N.D. Ill. May 31, 2017) ("The expert should not offer his own opinion that Defendants acted in accordance with an illegal agreement when the jury is just as competent to decide for itself whether that is the case.");

Even while the Government insists, and the Defendants offering his testimony agree, that Professor Snyder may not interpret documents of record, the government's own most recent expert disclosure states that Professor Wolak will review "[o]rdinary-course documents, text messages, and other records ('records'). Professor Wolak will base his opinions in part on a review of records produced in this case."  Appendix A, United States' Disclosure of Rebuttal Expert Witness at 4 (Aug. 2, 2021).  The government similarly makes no commitment to forego cross-examination Professor Snyder about communications.

The government cannot have it both ways; it should be precluded from cross-examining Professor Snyder or offering opinions of its expert on communications.

## II. The Government Is Estopped from Taking Contradictory Positions at Different Stages of Litigation

Even if an economist could be permitted to interpret communications, the government should be precluded from eliciting such testimony on cross-examination or through its expert under the doctrine of judicial estoppel.  This doctrine "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another

3

phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8 (2000) (citing *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 605 (9th Cir. 1996)).  In other words:

> [w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)); *see also Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068-69 (10th Cir. 2005) (setting out generally applicable factors)*; Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 990 (10th Cir. 2019) (quoting *New Hampshire*, 532 U.S. at 750-51).

The government has already affirmed that economists "have neither the expertise nor the methodology" to "interpret or opine on" so-called "co-conspirator or victim/customer communications."  Doc. 1002 at 8.  It further claimed that, "[t]he effect of permitting such testimony would simply be to cloak defense counsel's arguments in the veil of expert testimony, usurping the jury's fact-finding function and unfairly prejudicing the government."  *Id.* (citing *Thames v. Evanston Ins. Co.*, Civ. No. 13-425, 2015 WL 3398147, at *2 (N.D. Okla. May 26, 2015)).  The offering Defendants acquiesced and Professor Snyder will offer not such testimony.  Therefore, it would be inequitable for the government to "cloak" its own arguments "in the veil of expert testimony" by asking Professor Snyder to opine on communications that it believes support is own case during cross examination.  It would be equally inequitable for the government to ask any other economist, such as its rebuttal economist Frank Wolak, to do the same.

The factors in favor of judicial estoppel plainly apply here as well.  *See Johnson*, 405 F.3d at 1068-69.  While the government's previous motions that raised this issue were denied on purely procedural grounds, the government did successfully get the offering Defendants to acquiesce in

4

its position. *Cf. Davis*, 156 U.S. at 689 (applying estoppel when the opposing party "acquiesced in the position formerly taken by" failing to appeal). And allowing the government to elicit this testimony would also plainly give it an "unfair advantage" because it would permit the government to arbitrage an unprincipled distinction between questions that the government may ask economists and those that Defendants may ask—even of the same people—when it succeeded in its position in this litigation by dint of the offering Defendants' acquiescing in that position.

## CONCLUSION

For all the reasons discussed above, the Defendants respectfully request that the Court preclude the government from asking any expert economist to testify as to the meaning of communications in evidence—including phone calls, text messages, or emails—as such testimony is beyond an economist's expertise.

Dated: March 17, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

<div style="columns: 2">

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

</div>

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: March 17, 2022

*s/ Michael F. Tubach*

Michael F. Tubach