IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' BRIEF ON JURY NOTES 2 AND 3

On March 24, 2022, the jury asked questions in Notes 2 and 3, both regarding the statute of limitations. The answer to both questions is "no" based on black-letter law and this Court's prior ruling. ECF No. 553 at 12.

The questions show the jury has mistaken impressions about two key points of law: (1) whether a particular defendant must perform an act within the limitations period; and (2) whether the jury must exclude from its consideration any evidence prior to 2015. Answering "yes" to either question would gravely compound the jury's misimpressions and debilitate the jury's ability to apply the law to the evidence and, as a result, several

defendants could be acquitted based on legal error. Such a miscarriage of justice must be prevented.

The government, therefore, proposes a combined response derived directly from Devitt, Blackmar & O'Malley, Federal Jury Practice & Instructions (4th ed. 1990 & Supp.) § 51A.20. Similar instructions were given in several other criminal price-fixing cases.

## Jury Notes

*Jury Note #2*: "We're stumped on contradictory dates. Please elaborate! Jury Instructions 17-18 appear to direct our consideration of evidence between 2012 and 2019. Now, after previous answer—we are further confused. What dates range does jury instruction #26 exclude from our consideration of evidence due to [statute] of limitations? * Please 'dumb down' response for us + elaborate! :)".

*Jury Note #3*: "[I]f evidence shows actions of collusion *for [an] individual* occurred in 2014, but no future evidence within [the statute] of limitations—then does that [warrant] a 'not guilty' verdict *for that individual*?" (emphasis added).

## Legal Standard

"When a jury makes explicit its difficulties a trial judge should clear them away with *concrete accuracy*." *Bollenbach v. United States*, 326 U.S. 607, 612 (1946) (emphasis added). Likewise, "[w]hen a jury expresses difficulty *with potentially conflicting instructions*, the trial court should clear away the difficulty with concrete accuracy." *United States v. Martinez-Nava*, 838 F.2d 411, 414 (10th Cir. 1988) (emphasis added).

## Discussion

Here, the jury has made its difficulties explicit with understanding the statute of limitations, and also with its perception of a conflict between Instructions 17 and 18, on the one hand, and Instruction 26, on the other. Therefore, the Court should answer the jury's questions with the "concrete accuracy" required by *Bollenbach* and *Martinez-Nava*.

The government thus proposes the following combined response to both questions:

> The answer to both questions is "no." The dates in Instruction 17 and 18 are separate from the dates in Instruction 26. The subject of Instruction 26 is the statute of limitations, which represents a time limit on how long the government has to obtain an indictment.[1] The statute of limitations for the offense charged in the indictment is five years.
>
> That means that you cannot find an individual defendant guilty unless you find, beyond a reasonable doubt, that a conspiracy existed or continued to exist on or after the dates laid out in Instruction 26. Thus, the government must prove that *any* member of the conspiracy, whether or not that member is a defendant in this case, performed some act in furtherance of the conspiracy after those dates.
>
> That does not mean, however, you must exclude from consideration evidence of acts or conduct prior to the dates laid out in Instruction 26. A conspiracy may be a continuing thing which may be proved by a composite of acts extending beyond the statute of limitations. Therefore, you may consider evidence from any time, including prior to 2015, to determine the defendant's guilt.

---

[1] Sixth Circuit Pattern Jury Instruction No. 3.04 (2021 ed.) (updated Oct. 1, 2021) ("There is a limit on how much time the government has to obtain an indictment. This is called the statute of limitations."); *see also* Committee Commentary to Sixth Circuit Pattern Jury Instruction No. 3.12 ("For conspiracies under § 1 of the Sherman Act, 15 U.S.C. § 1, which do not require an overt act, the government need only show that the agreement existed within the statute of limitations.").

Devitt, Blackmar & O'Malley, Federal Jury Practice & Instructions (4th ed. 1990 & Supp.) § 51A.20 (modified); *see also United States v. Carlos Seafood, Inc.*, No. 94-10025-REK, 1995 WL 18251460 (D. Mass. May 3, 1995) (giving a similar instruction in a criminal Sherman Act price-fixing case); Trial Tr., *United States v. Hayter Oil,* Cr 2-93-0046 (E.D. Tenn. 1998) (Attachment 1); Trial Tr., *United States v. Mrs. Baird's Bakeries Inc. et al*, Case No. 3:95-cr-294 (N.D. Tex. 1996) (Attachment 2); Trial Tr., *United States v. Builders Fence Co. et al*, Case No. CR-91-0134-CAL (N.D. Cal. 1991) (Attachment 3).

