IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
8. WILLIAM WADE LOVETTE,

    Defendants.

**UNITED STATES' MOTION FOR LEAVE TO RESTRICT ACCESS TO DOCKET NO. 1299, UNITED STATES' MOTION FOR A PRE-TRIAL RULING ON AUTHENTICITY, AND PERMISSION TO TESTIFY REMOTELY VIA LIVE VIDEO TELECONFERENCE**

The United States of America, through its undersigned counsel, respectfully moves pursuant to District of Colorado Local Rule 47.1 for leave to restrict at "Level 1" the United States' Motion for a Pre-Trial Ruling on Authenticity, and Permission to Testify Remotely via Live Video Teleconference, Docket No. 1299, because it contains personally identifying information (PII) and personal health information. Because the government can explain the basis for this motion without referring to restricted information, the government incorporates in this filing the information required by D.C.COLO.LCrR 47.1(c)(1)-(5).

The public has a right to access judicial records, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), but that right is not absolute. *See U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). Rather, the law creates a presumption that the moving party may rebut. A court may restrict public access "when the public's right of access is outweighed by interests which favor non-disclosure." *Viesti Associates, Inc. v. Pearson Educ., Inc.*, 12-CV-01431-PAB-DW, 2014 WL 12741118, at *2 (D. Colo. Feb. 21, 2014).

In accordance with D.C.COLO.LCrR 47.1(c), the government moves to restrict Docket No. 1299 to avoid disclosure of an individual's private health information referenced in the motion. The privacy interest of personal health information outweighs the presumption of public access. Publishing a person's private health information, which would occur if the filing is not restricted, is a serious injury that would cause irreparable harm. There is no practicable alternative means to address this injury outside of a restriction, as the person's personal health information is a critical part of the motion and is a significant basis for the relief being sought within the motion.

For the foregoing reasons, the Court should grant the government's motion for leave to restrict, and order that Docket No. 1299 remain under Level 1 restriction.


Dated: May 9, 2022          Respectfully submitted,

                            /s/ Kaitlyn E. Barry
                            KAITLYN E. BARRY
                            KEVIN B. HART
                            LESLIE A. WULFF
                            PAUL J. TORZILLI
                            DANIEL A. LOVELAND, JR.

2

3

Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-8242
Email: kevin.hart@usdoj.gov
*Attorneys for the United States*