**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.  JAYSON JEFFREY PENN,
2.  MIKELL REEVE FRIES,
3.  SCOTT JAMES BRADY,
4.  ROGER BORN AUSTIN,
8.  WILLIAM WADE LOVETTE,**

      Defendants.

---

**UNITED STATES' MOTION TO COMPEL RULE 26.2
STATEMENTS OF DEFENSE WITNESSES**

---

The government respectfully moves to compel the Defendants to produce any statements—including emails, notes, or deposition testimony—by any defense witness that was called in either previous trial in this case, and that the Defendants intend to call in the upcoming trial as reflected by the individuals and entities identified on their witness list.

Federal Rule of Criminal Procedure 26.2 requires the Defendants to produce to the government "any statement of the witness that is in their possession that relates to the subject matter of the witness's testimony . . . after the witness has testified on direct examination." All defense witnesses called at either prior trial have now "testified on direct examination."

On April 18, the government requested witness statements from Professor Snyder and other defense witnesses who testified in the preceding two trials and appear again on the Defendants' witness list, including Messrs. Bowlin, Campbell, Eddington, Finch and Kronauge, Ms. Ray and Warble, and any other witness Defendants intends to call in this trial, as Rule 26.2 requires.  (Ex. A.)[1]  (To date, the Defendants have produced no 26.2 statements for any witness who testified in either prior trial.)[2]

Although Rule 26.2 contemplates disclosure of witness statements after a witness has completed his or her testimony, the Court has the authority to authorize early disclosure in order to expedite trial.  *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008) (holding district court had authority to order witness lists and acted within its discretion in enforcing its orders); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1255 (D.N.M. 2008) (ordering defendants to disclose to the government

---

[1] Specifically, with respect to Professor Snyder, the government requested: (1) e-mails; (2) voicemails, memoranda, or audio recordings; (3) text messages; (4) charts; (5) analysis; and (6) contracts written or created by Professor Snyder relating to his engagement in the case or the subject matter or possible subject matter of his testimony, as well as any statements made by Professor Snyder related to actual or potential exhibits, transaction USDA or Agri-Stats data, results of any benchmarking analysis or any other price comparison or methods of such analysis, specific chicken products produced by any chicken supplier, variability of prices for chicken products based on the specific product type, Antitrust Division's *Antitrust Primer*, or relating to Professor Snyder's testimony in any *US v. Penn* trial.

[2] The government's Rule 26.2 motion in the prior trial, ECF No. 1127, was denied as moot.  (ECF No. 1185.)

their Rule 26.2 materials no later than two weeks prior to the commencement of jury selection to avoid trial delay). Here, early disclosure would avoid trial delays following testimony of the Defendants' witnesses, especially their expert.[3] Accordingly, the government requests that the Court compel early disclosure of statements of any witness the defendants intend to call at trial.

For the foregoing reasons, the Court should order the Defendants to produce Rule 26.2 material as soon as practicable, but no later than May 31, 2022.

Dated: May 9, 2022

Respectfully submitted,

/s/ Paul Torzilli
PAUL J. TORZILLI
KEVIN B. HART
LESLIE A. WULFF
DANIEL A. LOVELAND, JR.
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-8242
Email: kevin.hart@usdoj.gov
*Attorneys for the United States*

---

[3] To the extent that the defendants' counsel claim to possess witness statements containing privileged information, the government requests that the Court conduct *in camera* review pursuant to Rule 26.2(c).