**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
8. **WILLIAM WADE LOVETTE,**

    Defendants.

---

**UNITED STATES' MOTION FOR LEAVE TO RESTRICT ACCESS TO ITS MOTIONS
*IN LIMINE* FOR THIRD TRIAL, DOCKET NO. 1306**

---

    The United States of America respectfully moves for leave to restrict at Level 1 its unredacted Motions *in Limine* for Third Trial (Docket No. 1306), pursuant to District of Colorado Local Rule 47.1, because portions of that filing relate to the government's ongoing investigation of this matter or related matters. The government incorporates in this filing, rather than in a separate brief, the information required by D.C.COLO.LCrR 47.1(c)(1)-(5) because it can explain the basis for this motion without explicit reference to restricted information.

    The public has a right to access judicial records, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), but that right is not absolute, *see United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). Rather, the law creates

a presumption that the moving party may rebut. A court may restrict public access "when the public's right of access is outweighed by interests which favor non-disclosure." *Viesti Associates, Inc. v. Pearson Educ., Inc.*, 12-CV-01431-PAB-DW, 2014 WL 12741118, at *2 (D. Colo. Feb. 21, 2014).

In accordance with D.C.COLO.LCrR 47.1(c), the government moves to maintain Level 1 restriction of Docket No. 1306 to maintain the secrecy of the government's investigation of this matter. In particular, restriction is necessary to protect the identity of uncharged individuals from public dissemination. The necessity of maintaining secrecy of an ongoing investigation outweighs the presumption of public access.[1] Public dissemination of information relating to the government's ongoing investigation, which would occur if the filing is not restricted, is a serious injury that would cause irreparable harm to the investigation. There is no practical alternative means to address this injury outside of restriction. In addition, the government has minimized the scope of restriction by filing a public version of Docket No. 1306, redacting only information which it seeks to restrict access to. (*See* Docket No. 1305.)

---

[1] *See, e.g.*, *United States v. Mannino*, 480 F. Supp. 1182, 1188 (S.D.N.Y. 1979) (delaying the prosecution's production of certain discovery materials to avoid disclosing an ongoing criminal investigation and noting that "[a]lthough the public ordinarily has a strong interest in prompt disposition of criminal charges, in this case the public has an even stronger stake in assuring that a comprehensive inquiry into serious criminal activity is completed"); *United States v. Smith*, 985 F. Supp. 2d. 506, 532 (S.D.N.Y. 2013) (in a public corruption case noting that "while there may be great public interest in learning about the Government's investigation of public officials, there is a greater public interest in allowing those investigations to run their course").

For the foregoing reasons, the Court should grant the government's motion for leave to restrict, and order that Docket No. 1306 remain under Level 1 restriction.

Dated: May 20, 2022

Respectfully submitted,

/s/ Aidan D. McCarthy
AIDAN D. MCCARTHY
KEVIN B. HART
LESLIE A. WULFF
PAUL J. TORZILLI
DANIEL A. LOVELAND, JR.
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 549-6183
Email: aidan.mccarthy@usdoj.gov
*Attorneys for the United States*

3