IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN, and
8. WILLIAM WADE LOVETTE,

    Defendants.

---

## ORDER

---

This matter comes before the Court on the United States' Motion to Supplement *James* Log [Docket No. 1272]. Defendants responded. Docket No. 1289. The government asks the Court to allow it to supplement the *James* log with 47 new entries that it has grouped into four categories. Docket No. 1272 at 3. The categories are (1) testimony from prior trials; (2) Exhibit D-925; (3) Entry 245 from the government's first *James* log; and (4) Pilgrim's Pride ("Pilgrim's") invoices. *Id.* at 3-7. The Court addresses each category in turn.

## I. TESTIMONY FROM PRIOR TRIALS

The government asks the Court to permit it to add statements made by Peter Suerken, Robert Bryant, and Carl Pepper from the prior trials to the *James* log. *Id.* at 3. These are identified as Entries 102-S through 139-S. *Id.* The government argues that, because the statements were admitted at the prior trials "in large part without objection,"

they should be admitted again as there has been no change in circumstances warranting reconsideration. *Id.* The government also makes specific argument with respect to Entry 107-S. *Id.* at 4-5. Defendants object to the addition of these entries, arguing that the addition of the entries is untimely and the statements do not meet the requirements of Fed. R. Civ. P. 801(d)(2)(E). Docket No. 1289 at 2-12.

### A. Timeliness

The Court previously permitted the government to add statements from the first trial to the *James* log for the second trial. *See* Docket No. 1050 at 2-3. In so doing, the Court noted that the defendants had not objected that the statements were not in the original *James* log. *Id.* The Court also noted that defendants had not waived objections by not previously making them. *Id.* at 2 n.3. Defendants now argue that the government's failure to include these statements in the original *James* log warrants exclusion under the Court's prior determination that it would not permit the government to add certain documents to the *James* log that were available to the government at the time of the *James* hearing. Docket No. 1289 at 3 (citing Docket No. 1050 at 7, 10).

The Court will not prohibit the government from adding the statements of Mr. Bryant, Mr. Pepper, and Mr. Suerken from the first and second trials to the *James* log based on them not being part of the original *James* log. The statements the government seeks to add came from the previous trials and thus are appropriate additions to the *James* log for the third trial.

### B. Rule 801(d)(2)(E)

Defendants also object to the addition of Entries 102-S to 139-S on the basis that they do not meet the requirements of Rule 801(d)(2)(E). Docket No. 1289 at 2.

### 1. *Entries 102-S, 130-S, 131-S, and 137-S*

Defendants argue that these entries are not properly attributed to a co-conspirator declarant. Docket No. 1289 at 4. The Court has reviewed the entries and disagrees. The government may add Entries 102-S, 130-S, 131-S, and 137-S to the *James* log and the Court the finds that each of the statements is provisionally admissible because it was made during and in furtherance of the conspiracy.

### 2. *Entry 106-S*

Defendants argue that Mr. Suerken's testimony in Entry 106-S is wrong because on cross-examination he agreed that it was possible his meeting with Mr. Lovette took place at a later time. *Id.* at 6-7. Defendants' argument is with the timing of the meeting, not Mr. Suerken's testimony as to what Mr. Lovette told him. The entry meets the requirements of Rule 801(d)(2)(E) and the Court will provisionally admit it as well as permit it to be added to the *James* log.

### 3. *Entry 107-S*

At the first trial, defendants questioned Mr. Bryant regarding the conversion of a plant in Natchitoches, Louisiana from a big bird plant to a small bird plant. Certified Transcript, November 2, 2021 at 975-76. Mr. Bryant stated that Mr. McGuire informed him in the summer of 2014 that it "was not a real thing that we were going to do," but instead it was meant to apply pressure to Mr. Austin to "get the price increases." *Id.* The Court admitted Exhibit D-925 at that time. *Id.* at 977. At the second trial, the government attempted to elicit testimony along these lines from Mr. Bryant, but defendants objected. Unofficial Transcript, Mar. 8, 2022 at 220. The Court sustained the objection because the government had not shown an effect on the listener, the

testimony was not part of the *James* log, and the government had not shown how the testimony was part of the conspiracy. *Id.* at 222-23.

In Entry 107-S, the government attempts to add Mr. Bryant's testimony from the first trial to the *James* log. *See* Docket No. 1272-1 at 2. Defendants object to Mr. Bryant's testimony and argue that Entry 107-S is contradicted by Exhibit D-925 and Mr. Bryant's own testimony. Docket No. 1289 at 9-10. The Court finds that the statements in Entry 107-S were made during and in furtherance of the conspiracy, will provisionally admit the statements, and will permit the government to add Entry 107-S to the *James* log.

### 4. Entry 108-S

Defendants argue that permitting the government to add Entry 108-S would contravene the Court's ruling at the second trial striking a certain portion of Mr. Bryant's testimony regarding his understanding of an agreement to increase prices in 2014 among the competitors. *Id.* at 5-6 (citing Unofficial Transcript, Mar. 8, 2022 at 237-39). However, the Court permitted the testimony reflected in Entry 108-S and overruled the objections. *See* Unofficial Transcript, Mar. 8 2022 at 163-64. Accordingly, the Court rejects defendants' argument, will permit the government to add Entry 108-S to the *James* log, and finds the statement provisionally admissible because it was made during and in furtherance of the conspiracy.