In addition to elaborating on what a statute of limitations is, the government's proposed instruction addresses two key points of law on which the jurors' notes reveal significant confusion.

*Not Defendant Specific*. First, the jury notes reveal clear confusion about *who* needs to commit an act within the statute-of-limitations period. The jury is unquestionably under the impression that *each* defendant must act within the window of time identified in Instruction No. 26. The note specifically asks about acts taken by a *particular* defendant or individual:

> [I]f evidence shows actions of collusion *for [an] individual* occurred in 2014, but no future evidence within [the statute] of limitations—then does that [warrant] a "not guilty" verdict *for that individual*?

Jury Note #3 (emphasis added). The question assumes that defendant Penn, Fries, Brady, or Austin must each perform some act after June 2015, and that defendants Mulrenin, Kantola, Little, Lovette, Roberts, and Blake, must each perform some act after October 2015, to meet the statute-of-limitations requirement.

4

The middle clause in the question—"no future evidence within the statute of limitations"—should be read to mean "no future evidence *relating to that individual* within the statute of limitations." It should not be read to mean, as the defendants seem to suggest, "no future evidence *relating to the conspiracy generally* within the statute of limitations." The jury obviously knows there is evidence within the statute of limitations relating to the conspiracy generally, so the clause in the context of the overall question as worded by the jury is clearly aimed at evidence relating to a specific defendant. An answer of "yes" will give the jury the mistaken impression that the law requires the specific defendant to have acted in furtherance of the conspiracy within the statute of limitations.

The law does not require that any defendant (or any particular defendant) committed any acts within the limitations period—only that a conspiracy continued. Accordingly, an act by *any member of the conspiracy* can satisfy this requirement, based on clear Tenth Circuit precedent. As this Court has previously recognized:

> "A Sherman Act conspiracy . . . remains actionable until its purpose has been achieved or abandoned, and the statute of limitations does not run so long as the *co-conspirators* engage in overt acts designed to accomplish its objectives."

ECF No. 553 at 12 (Order on Defendants' Motions to Dismiss) (emphasis added) (quoting *United States v. Kemp & Assocs., Inc.*, 907 F.3d 1264, 1271 (10th Cir. 2018)).

An action by any co-conspirator is therefore sufficient. *See Kemp*, 907 F.3d at 1271 (The "alleged [criminal antitrust] conspiracy continue[s] here so long as the *co-conspirators* were receiving and distributing" payments from the unlawfully obtained contract.") (emphasis added); *United States v. Evans & Associates Constr. Co.*, 839

5

F.2d 656, 661 (10th Cir. 1988) (reversing the trial court's dismissal of a Sherman Act case because the statute-of-limitations requirement was met by an unindicted co-conspirator's acceptance of payments on a rigged contract); *United States v. Barton*, No. CRIM. C3-91-113, 1992 WL 133111, at *1 (D.N.D. Feb. 14, 1992) ("The defendant also appears to contend that the indictment does not allege any specific acts of the defendant within the statutory period. It does not have to. A conspirator can be prosecuted even though that conspirator has committed no overt acts in furtherance of the conspiracy within the statutory period, as long as any conspirator commits an overt act within the statutory period.") (citing *Evans*, 839 F.2d at 661 and *In Re Corrugated Container Antitrust Litigation*, 662 F.2d 875, 886 (D.C. Cir. 1981)); *cf. Smith v. United States*, 568 U.S. 106, 111 (2013) ("[A] defendant who has joined a conspiracy continues to violate the law 'through every moment of [the conspiracy's] existence'" unless withdrawal is established.); *United States v. Hauck*, 980 F.2d 611, 613 (10th Cir.1992) ("To satisfy the statute of limitations, the prosecution must show . . . that 'at least one overt act in furtherance of the conspiratorial agreement was performed within that period.'") (quoting *Grunewald v. United States*, 353 U.S. 391, 397 (1957)).[2]

---

[2] Instruction No. 24 itself acknowledges that the relevant question is whether "one or more members of the conspiracy performed some act" in the limitations period—but it is clear the jury has been confused. The jury's confusion is exacerbated by defendant Fries' instruction on his "Theory of the Defense," which misleadingly suggested that the government must prove that Mr. Fries *himself* needed to commit an act within the limitations period, which is not the law: "Further, the government has not alleged, nor proven, that within the five year statute of limitations, Mr. Fries discussed pricing with anyone outside of his own coworkers, directed anyone else to share pricing information, or agreed with anyone to share pricing information." Instruction No. 34.

The government's answer clarifies that the relevant inquiry is not whether any particular defendant committed an act—but whether *a conspiracy* continued past 2015. Providing an answer to the jury without such clarification will only compound the jury's legally erroneous belief and result in immense prejudice to the government's case.

Indeed, a proposed answer of "yes" to Note 3 by the Court could lead the jury to acquit certain defendants because the defendant did not himself commit an act during the limitations period—even though the conspiracy was in place, the defendant was a part of that conspiracy, and there were many co-conspirators acting in furtherance of the conspiracy during that period. That is contrary to binding precedent.

<u>*All Evidence Can Be Considered with Regard to Guilt*</u>. Second, the jury notes reveal significant confusion about whether the jurors can contemplate evidence outside the limitations period *at all*.  For example, Jury Note #2 asks: "What dates range does jury instruction #26 *exclude from our consideration* of evidence due to [the statute] of limitations?" (emphasis added). When read in combination with Jury Note #1—which asked "Can evidence prior to 2015 be considered?"—it is clear that the jury believes it is precluded from considering certain evidence if that evidence is outside the limitations period.

But that is not the law. The jury can consider admitted evidence from any time period for purposes of determining guilt, but jury confusion on this point is apparent. That type of confusion—about whether the jury can consider evidence before the statute-of-limitations period—is so common that jury instruction treatises contemplate this precise question and preemptively answer it by explaining that the jury can indeed

7

consider all evidence in the case in determining guilt. *See, e.g.*, Devitt, Blackmar & O'Malley, Federal Jury Practice & Instructions (4th ed. 1990 & Supp.) § 51A.20 ("This does not mean, . . . , that you must exclude from consideration evidence of [conspiratorial] acts or conduct prior to" the limitations period.); *see also United States v. Carlos Seafood, Inc.*, No. 94-10025-REK, 1995 WL 18251460 (D. Mass. May 3, 1995); Trial Tr., *United States v. Hayter Oil,* Cr 2-93-0046 (E.D. Tenn. Filed Nov. 24, 1998) (Attachment 1); Trial Tr., *United States v. Mrs. Baird's Bakeries Inc. et al*, Case No. 3:95-cr-294 (N.D. Tex., 1996) (Attachment 2); Trial Tr., *United States v. Builders Fence Co. et al*, Case No. CR-91-0134-CAL (N.D.CA. 1991) (Attachment 3).

The government's proposed instruction on this point comports with well-established case law. *See United States v. McGill*, No. CR 12-112-01, 2016 WL 48214, at *12 (E.D. Pa. Jan. 5, 2016) ("[T]he jury in this case can consider evidence of the defendant's actions in furtherance of the conspiracy that occurred prior to March 21, 2007 [the cut-off for the statute-of-limitations period], since conspiracy is a continuing offense."); *Becker v. Linn Cty., Iowa*, No. 20-CV-23-CJW-MAR, 2021 WL 5746000, at *14 (N.D. Iowa Dec. 1, 2021) ("Because the Court finds that the statute of limitations does not exclude earlier acts, the Court will consider acts before October 24, 2018, when assessing the parties' arguments."); *cf. United States v. Ray*, 10 F.3d 810 (10th Cir. 1993) ("There is no separate statute of limitations beyond which relevant conduct suddenly becomes irrelevant.").

The jury confusion about the statute of limitations period is apparent and must be resolved. Absent "concrete accuracy" rectifying the jurors' confusion, they may

erroneously acquit several defendants, leading to a verdict based on an incorrect application of the law to the facts. The government therefore urges a response to Jury Notes #2 and #3 as described above.

Respectfully submitted this 24th day of March 2022.

By: /s/ Michael Koenig
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 202-616-2165
Email: Michael.koenig@usdoj.gov