### 5. Entries 109-S, 118-S, and 119-S

Defendants argue that Entries 109-S, 118-S, and 119-S are "misleading and false testimony that Pilgrim's received other suppliers' bids for KFC in 2017, as

4

allegedly reflected in GX 1919." Docket No. 1289 at 7.  The entries meet the requirements of Rule 801(d)(2)(E) and the Court will provisionally admit them as well as permit them to be added to the *James* log.

### 6. Entries 122-S Through 125-S and 128-S

These entries concern Mr. Bryant's testimony regarding U.S. Foods.  Defendants argue that this evidence could not have been in furtherance of the conspiracy because it is outside the scope of the charged conspiracy.  *Id.* at 7-8.  The defendants additionally filed a motion in limine to exclude evidence relating to the pricing of boneless chicken breast for U.S. Foods.  *See* Docket No. 1303.  The Court will rule on Entries 122-S, 123-S, 124-S, 125-S, and 128-S in its order on Docket No. 1303 and accordingly reserves ruling on them at this time.

### 7. Entries 110-S Through 113-S, 117-S, 120-S, and 129-S

Defendants argue that these statements are not connected to the alleged conspiracy, but are instead descriptions of Pilgrim's business strategy.  Docket No. 1289 at 8-9.  The Court disagrees.  These entries meet the requirements of Rule 801(d)(2)(E) and the Court will provisionally admit them as well as permit them to be added to the *James* log.

### 8. Entries 130-S, 131-S, 132-S, and 135-S

Defendants object that the statements proffered by Mr. Pepper in these entries are inaccurate, unreliable, and contradicted by the evidence.  *Id.* at 9-11.  The Court finds that the statements in Entries 130-S, 131-S, 132-S, and 135-*S* were made during and in furtherance of the conspiracy, will provisionally admit the statements, and will permit the government to add these entries to the *James* log.

### C.  Remaining Entries of Testimony from Prior Trial

The Court has considered the other entries of testimony from the prior trials contained in Entries 102-S through 139-S not discussed above and finds that they were made during and in furtherance of the conspiracy, will provisionally admit the statements, and will permit the government to add these entries to the *James* log.

## II. Entry 101-S (Exhibit D-925)

The Court previously discussed the circumstances surrounding Exhibit D-925. *See* Section I.B.3, *supra*.  Defendants object that the government did not include this exhibit on its original *James* log, the statements do not promote the object of the conspiracy, and the statements do not set in motion any acts involved with any conspiracy.  Docket No. 1289-1 at 2.  The Court found that Exhibit D-925 was admissible under Rule 801(d)(2)(E) at the first trial, Certified Transcript, Nov. 2, 2021 at 977, and will accordingly permit the government to add Entry 101-S (Exhibit D-925) to the *James* log.

## III.  Entry 245 from the Original *James* Log (GX-1890, GX-1891)

The government states that "*James* Log entry 245 consists of two documents that appeared on the government's initial *James* Log, an email chain and its attachment, for which the government has not yet sought a ruling by the Court."  Docket No. 1272 at 5-6.  However, the Court did rule on Entry 245 in a previous order.  In the government's motion to supplement the *James* log and for reconsideration of certain *James* log rulings before the second trial, the government asked the Court to rule on Entry 245, which it had previously withdrawn.  Docket No. 941 at 14.  The Court denied the motion because the exhibit was available to the government before the *James* hearing.  Docket

6

No. 1050 at 10.  The Court will deny the government's request to add Entry 245 at this time for the same reason.

## IV.  Entries 140-S Through 146-S

These entries are Pilgrim's invoices between late 2015 and early 2016.  The government argues that the contract underlying the invoices is conspiratorial and that Pilgrim's itself was a co-conspirator, making the invoices statements in furtherance of the conspiracy.  Docket No. 1272 at 8-9.  The government does not indicate why these exhibits were not listed on the original *James* log or claim that the exhibits became recently available to the government.  *See id.*  Accordingly, the Court will not allow the government to add these entries to the *James* log.   *See* Docket No. 1050 at 7 (denying government's motion to add new exhibits that were available to the government at the time of the *James* hearing).  This portion of the motion is denied.

## V.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the United States' Motion to Supplement *James* Log [Docket No. 1272] is **GRANTED in part** and **DENIED in part** and **RESERVED in part**. The government may add the following entries to the *James* log: Entry 101-S (Exhibit D-925); 102-S through 121-S; 126-S; 127-S; and 129-S through 139-S. The government may not add the following entries to the *James* log: Entries 245 (GX-1890, GX-1891); 140-S (GX-10048); 141-S (GX-10049); 142-S (GX- 10050); 143-S (GX-10051); 144-S (GX-10052); 145-S (GX-10053); 146-S (GX-10054). The Court reserves ruling on 122-S, 123-S, 124-S, 125-S, and 128-S.

DATED May 24, 2022.

BY THE COURT:

  s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge